Final Order No. DOH-08-0232-<u>S</u>-MQA
**FILED DATE -** 3·14·08
Department of Health

STATE OF FLORIDA
BOARD OF PSYCHOLOGY

By: _Rachel Brook_
Deputy Agency Clerk

DEPARTMENT OF HEALTH,

    Petitioner,

v.

                                                 DOH CASE NO.: 2004-33680
                                                 LICENSE NO.:  PY 2364

HARRY D. KROP, Ph.D.,

    Respondent.

_____/

## FINAL ORDER REJECTING STIPULATION AND ACCEPTING STIPULATED COUNTER TERMS

Harry D. Krop, Ph.D. (hereinafter "Respondent"), is licensed as a psychologist by the Board of Psychology (hereinafter "the Board").  Petitioner filed an Administrative Complaint against Respondent on or about August 7, 2006, a copy of which is attached hereto as Exhibit "A" and incorporated by reference into this Final Order, and the parties entered into a stipulated disposition.  On January 25, 2008, the Board of Psychology (hereinafter the "Board"), at its meeting in Orlando, Florida, voted to reject the stipulation, a copy of which is attached as Exhibit "B" and incorporated by reference into this Final Order, as an inadequate disposition in this case.  Respondent was present at the meeting and was represented by D. Gray Thomas, Esquire.  Petitioner was represented by Cynthia L. Jakeman, Assistant General Counsel.  The Board was represented by Mary Ellen Clark, Assistant Attorney General.

Upon consideration of the Administrative Complaint and the proposed Settlement Stipulation in this matter and being otherwise fully advised in the premises, the Board voted to REJECT the stipulation as an acceptable disposition of this case.  The Board voted to offer Respondent a Counterstipulation.  The terms of the Counterstipulation are embodied in this Final Order and consist of all the terms in the original stipulation, except where modified below:

1

1. Paragraph 2 of the Proposed Disposition - <u>COSTS</u>

The paragraph is amended to delete the following clause from the first sentence "not to exceed three thousand (3,000.00) dollars" and to provide that the actual amount of the costs Respondent shall reimburse the Board is three thousand thirty-nine dollars and eleven cents ($3,039.11).

2. Paragraph 3 of the Proposed Disposition - <u>CONTINUING EDUCATION</u>

The requirement for continuing education is deleted and this paragraph is replaced in its entirety with the following:

<u>FINE</u>: The Board shall impose an administrative fine of five thousand dollars ($5,000.00) against the license of Respondent.  Respondent acknowledges that the timely payment of the fine is Respondent's legal obligation and responsibility.  The fine shall be paid by check or money order to the Board of Psychology within thirty (30) days of the filing of the Final Order in this matter and sent to: Department of Health, HMQAMS/Client Services, P.O. Box 6320, Tallahassee, FL  32314-6320, Attn.: Psychology Compliance Officer.

3. Paragraph 13 is added to the Proposed Disposition as follows:

<u>REPRIMAND</u>: The Board shall reprimand the license of Respondent.

4. Paragraph 14 is added to the Proposed Disposition as follows:

<u>RESTITUTION</u>:   Respondent shall provide restitution in the amount of two thousand five hundred dollars ($2,500.00) to C.S.  The restitution shall be made by check or money order to C.S. within thirty (30) days of the filing of the Final Order in this matter and Respondent shall provide proof of having made the restitution to: Department of Health, HMQAMS/Client Services, P.O. Box 6320, Tallahassee, FL  32314-6320, Attn.: Psychology Compliance Officer.

Respondent accepted the Counterstipulation.  Wherefore, it is hereby **ORDERED AND ADJUDGED:**

2

1. The Counterstipulation is hereby approved and adopted in toto and incorporated herein by reference.

2. Respondent will adhere to and abide by all of the terms and conditions of the original Stipulation as modified by the Counterstipulation contained herein.

3. This Order shall be placed in and become a part of Respondent's official records and shall become effective upon filing with the agency Clerk.

**DONE AND ORDERED** this _____12_____ day of ___February___,

2008, by the Florida Board of Psychology.

