UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

07-60004-CR-ZLOCH/ROSENBAUM

THE UNITED STATES OF AMERICA, )
                              )
           PLAINTIFF,         )
                              )
      VS.                     )
                              )
CARLOS RODRIGUEZ,             )          THIS VOLUME:
                              )          PAGES 1 - 13
           DEFENDANT.         )
_____)

          TRANSCRIPT OF RULE 35 MOTION FOR SENTENCE REDUCTION
HAD BEFORE THE HONORABLE WILLIAM J. ZLOCH, IN FORT LAUDERDALE,
BROWARD COUNTY, FLORIDA, ON WEDNESDAY, JULY 15, 2009, IN THE
ABOVE-STYLED MATTER.

APPEARANCES:
FOR THE GOVERNMENT:    J. STEPHEN CARLTON, A.U.S.A.
                       500 S. AUSTRALIAN AVE., SUITE 400
                       WEST PALM BEACH, FL 33401
                       561 820-8711

FOR THE DEFENDANT:     PATRICK M. HUNT, A.F.P.D.
                       150 W. FLAGLER STREET, SUITE 1500

                       MIAMI, FL 33130 - 305 536-6900

CARL SCHANZLEH

OFFICIAL COURT REPORTER

U. S. COURTHOUSE

299 E. BROWARD BLVD., 202B

FORT LAUDERDALE, FLORIDA 33301

954 769-5488

(FORT LAUDERDALE, BROWARD COUNTY, FLORIDA;  WEDNESDAY, JULY 15, 2009, IN OPEN COURT.)

THE COURT:  GOOD MORNING.  PLEASE BE SEATED.

CALLING CASE NUMBER 07-60004-CRIMINAL, UNITED STATES OF AMERICA VERSUS CARLOS RODRIGUEZ.

COUNSEL, WOULD YOU NOTE YOUR APPEARANCES.

MR. CARLTON:  GOOD MORNING, YOUR HONOR.  FOR THE UNITED STATES, ASSISTANT U.S. ATTORNEY, STEVE CARLTON STANDING IN FOR JOANNE FINE.  WITH ME AT COUNSEL TABLE IS DAVID WEEKS THE CASE AGENT FROM THE DEA.

THE COURT:  GOOD MORNING.

MR. HUNT:  GOOD MORNING, YOUR HONOR.  PATRICK HUNT ON BEHALF OF CARLOS RODRIGUEZ WHO IS PRESENT.

THE COURT:  GOOD MORNING.

LET THE RECORD REFLECT THAT CARLOS RODRIGUEZ IS PRESENT AND IN THE COURTROOM.

EXCUSE ME FOR JUST A MINUTE.

CAN I HAVE THE REPRESENTATIVE FROM THE PROBATION OFFICE NOTE HER APPEARANCE.

THE PROBATION OFFICER:  GOOD MORNING, YOUR HONOR. ALMA MARTINEZ ON BEHALF OF PROBATION.

THE COURT:  GOOD MORNING.

WE ARE HERE PURSUANT TO THE GOVERNMENT'S MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO RULE 35, DOCKET ENTRY NUMBER 64 IN THE COURT FILE.  I WILL HEAR FROM THE GOVERNMENT ON THE

MOTION AND THEN FROM THE DEFENSE.

MR. CARLTON: THANK YOU, YOUR HONOR.

IN THIS CASE THE GOVERNMENT FILED THIS MOTION AS A RESULT OF THE DEFENDANT'S POST-CONVICTION SUBSTANTIAL ASSISTANCE TO THE UNITED STATES IN ANOTHER CASE.

THE PROCEDURAL POSTURE OF THE CASE IS THAT ON MARCH 15TH OF 2007 THIS DEFENDANT HAD PLED GUILTY TO CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE FIVE OR MORE KILOGRAMS OF COCAINE HYDROCHLORIDE IN VIOLATION OF TITLE 21, USC, SECTION 846. ON MAY 25TH OF 2007 YOUR HONOR SENTENCED THIS DEFENDANT TO A TERM OF 78 MONTHS IMPRISONMENT.