**BOARD OF PSYCHOLOGY**

_Allen Hall_

Allen Hall, Acting Executive Director
*for* Herbert Goldstein, Ph.D., Chair

**NOTICE OF RIGHT TO APPEAL**

THIS ORDER CONSTITUTES FINAL AGENCY ACTION AND MAY BE APPEALED BY ANY PARTY PURSUANT TO SECTION 120.68, FLORIDA STATUTES, AND RULES 9.110 AND 9.190, FLORIDA RULES OF APPELLATE PROCEDURE , BY FILING A NOTICE OF APPEAL CONFORMING TO THE REQUIREMENTS OF RULE 9.110(D), FLORIDA RULES OF APPELLATE PROCEDURE, BOTH WITH THE APPROPRIATE DISTRICT COURT OF APPEAL, ACCOMPANIED BY THE APPROPRIATE FILING FEE, AND WITH THE DEPARTMENT'S CLERK OF AGENCY PROCEEDINGS, WITHIN THIRTY (30) DAYS OF RENDITION OF THIS ORDER.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Final Order has been provided by United States Mail to Harry D. Krop, Ph.D., 1212 N.W. 12th Avenue, Suite B, Gainesville, FL   32601-4195; D. Gray Thomas, Esquire, Sheppard, White, Thomas & Kachergus, P.A., 215 Washington Street, Jacksonville, FL   32202; and by interoffice mail to Cynthia Jakeman, Assistant General Counsel, Department of Health, Prosecutorial Services Unit, 4052 Bald Cypress Way, Bin C-65, Tallahassee, Florida 32399-3265; and Mary Ellen Clark, Assistant Attorney General, Office of the Attorney General, The Capitol, PL-01, Tallahassee, FL 32399-1050, this 14th day of February, 2008.

**Deputy Agency Clerk**

4

**STATE OF FLORIDA**
**DEPARTMENT OF HEALTH**

**DEPARTMENT OF HEALTH,**

**Petitioner,**

**v.**                                                                    **CASE NO. 2004-33680**

**HARRY D. KROP, Ph.D.,**

**Respondent.**

_____/

## ADMINISTRATIVE COMPLAINT

COMES NOW, Petitioner, Department of Health, by and through its undersigned counsel, and files this Administrative Complaint before the Board of Psychology against the Respondent, HARRY D. KROP, Ph.D., and in support thereof alleges:

1.      Petitioner is the state department charged with regulating the practice of psychology pursuant to Section 20.43, Florida Statutes; Chapter 456, Florida Statutes; and Chapter 490, Florida Statutes.

2.      At all times material to this Complaint, Respondent was a licensed psychologist within the state of Florida and was issued license number PY 2364 on March 11, 1982.

3.      Respondent's address of record is 1212 NW 12th Avenue, Suite B, Gainesville, Florida 32605.

4.      Respondent received an order to conduct a custody evaluation involving the complainant, C.S., her husband, Ch.S., and their two minor children, M.S. and S.S.

Exhibit "A"

1

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

5.     The evaluation commenced on or about September 12, 1999, and included interviews with the parents and their minor children, and psychological testing of the parents using the abbreviated MMPI-2 (items 1-370 out of 567) and the MCMI-III testing instruments.

6.     On or about January 31, 2000, Respondent provided the court with a written evaluation and opinion in which he recommended shared parental responsibility on the part of the parents, with Ch.S. serving as the primary residential custodian, but with residency shared relatively equally between the two parents.

7.     Respondent's evaluation is inequitable and unbalanced because much of the content of Respondent's report focused on C.S.'s history of depression and treatment; yet, Ch.S.'s past psychiatric treatment, though noted, was never explored in similar detail.

8.     Respondent's evaluation is inequitable and unbalanced because no developmental history for CS was provided, while considerable detail was provided for Ch.S.

9.     Respondent's evaluation is inequitable and unbalanced because a section reviewing C.S.'s description of her children's personalities was included, but there was no mention of a corresponding description by Ch.S.

10.     Respondent's evaluation is inequitable and unbalanced because medical history data were presented for Ch.S., but were not included for C.S. beyond her past emotional treatment.

2

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

11.     Respondent's evaluation is inequitable and unbalanced because C.S.'s MMPI-2 responses were computer scored and profiled using the NCS scoring service, while Ch.S.'s were hand scored and manually plotted.

12.     Respondent's evaluation is inequitable and unbalanced because Ch.S. communicated a visitation plan to Respondent just prior to Respondent's final report, and that visitation plan was very similar to the visitation plan recommended by Respondent.  There is no indication in Respondent's report that C.S. was approached to provide similar visitation preferences.