AT THE TIME OF THAT SENTENCE THE DEFENDANT WAS NOT THE BENEFICIARY OF ANY SUBSTANTIAL ASSISTANCE FILING ON BEHALF OF THE UNITED STATES. AFTER HE WAS SENTENCED THE DEFENDANT DID PROVIDE POST-SENTENCE ASSISTANCE, THE NATURE OF THAT ASSISTANCE IS THE FOLLOWING.

I WAS INVOLVED ALONG WITH ASSISTANT -- FORMER ASSISTANT U.S. ATTORNEY JOHN KASTRENAKES IN PALM BEACH COUNTY IN A MULTIDEFENDANT TRIAL INVOLVING A QUADRUPLE HOMICIDE OF THE FAMILY OF JOSE LOUIS ESCOBIDO, HIS WIFE, AND TWO YOUNG CHILDREN WHO WERE FOUND MURDERED IN SAINT LUCIE COUNTY IN OCTOBER OF 2006. VARIOUS INDIVIDUALS WERE CHARGED IN CONNECTION WITH THOSE HOMICIDES AND DRUG RELATED COUNT AND THE --

THE COURT: ARE THESE THE HOMICIDES THAT WERE ON THE TURNPIKE?

MR. CARLTON: YES, YOUR HONOR.

THE COURT: OKAY.

MR. CARLTON: THE ENTIRE FAMILY HAD BEEN MURDERED. THIS DEFENDANT -- IT CAME TO OUR ATTENTION THROUGH OTHER PERSONS THAT THIS DEFENDANT DURING THE PRETRIAL PREPARATION PHASE OF THE CASE THAT I WILL REFER TO AS THE TURNPIKE HOMICIDE CASE HAD BEEN INCARCERATED DOWN AT FDC WITH AN INDIVIDUAL WHO HAD BEEN CHARGED IN THE TURNPIKE HOMICIDES. HIS NAME WAS DANIEL TROYA.

AS A RESULT OF THAT JOINT INCARCERATION WITH MR. TROYA, MR. RODRIGUEZ OVERHEARD A CONFESSION BY MR. TROYA IN THE PRESENCE OF OTHERS. IT IS IMPORTANT TO NOTE THAT MR. RODRIGUEZ DID NOT COME TO THE UNITED STATES WITH THIS INFORMATION. WE FOUND HIM. WE INDEPENDENTLY INVESTIGATED THE NATURE OF THE STATEMENT AND THE CIRCUMSTANCES UNDER WHICH THE STATEMENT WAS GIVEN, DETERMINED INDEPENDENTLY THAT THE STATEMENT THAT MR. RODRIGUEZ WOULD MAKE CONCERNING WHAT HE HAD OVERHEARD WAS INDEED CREDIBLE BUT SUBSTANTIATED BY INDEPENDENT EVIDENCE NOT KNOWN TO THIS DEFENDANT.

WE DID LOCATE HIM AND ASKED HIM IF HE IN FACT HAD HEARD A STATEMENT BY DANIEL TROYA. HE PROVIDED THE DETAILS OF THAT DURING THE PREPARATION PHASE OF THE TRIAL AND THEN ACTUALLY TESTIFIED DURING THE TRIAL EARLIER THIS YEAR AGAINST DANIEL TROYA.

HE HAS NEVER EITHER THROUGH COUNSEL OR INDEPENDENTLY

BY HIMSELF ASKED FOR ANY SPECIFIC BENEFIT FROM THE UNITED STATES, AS FAR AS WHAT WE COULD DO FOR HIM OR ANY SPECIFIC BENEFIT HE MIGHT RECEIVE FOR TESTIMONY. THAT'S BEEN CONSISTENT UP UNTIL TODAY.

THE GOVERNMENT BELIEVES THAT THE TESTIMONY WAS CREDIBLE AND IMPORTANT TO THE JURY'S RETURN OF GUILTY VERDICTS ON ALL COUNTS AGAINST ALL DEFENDANTS IN THAT CASE. THE DEFENDANT WHOM -- AGAINST WHOM CARLOS RODRIGUEZ TESTIFIED, DANIEL TROYA, WAS NOT ONLY CONVICTED OF FOUR SEPARATE COUNTS OF HOMICIDE AGAINST EACH OF THE FAMILY MEMBERS BUT WAS ALSO SENTENCED -- FOUND BY A BINDING JURY RECOMMENDATION FOR A SENTENCE OF DEATH AS TO THE MURDER OF TWO LITTLE CHILDREN, AND HE WAS IN FACT -- A SENTENCE OF DEATH WAS IMPOSED ON TWO SEPARATE COUNTS AGAINST MR. TROYA FOR THE MURDER OF THOSE TWO LITTLE CHILDREN.