13.     Respondent's evaluation is inaccurate because Respondent's report referenced multiple home studies, when only a single visit was conducted.

14.     Respondent's evaluation is inaccurate because Respondent's report failed to indicate that a licensed mental health counselor completed the home study evaluation rather than the Respondent himself.  Respondent failed to identify that mental health counselor in Respondent's report.

15.     Respondent's evaluation is not thorough because the abbreviated MMPI-2 results indicated a Scale 6 T-score of 64 for Ch.S. and 63 for C.S.  T-scores between 55 and 64 raise interpretive questions related to anger, resentment, distrust, guardedness, and sensitivity.  Respondent did not use a testing instrument that would score Supplemental, additional Validity, Content, RC, Psy5, and other scales to provide greater insight into the basis of the elevated MMPI-2 Scale 6 T-scores.

16.     Respondent's evaluation is not thorough because the MCMI-III scores reported for Ch.S. on the MCMI-III Profile Report do not match the scores reported on

3

the MCMI-III hand-scoring profile for Personality Pattern scale 5 (Narcissism) or Sydrome Scale CC (Major Depression). The Hand-Scored Profile indicated a clinically significant elevation for Ch.S. on one of the same personality scales that was elevated for C.S. Neither the discrepancy nor the similarity in elevated personality scales was mentioned, discussed, or explained in the report.

17. Respondent's evaluation is not thorough because Respondent's report fails to identify methods, if any, that were used to assess the children other than observation. Respondent's billing ledger indicates that the children, ages 3 and 4 at the time of the evaluation, were seen by the Respondent for a single, 30-minute evaluative session devoted to observing the children separately from their parents.

18. Respondent's evaluation is not thorough because Respondent's report failed to include a discussion of how C.S.'s defensiveness and personality traits, which formed much of the basis for Respondent's opinion that primary custody should be granted to Ch.S., would negatively impact the children's welfare.

19. Respondent's evaluation is not thorough because Respondent failed to include a discussion of the potential effects of the alleged December 1999 incident of physical assault on C.S. by Ch.S. on the minor children, or to indicate how that incident was weighted in the overall custody decision.

20. Respondent's records of the evaluation do not document written informed consent from the parents Ch.S. and C.S.

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

21.    C.S. made repeated requests for case records beginning on or about May 8, 2003.  C.S.'s attempts to secure records continued until Respondent provided some records in October of 2003.

## COUNT ONE

22.    Petitioner realleges and incorporates paragraphs one (1) through twenty one (21) as if fully set forth herein.

23.    Section 490.009(2)(s), Florida Statutes (1999), provides that failing to meet the minimum standards of performance in professional activities when measured against generally prevailing peer performance, including the undertaking of activities for which the licensee is not qualified by training or experience, constitutes grounds for disciplinary action by the Board.

24.    The minimum standard of performance in professional activities requires that a custody and visitation evaluation conducted by a psychologist for the court be equitable and balanced, accurate, and thorough in its evaluation of the parents and the children.

25.    Respondent failed to meet the minimum standards of performance in professional activities when measured against generally prevailing peer performance by failing to perform an equitable and balanced, accurate, and thorough evaluation of the parents Ch.S. and C.S. and their two minor children.

26.    Based on the foregoing, Respondent violated Section 490.009(2)(s), Florida Statutes (1999), by failing to meet minimum standards of performance by failing

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

to conduct an equitable and balanced, accurate, and thorough custody and visitation evaluation for the court.

## COUNT TWO

27.    Petitioner realleges and incorporates paragraphs one (1) through twenty one (21) as if fully set forth herein.

28.    Section 490.009(2)(u), Florida Statutes (1999), provides that violating a rule relating to the regulation of the profession constitutes grounds for discipline by the Board.

29.    Rule 64B19-19.0025(2), Florida Administrative Code, provides that written informed consent must be obtained concerning all aspects of services including assessment and therapy.

30.    Respondent violated Rule 64B19-19.0025(2), Florida Administrative Code, because Respondent's records do not document written informed consent from parents Ch.S. and C.S.

31.    Based on the foregoing, Respondent violated Section 490.009(2)(u), Florida Statutes (1999) by violating Rule 64B19-19.0025(2), Florida Administrative Code, by failing to document written informed consent from the evaluation participants.