AS A RESULT OF THAT, THE UNITED STATES DETERMINED THAT THIS ASSISTANCE WAS IN FACT SUBSTANTIAL AS THAT TERM IS USED IN THE LAW. WE BELIEVE IT WAS IMPORTANT TO THE INVESTIGATION AND PROSECUTION OF OTHER PERSONS IN A VERY SIGNIFICANT CASE, AND FOR THAT REASON WE ARE REQUESTING THAT THE COURT GRANT OUR RULE 35 MOTION AND REDUCE THE DEFENDANT'S SENTENCE BY 20 MONTHS, WHICH REDUCTION WOULD REPRESENT A 25 PERCENT REDUCTION TO A NEW TOTAL TERM OF IMPRISONMENT OF 58 MONTHS TO REFLECT HIS SUBSTANTIAL ASSISTANCE IN THE INVESTIGATION AND PROSECUTION OF OTHER PERSONS.

THANK YOU.

THE COURT: ALL RIGHT. THANK YOU.

MR. HUNT.

MR. HUNT: THANK YOU, JUDGE.

YOUR HONOR, AS ALWAYS, IN A RULE 35 POSTURE WE ARE GRATEFUL TO THE GOVERNMENT FOR COMING FORWARD WITH A MOTION AND FOR A RECOMMENDATION. WITHOUT THEM WE WOULDN'T BE HERE. WE COULD NOT ON OUR OWN COME AND ASK YOU FOR A REDUCTION. SO I WANT TO THANK MR. CARLTON AND THE U.S. ATTORNEYS OFFICE FOR THE RECOMMENDATION.

AS YOU KNOW, YOU ARE NOT BOUND BY THAT RECOMMENDATION. YOU CAN GIVE LESS, YOU CAN GIVE MORE. I JUST WANT TO HIGHLIGHT A COUPLE OF POINTS IN HOPES THAT YOU WILL AT LEAST GIVE CARLOS THE BENEFIT OF WHAT THE GOVERNMENT IS ASKING AND POSSIBLY SHOW A LITTLE MORE LENIENCY.

FIRST WITH RESPECT TO THE UNDERLYING CASE, HE DID NOT RECEIVE ANY CREDIT FOR SUBSTANTIAL ASSISTANCE BUT HE DID COOPERATE. I ATTENDED AT LEAST ONE, MAYBE TWO DEBRIEFINGS WITH HIM DOWN AT THE BROWARD COUNTY JAIL WHERE HE TALKED ABOUT HIS SOURCE. SUBSEQUENT TO THAT THE SOURCE WAS ACTUALLY ARRESTED AND PROSECUTED BASED ON OTHER CRIMES. CARLOS' TESTIMONY AND COOPERATION WAS NOT NEEDED IN THAT CASE AND HE DID NOT GET ANY CREDIT FOR THAT. AND, SO WE DID NOT PUSH THE ISSUE. WE DIDN'T -- YOU KNOW, WE ACCEPTED THE GOVERNMENT'S REPRESENTATION THAT IT DID NOT RISE TO THE LEVEL. BUT NOW THAT WE ARE HERE ON A

SEPARATE MOTION I THINK YOU CAN CONSIDER THAT AS WELL.

WITH RESPECT TO THE TURNPIKE MURDERS.  I AGREE WITH EVERYTHING MR. CARLTON SAID, AND IT IS SOMETHING THAT CARLOS DIDN'T GO LOOKING FOR.  IT IS SOMETHING THAT FOUND HIM.

HIS ROOMMATE OR PEOPLE -- SOMEONE HE WAS HOUSED WITH, MR. TROYA, A VERY DANGEROUS, VIOLENT MAN, I GUESS ESSENTIALLY BRAGGING WHAT HE HAD DONE AND CARLOS OVERHEARD THAT.  HE DIDN'T GO LOOKING AS SOME CLIENTS DO.  HE DIDN'T GO LOOKING TO TRY TO GET A SENTENCE REDUCTION BASED ON SOMETHING HE OVERHEARD, BUT WHEN HE WAS APPROACHED HE DIDN'T HESITATE TO DO IT.