## COUNT THREE

32.    Petitioner realleges and incorporates paragraphs one (1) through twenty one (21) as if fully set forth herein.

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

33. Section 490.009(1)(w), Florida Statutes (2002, 2003), provides that violating any provision of this chapter or chapter 456, or any rules adopted pursuant thereto, constitutes an act for which disciplinary action may be taken.

34. Section 456.057(4), Florida Statutes (2002, 2003), provides that any health care practitioner licensed by the department or a board within the department who makes a physical or mental examination of, or administers treatment or dispenses legend drugs to, any person shall, upon request of such person or the person's legal representative, furnish, in a timely manner, without delays for legal review, copies of all reports and records relating to such examination or treatment, including X rays and insurance information. However, when a patient's psychiatric, chapter 490 psychological, or chapter 491 psychotherapeutic records are requested by the patient or the patient's legal representative, the health care practitioner may provide a report of examination and treatment in lieu of copies of records. Upon a patient's written request, complete copies of the patient's psychiatric records shall be provided directly to a subsequent treating psychiatrist. The furnishing of such report or copies shall not be conditioned upon payment of a fee for services rendered.

35. Rule 64B19-19.005(1), Florida Administrative Code, provides that any licensed psychologist who agrees to provide copies of psychological records to a service user, a service user's designee, or a service user's legal representative, shall be accorded a reasonable time, not to exceed thirty (30) days, to make final entries and copy the psychological records, and may condition release of the copies upon payment by the requesting party of the reasonable costs of reproducing the records.

7

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

36.     Rule 64B19-19.005(2), Florida Administrative Code, provides that any licensed psychologist who opts to issue a report rather than provide copies of psychological records to a service user, a service user's designee, or a service user's legal representative, shall issue the report within thirty (30) days of the request, and may charge a reasonable fee for the preparation of the report and may condition the issuance of the report upon payment of the reasonable fee.

37.     Respondent violated Section 456.057(4), Florida Statutes (2002, 2003) by failing to timely provide copies of therapy records or a summary report to therapy patient RS.

38.     Respondent violated Rule 64B19-19.005, Florida Administrative Code, by failing to provide copies of therapy records or a summary report to therapy patient R.S. within a reasonable time, not to exceed 30 days.

39.     Based on the foregoing, Respondent violated Section 490.009(1)(w), Florida Statutes (2002, 2003), by violating Section 456.057(4) Florida Statutes (2002, 2003) and Rule 64B19-19.005, Florida Administrative Code, by failing to timely provide copies or a summary of therapy records to C.S.

*The remainder of this page intentionally left blank.*

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

WHEREFORE, the Petitioner respectfully requests that the Board of Psychology enter an order imposing one or more of the following penalties: permanent revocation or suspension of Respondent's license, restriction of practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, corrective action and/or any other relief that the Board deems appropriate.

SIGNED this __7ᵗʰ__ day of __August__, 2006.

M. Rony François, M.D., M.S.P.H., Ph.D.
Secretary, Department of Health

FILED
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK·
DATE_____8/7/06

By: _____
Lynette Norr, Ph.D., J.D.
Assistant General Counsel
Florida Bar Number 0010717
Department of Health
Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65
Tallahassee, FL 32399-3265
(850) 245-4640 voice
(850) 245-4683 FAX

PCP Date:        June 27, 2006
PCP Members:     Rivas-Vazquez, Lewis

9

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

## NOTICE OF RIGHTS

Respondent has the right to request a hearing to be conducted in accordance with Section 120.569 and 120.57, Florida Statutes, to be represented by counsel or other qualified representative, to present evidence and argument, to call and cross-examine witnesses and to have subpoena and subpoena duces tecum issued on his or her behalf if a hearing is requested.

## NOTICE REGARDING ASSESSMENT OF COSTS

Respondent is placed on notice that Petitioner has incurred costs related to the investigation and prosecution of this matter. Pursuant to Section 456.072(4), Florida Statutes, the Board shall assess costs related to the investigation and prosecution of a disciplinary matter, which may include attorney hours and costs, on the Respondent in addition to any other discipline imposed.