IN ADDITION TO WHAT MR. CARLTON SAID, I WANT -- YOU KNOW, I GOT AN E-MAIL FROM JOHN KASTRENAKES WHO PRINCIPALLY WORKED WITH CARLOS AND IS NO LONGER IN THE U.S. ATTORNEY'S OFFICE, I THINK HE IS ON THE STATE COURT BENCH NOW.  BUT HE SAID TO ME IN AN E-MAIL, "I WAS VERY IMPRESSED WITH CARLOS. HIS CREDIBILITY AND DEMEANOR WERE OUTSTANDING, AND HE NEVER ONCE MENTIONED A SENTENCE REDUCTION TO ME WHICH IS QUITE UNUSUAL IN AND OF ITSELF."

SO BOTH PROSECUTORS ARE ECHOING THAT FACTOR THAT CARLOS DIDN'T DO THIS TO TRY TO GET A BENEFIT, HE DID IT BECAUSE HE HAD THE INFORMATION AND HE DID IT BECAUSE IT WAS RIGHT.  WITH RESPECT TO THE PEOPLE HE TESTIFIED AGAINST, I DON'T THINK YOU CAN OVERSTATE HOW DANGEROUS THEY WERE.  AS YOUR HONOR I'M SURE KNOWS, THIS IS THE ONLY DEATH PENALTY THAT'S BEEN IMPOSED IN THE FEDERAL SYSTEM IN THE STATE OF FLORIDA

SINCE THE FEDERAL DEATH PENALTY RETURNED.

THE COURT: I WAS WONDERING ABOUT THAT. IT IS THE FIRST IN THE FEDERAL SYSTEM?

MR. HUNT: IT IS THE FIRST IN FLORIDA IN THE FEDERAL SYSTEM.

THE COURT: IN FLORIDA.

MR. HUNT: I DONT THINK IT'S THE FIRST NATIONWIDE, BUT THE FIRST IN FLORIDA, AND -- YOU KNOW, IF YOU DO BELIEVE THAT THE DEATH PENALTY IS APPROPRIATE PUNISHMENT THIS IS A CASE WHERE IT WAS RICHLY DESERVED. JUDGE HURLEY, WHEN HE SENTENCED THESE INDIVIDUALS SAID THAT THEY WERE LIVING IN A SCARFACE FANTASY BY ENGAGING IN SOME OF THE MOST VIOLENT AND ANTISOCIAL CONDUCT ONE CAN CONTEMPLATE.

I THINK MR. CARLTON, ACCORDING TO THE SUN-SENTINEL, SAID THAT THIS WAS -- THE VIOLENCE AND SAVAGERY OF THESE CRIMES WAS UNPARALLELED IN HIS CAREER. I WASN'T THERE FOR THE TESTIMONY, BUT I DID FOLLOW IT IN THE NEWSPAPER AND THEY ARE VERY DANGEROUS PEOPLE.

IN ADDITION TO SIMPLY TESTIFYING THERE WAS AN OCCASION THAT MR. CARLTON I KNOW WAS AWARE OF PRIOR TO HIS TESTIMONY, AND THIS IS THROUGH NO FAULT OF THE U.S. ATTORNEY'S OR THE MARSHALS, BUT UP IN THE PALM BEACH COUNTY JAIL WHEN CARLOS WAS BEING PREPPED TO COME INTO COURT THEY PUT HIM IN ONE CORNER OF THE DAY ROOM AND THEY PUT MR. TROYA AND HIS CODEFENDANTS IN THE SAME ROOM WITH HIM.

MR. TROYA RECOGNIZED CARLOS, LOOKED AT HIS WRIST BAND, SAID, "I KNOW YOU.  I KNOW WHO YOU ARE," AND TROYA SAID TO CARLOS, "DON'T WORRY.  I HAVE HIS NAME.  I WILL BE TAKING CARE OF HIM.  YOU DON'T HAVE TO WORRY ABOUT HIM."