10

Department of Health v. Harry D. Krop, Ph.D.
Case Number 2004-33680
J:\PSU\Allied Health\Lynette Norr\PSYCH\PCP 2006\2006-07\AC\

PRACTITIONER REGULATION
LEGAL

2007 NOV -1  PM 2: 18

## STATE OF FLORIDA
## DEPARTMENT OF HEALTH

DEPARTMENT OF HEALTH,

    Petitioner,

v.                                                          CASE NO. 2004-33680

HARRY D. KROP, Ph.D.,

    Respondent.

_____/

## SETTLEMENT STIPULATION

Pursuant to Section 120.57(4), Florida Statutes, the above named parties hereby offer this Stipulation to the Board of Psychology (hereinafter "Board") as disposition of the Administrative Complaint filed in this cause and incorporated herein by reference, in lieu of any other administrative proceedings. The terms herein become effective only if and when a Final Order accepting this Stipulation is issued by the Board and filed. If this Stipulation is rejected, it, and its presentation to the Board, shall not be used against either party.

## STIPULATED FACTS

1.      Respondent is and has been at all times material hereto a licensed psychologist within the state of Florida and was issued license number PY 2364 on March 11, 1982. Respondent's address of record is 1212 N.W. 12th Ave., Ste. B, Gainesville, Florida 32601-4195.

*Exhibit "B"*

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised 08.17.07

Page 1 Initialed by Respondent: H/C

2.      Respondent was charged by an Administrative Complaint, filed by the Department of Health (hereinafter "Department") and properly served upon Respondent with violations of Chapters 456 and 490, Florida Statutes.  A true and correct copy of the Administrative Complaint is attached hereto and incorporated by reference as Exhibit "A".

3.      Respondent neither admits nor denies the factual allegations in the Administrative Complaint and is entering into this Stipulation for the purpose of settlement in these administrative proceedings only.

## STIPULATED LAW

1.      Respondent admits that, in Respondent's capacity as a licensed psychologist, Respondent is subject to the provisions of Chapters 456 and 490, Florida Statutes, and the jurisdiction of the Department of Health and the Board.

2.      Respondent admits that the stipulated facts, if proven true, constitute violations of laws as alleged in the Administrative Complaint.

3.      Respondent admits that the Stipulation is a fair, appropriate, and reasonable resolution to this pending matter.

## PROPOSED DISPOSITION

1.      **APPEARANCE**: Respondent shall be present when this Stipulation is presented by the Department to the Board and under oath shall answer questions by the Board concerning this case and the disposition thereof.

2.      **COSTS**: Respondent agrees to reimburse the Department actual costs associated with the investigation and prosecution of this matter as allowed by law,

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised 08.17.07

Page 2 Initialed by Respondent: HK

including costs assessed by the Division of Administrative Hearings, if applicable, and by the Board of Psychology office, not to exceed three thousand (3,000.00) dollars. The costs of investigation and prosecution are two thousand eight hundred seventy two dollars and five cents ($2,872.05). Respondent shall pay the actual costs to the Board of Psychology **within 60 days of the filing of the Final Order** in this matter. RESPONDENT ACKNOWLEDGES THAT THE TIMELY PAYMENT OF THE COSTS IS RESPONDENT'S LEGAL OBLIGATION AND RESPONSIBILITY, AND RESPONDENT AGREES TO CEASE PRACTICING IF THE COSTS ARE NOT PAID AS AGREED TO IN THIS STIPULATION. (See Appendix A of this Settlement Stipulation for Board address and standard terms.)

3. CONTINUING EDUCATION. Probationer shall successfully complete and report to the Board twelve (12) additional hours of continuing education units covering Florida laws and rules governing the practice of psychology within one (1) year of the filing of the Final Order in this matter. These continuing education hours shall be in addition to the continuing education hours normally required for renewal of Respondent's license. Home study courses will not be accepted to satisfy this probation requirement unless prior written approval is given by the Board. Respondent shall submit verification of Respondent's successful completion and documentation of course content to the Compliance Officer at the address referenced in Appendix A. In the event that the area or areas of continuing education as determined by the Board are unavailable within the set time, Respondent agrees to notify the Board of the problem prior to the annual deadlines for compliance with the continuing education requirement.

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised 08.17.07

Page 3 Initialed by Respondent: _HK_

4. <u>FUTURE PRACTICE</u>:   Respondent agrees that he shall not practice in the area of child custody evaluations/determination in the future.

5. <u>COMPLIANCE WITH STATUTES</u>.  Respondent shall practice psychology in a manner that is in full compliance with chapters 456 and 490, Florida Statutes, and with the Rules promulgated pursuant thereto.