SO FREQUENTLY WE COME BEFORE A COURT AND TALK ABOUT THE GREAT RISK THAT A CLIENT HAS TAKEN IN TESTIFYING.  THIS WAS MORE THAN THAT.  THIS WAS CARLOS BEING IN THE SAME ROOM WITH A MURDERER AND BEING TOLD HE WILL BE TAKEN CARE OF.

YOU KNOW, OF COURSE, I IMMEDIATELY BROUGHT THAT TO THE ATTENTION OF THE U.S. ATTORNEY AND THE AGENTS AND IT WAS TAKEN CARE OF.  NOTHING LIKE THAT HAPPENED AGAIN.  BUT THE OVERALL POINT IS, THIS IS SOMETHING THAT CARLOS DIDN'T GO LOOKING FOR.  BUT WHEN HE CAME INTO POSSESSION OF VALUABLE EVIDENCE IN A VERY IMPORTANT CASE HE DIDN'T SHRINK FROM THE OBLIGATION AND HE DIDN'T COME IN TO THE U.S. ATTORNEY'S OFFICE AND SAY, "WHAT'S IN IT FOR ME?"  AND WHEN HE ENDED UP, YOU KNOW, BASICALLY STARING DEATH IN THE EYE HE DIDN'T SHRINK FROM IT.  HE WENT FORWARD AND FULFILLED HIS OBLIGATION AND TESTIFIED TRUTHFULLY AND HONESTLY.

THE FINAL THING I WANT YOUR HONOR TO CONSIDER IS, IT'S BEEN CLOSE TO THREE YEARS SINCE HE WAS ARRESTED.  IT'S BEEN I GUESS TWO AND A HALF SINCE HE WAS HERE FOR SENTENCING.  SINCE THAT TIME HE'S BEEN PRETTY MUCH A MODEL PRISONER.  HE HAS BEEN STUDYING FOR HIS GED.  THE ONLY REASON HE HASN'T COMPLETED IT IS BECAUSE OF THE TRANSFER BACK AND FORTH BECAUSE OF THIS CASE.

HE DID GET A CERTIFICATE FROM MONEY MANAGEMENT THAT HE SENT TO ME.  HE IS STUDYING ENGLISH, WHICH AS YOU CAN SEE HE IS HERE WITHOUT AN INTERPRETER.  HE HAS ALWAYS SPOKEN PRETTY GOOD ENGLISH, BUT NOW HE HAS NO NEED AT ALL FOR AN INTERPRETER.  SO HE HAS BEEN DOING WHAT WE ALWAYS COUNSEL OUR CLIENTS TO DO, BETTER  THEMSELVES WHILE THEY ARE IN THE PRISON, TRY TO MAKE A POSITIVE OUT OF A NEGATIVE, AND FINALLY -- AND NO DISCIPLINARY PROBLEMS AT ALL.

FINALLY, TWO AND A HALF YEARS AGO HIS WIFE CHARLINE WAS BY HIS SIDE.  THEY HAVE TWO CHILDREN WHO ARE NOW 14 AND FIVE.  CHARLINE IS HERE AGAIN TODAY TO SHOW HER CONTINUING AND UNWAVERING SUPPORT FOR CARLOS.

IN SUM, JUDGE, WE ARE GRATEFUL FOR THE RECOMMENDATION AND WE SIMPLY WANTED TO RAISE THOSE POINTS, AND IF YOU CAN FIND IT IN YOUR HEART TO GIVE HIM A LITTLE BIT MORE WE WOULD GREATLY APPRECIATE IT.

THE COURT:  ALL RIGHT.  THANK YOU.

HOW STRONG WAS THE GOVERNMENT'S CASE WITHOUT MR. RODRIGUEZ IF THERE HAD BEEN NO JAILHOUSE CONFESSION?

MR. CARLTON:  MR. RODRIGUEZ WAS THE ONLY INDIVIDUAL WHO HAD DIRECT KNOWLEDGE OF A STATEMENT MADE BY THE DEFENDANT ACTUALLY PLACING HIM AT THE SCENE OF HURTING CHILDREN.