6. Respondent shall not in the future violate Chapters 456 and 490, Florida Statutes, the rules promulgated pursuant thereto, or any other state or federal law, rule, or regulation relating to the practice or to the ability to engage in the practice of psychology.

7. It is expressly understood that a violation of the terms of this Stipulation shall be considered a violation of a Final Order of the Board, for which disciplinary action may be initiated pursuant to Chapters 456 and 490, Florida Statutes.

8. It is expressly understood that this Stipulation is subject to approval of the Board and the Department, and has no force or effect until the Board bases an Order upon it.

9. Respondent, for the purpose of avoiding further administrative action with respect to this particular case, executes this Stipulation.  In this regard, Respondent authorizes the Board to review and examine all investigative file materials concerning Respondent prior to or in conjunction with consideration of this Stipulation.  Respondent agrees to support this Stipulation at the time it is presented to the Board and shall offer no evidence, testimony, or argument that disputes or contravenes any stipulated fact or conclusion of law.  Furthermore, should this Stipulation not be accepted by the Board, it is agreed that the presentation and consideration of this Stipulation and other

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised 08.17.07

Page 4 Initialed by Respondent: HIC

documents and matters by the Board shall not unfairly or illegally prejudice the Board or any of its members from further participation, consideration or resolution of these proceedings.

10. Respondent and the Department fully understand that this Stipulation and subsequent Final Order incorporating same will in no way preclude additional proceedings by the Board and/or Department of Health against the Respondent for acts or omissions not specifically set forth in the Administrative Complaint, attached hereto as Exhibit "A", issued in this cause.

11. Respondent waives the right to seek attorneys' fees and/or costs from the Department of Health in connection with this disciplinary proceeding.

12. Upon the Board's adoption of this Stipulation, Respondent expressly waives all further procedural steps, and expressly waives all rights to seek judicial review of or to otherwise challenge or contest the validity of this Stipulation and the Final Order of the Board incorporating said Stipulation.

WHEREFORE, the parties hereby request the Board to enter a Final Order accepting and implementing the terms contained herein.

SIGNED this __31__ day of __October_____, 2007.

_____
Harry D. Krop, Ph.D.
Case number 2004-33680

STATE OF FLORIDA
COUNTY OF Clay_____

Before me personally appeared Harry D. Krop, Ph.D., whose identity is known to me or by __✓__ personal knowledge or by presentation of _____ as

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised 08.17.07

Page 5 Initialed by Respondent: __HK__

identification (type of identification), and who acknowledges that his signature appears above.

Sworn to or affirmed before me this 3l day of October , 2007.

Jaime Manion
My Commission DD325856
Expires June 03, 2008

Notary Public
My Commission Expires:

APPROVED this 18th day of December , 2007.

Ana M. Viamonte Ros, M.D., M.P.H.,
State Surgeon General

By: _____

Cynthia L. Jakeman
Assistant General Counsel
Department of Health
Prosecution Services Unit
4052 Bald Cypress Way, Bin #C-65
Tallahassee, FL 32399-3265
(850) 245-4640 ext. 8133
Fax: (850) 245-4682
Florida Bar No. 0714690

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised 08.17.07

Page 6 Initialed by Respondent: HK

## APPENDIX A

## STANDARD TERMS APPLICABLE TO STIPULATIONS

The following are the standard terms applicable to all stipulations, including supervision and monitoring provisions applicable to licensees on probation.

A.   PAYMENT OF FINES.   Unless otherwise directed by the stipulation, all fines shall be paid by check or money order and sent to the Board address set forth in paragraph E, below.   The Board office does not have the authority to change the terms of payment of any fine imposed by the Board.

B.   COMMUNITY SERVICE AND CONTINUING EDUCATION UNITS.   Unless otherwise directed by the stipulation, all community service requirements, continuing education units/courses must be completed, and documentation of such completion submitted to the Board of Psychology at the address set forth below in paragraph E, **WITHIN ONE YEAR OF THE DATE OF THE FINAL ORDER.**

C.   ADDRESSES.   Respondent must keep current residence and practice addresses on file with the Board.   Respondent shall notify the Board within ten (10) days of any changes of said addresses.   Furthermore, if the Respondent's license is on probation, the Respondent shall notify the Board within ten (10) days in the event that Respondent leaves the active practice of psychology in Florida.