WE HAD CIRCUMSTANTIAL EVIDENCE WITH REGARD TO SOME PHONE -- CELLULAR TOWER PHONES THAT WERE TRACKING, BUT THERE WAS NO FORENSIC EVIDENCE AT THE SCENE OF THE CRIME THAT TIED

DANIEL TROYA OR RICARDO SANCHEZ TO THESE KILLINGS.  THERE WAS NO EYEWITNESS.  ALL THE WITNESSES HAD BEEN ELIMINATED.

HIS TESTIMONY COUPLED WITH THE CIRCUMSTANTIAL EVIDENCE, FROM THE GOVERNMENT'S PERSPECTIVE, TIPPED THE SCALES IN A FAIRLY HEINOUS CASE.  SO I DON'T WANT TO -- WE HAD CIRCUMSTANTIAL EVIDENCE, BUT DIRECT EVIDENCE OF THE TYPE THAT HE HAD WAS ABSOLUTELY IMPORTANT TO THE CASE.

THE COURT:  THANK YOU.

THE COURT WILL GRANT THE GOVERNMENT'S MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.  THAT MOTION IS DOCKET ENTRY NUMBER 64 IN THE COURT FILE.  THE COURT FINDS THAT MR. RODRIGUEZ HAS RENDERED SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT, AND THE GOVERNMENT CONCEDES THAT POINT.

ACCORDINGLY, MR. RODRIGUEZ'S SENTENCE IS HEREBY REDUCED TO A TERM OF 39 MONTHS CUSTODY OF THE UNITED STATES BUREAU OF PRISONS AS TO COUNT ONE OF THE INDICTMENT.

THE TERM OF SUPERVISED RELEASE AND ALL THE CONDITIONS ATTENDANT THERETO IS REIMPOSED AT THIS TIME -- THE SAME TERM OF SUPERVISED RELEASE AND THE CONDITIONS ATTENDANT THERETO ARE REIMPOSED AT THIS POINT IN TIME.

MADAM PROBATION OFFICER, HAS THE SPECIAL ASSESSMENT BEEN PAID, IF YOU KNOW?

THE PROBATION OFFICER:  YES, IT WAS, YOUR HONOR.  IT WAS PAID ON MAY 25TH, 2007.

THE COURT:  ALL RIGHT.  DOES THAT COVER EVERYTHING, MADAM PROBATION OFFICER?

THE PROBATION OFFICER:  YES, IT DOES, YOUR HONOR.

THE COURT:  AND THE TERM OF SUPERVISED RELEASE, WHICH IS THREE YEARS, TOGETHER WITH ALL OF THE STANDARD CONDITIONS AND SPECIAL CONDITIONS THAT WERE PREVIOUSLY IMPOSED ARE REIMPOSED AT THIS POINT IN TIME.

ANYTHING ELSE FROM THE GOVERNMENT?

MR. CARLTON:  NO, YOUR HONOR.

THE COURT:  FROM THE DEFENSE?

MR. HUNT:  THEY DIDN'T LISTEN TO YOU LAST TIME, JUDGE, BUT COULD YOU REITERATE A REQUEST TO THE BUREAU OF PRISONS TO HOUSE HIM IN FLORIDA SO HE CAN BE CLOSE TO HIS FAMILY?

THE COURT:  THE COURT RECOMMENDS A FEDERAL FACILITY IN SOUTH FLORIDA.

MR. HUNT:  THANK YOU, JUDGE.

THE COURT:  ALL RIGHT.  THE COURT IS IN RECESS.

MR. RODRIGUEZ, YOU ARE REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

EVERYONE HAVE A GREAT WEEK.

- - -

C E R T I F I C A T E

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF FLORIDA


        I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED

STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO

HEREBY CERTIFY THAT THE FOREGOING 12 PAGES CONSTITUTE A TRUE

TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN

THE CITY OF FORT LAUDERDALE, FLORIDA, IN THE MATTER THEREIN

STATED.

        IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS 8TH

DAY OF JUNE 2010.


                                /S/CARL SCHANZLEH
                                CARL SCHANZLEH, RPR-CM
                                OFFICIAL FEDERAL COURT REPORTER
                                299 EAST BROWARD BLVD., 202B
                                FORT LAUDERDALE, FL  33301
                                TELEPHONE 954/769-5488