D.   COSTS.   Pursuant to Section 456.072(4), Florida Statutes, the Respondent shall pay all costs necessary to comply with the terms of this Stipulation.   Such costs include, but are not limited to, the costs of preparation of Investigative Reports detailing

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised August 17, 2006

Page 1 Initialed by Respondent: __HK__

compliance with the terms of the Stipulation, obtaining supervision or monitoring of the practice, the cost of quality assurance reviews, and the Board's administrative costs directly associated with Respondent's probation.

E. <u>BOARD ADDRESS.</u> Unless otherwise directed by the Board office, all fines and costs shall be sent to: **Department of Health, HMQAMS/Client Services, P.O. Box 6320, Tallahassee, Florida 32314-6320, Attn.: Psychology Compliance Officer.** Unless otherwise directed by the Board office, all other correspondence shall be sent to: **Department of Health, HMQAMS/Client Services/Bin #C01, 4052 Bald Cypress Way, Tallahassee, Florida 32399-3251, Attn.: Psychology Compliance Officer.**

F. <u>PROBATION TERMS.</u> If probation was imposed by the Final Order of the Board, the following provisions are applicable.

1. <u>DEFINITIONS:</u>

a. <u>INDIRECT SUPERVISION</u> is supervision by a monitoring psychologist (monitor) whose responsibilities are set by the Board. Indirect supervision does not require that the monitor practice on the same premises as the Respondent, however, the monitor shall practice within a reasonable geographic proximity to Respondent, which shall be within 20 miles unless otherwise provided by the Board and shall be readily available for consultation. The monitor shall practice in the Respondent's specialty area unless otherwise provided by the Board.

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised August 17, 2006

Page 2 Initialed by Respondent: _HK_

b. <u>DIRECT SUPERVISION</u> is supervision by a supervising psychologist (supervisor) whose responsibilities are set by the Board.  Direct supervision requires that the supervisor and Respondent work in the same office.  The supervising psychologist shall practice in the Respondent's specialty area unless otherwise provided by the Board.

2. <u>REQUIRED SUPERVISION.</u>

a. If the terms of the stipulation include indirect monitoring of the licensee's practice (MONITORING) or direct monitoring of the licensee's practice (SUPERVISION), the Respondent shall not practice psychology without an approved monitor/supervisor, as specified by the Stipulation, unless otherwise ordered by the Board.

b. The monitor/supervisor must be a licensee under Chapter 490, Florida Statutes, in good standing and without restriction or limitation on his license.  In addition, the Board may reject any proposed monitor/supervisor on the basis that he has previously been subject to any disciplinary action against his psychology license in this or any other jurisdiction, is currently under investigation, or is the subject of a pending disciplinary action.  The monitor/supervisor must be actively engaged in the same or similar specialty area unless otherwise provided by the Board and be practicing within a reasonable distance of the Respondent's practice, a distance of no more than twenty (20) miles unless otherwise specifically

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised August 17, 2006

Page 3 Initialed by Respondent: _HK___

provided for in the stipulation. The Board may also reject any proposed monitor/supervisor for good cause shown.

3.     <u>CONTINUITY OF PRACTICE</u>

a.     <u>TOLLING PROVISIONS</u>. In the event the Respondent leaves the State of Florida for a period of thirty days or more or otherwise does not engage in the active practice of psychology in the State of Florida, then certain provisions of Respondent's probation (and only those provisions of the probation) shall be tolled as enumerated below and shall remain in a tolled status until Respondent returns to active practice in the State of Florida:

i.     The time period of probation shall be tolled.

ii.     The provisions regarding supervision whether direct or indirect by another psychologist and required reports from the monitor/supervisor shall be tolled.

iii.     The provisions regarding preparation of investigative reports detailing compliance with this Stipulation shall be tolled.

iv.     Any provisions regarding community service shall be tolled.

b.     <u>ACTIVE PRACTICE</u>. In the event that Respondent leaves the active practice of psychology for a period of one year or more, the Board may require Respondent to appear before the Board and demonstrate his ability to practice psychology with skill and safety to patients prior to resuming the practice of psychology in this State.

DOH v. Harry D. Krop, Ph.D.
2004-33680
Revised August 17, 2006

Page 4 Initialed by Respondent: __HK__