**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**DANIEL TROYA,**
        **Movant,**

**v.**                                                    **Case No.        9:16-CF-80700-SCOLA**

**UNITED STATES OF AMERICA,**
        **Respondent.**
_____/

### MR. TROYA'S RESPONSE TO ORDER TO SHOW CAUSE, OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND PURSUANT TO LOCAL RULE 15.1 AND FEDERAL RULE OF CIVIL PROCEDURE 15(A).

Movant, DANIEL TROYA, files this motion in compliance with this Court's Orders issued May 20, 2016. Docs. 14, 15. In support of this request, Mr. Troya states the following:

Movant, Daniel Troya, is an indigent federal prisoner condemned to die pursuant to the judgment entered in this Court on May 14, 2009. *United States v. Troya*, No. 9:06-cr-80171-DTKH-3 (S.D. Fla.) (R. Doc. 900). The United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on direct appeal. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013). Mr. Troya's petition for *certiorari* was denied on May 4, 2015. *Troya v. United States*, 135 S.Ct. 2048 (2015). His motion for relief under 28 U.S.C. § 2255 was therefore due on the year anniversary date of May 4, 2016. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) ("…the limitations period expires on the anniversary of the date it began to run.")

On May 3, 2016, Mr. Troya filed his § 2255 motion but inadvertently omitted the verification required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings in the

1

United States District Courts. Doc. 1. On May 4, 2016, the anniversary date of the Supreme Court's denial of *certiorari,* undersigned counsel filed a corrected version of Mr. Troya's § 2255 motion. Doc. 4. The corrected version included the proper verification, corrected several typographical errorsand, for convenience, added a table of authorities, a table of contents. .[1] The May 4th filing added no new substance to Mr. Troya's § 2255 motion.

Additionally on May 4, 2016, Mr. Troya filed his Motion for Leave to File Unredacted 28 U.S.C. § 2255 Motion Under Seal. Doc. 7. Mr. Troya had originally filed his § 2255 motion with nine pages redacted relative to his juror misconduct claim. This Court then denied the motion to file under seal and directed Mr. Troya to file the motion unredacted and unsealed, while redacting "**all** personally identifiable information which can be used to distinguish or trace an individual's identity, including but not limited to, dates of birth, places of birth, private health information, and social security numbers." (emphasis in original) Doc. 15.

On May 20, 2016, this Court issued an Order to Show Cause. This Court gave Mr. Troya the option of seeking leave to amend in compliance with Local Rule 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures, seeking to amend as a "matter of course" as permitted

---

[1] This Court's order also notes that additional appendices were added on May 4, 2016. These appendices have no bearing on whether the motion was timely or an amendment. In a capital § 2255 proceeding, Mr. Troya has no obligation to provide supporting documentation until an evidentiary hearing:

> The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only *allege* – not prove – reasonably specific, nonconclusory facts that, if true, would entitle him to relief. If the allegations are not *affirmatively contradicted* by the record and the claims are not patently frivolous, the district court is *required* to hold an evidentiary hearing. *It is in such a hearing that the petitioner must offer proof.*

*Aaron v. United States*, 291 F.3d 78, 715 n.6 (11th Cir. 2002) (emphasis in original and emphasis added).

2

by Fed.R.Civ.P 15(a)(1), or, alternatively, show why the May 4th filing should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

**I.  Mr. Troya's May 4, 2016 Filing Was Timely and the Docket Should be Corrected to Reflect his Timely Filing.**

Because the Supreme Court denied *certiorari* review on May 4, 2015, Mr. Troya had until May 4, 2016 to timely file his § 2255 motion. In an abundance of caution, counsel attempted to file Mr. Troya's § 2255 motion a day prior to the expiration of the statute of limitations. When counsel realized that they had neglected to include the required verification, the undersigned corrected the pleading (and added a table of contents and table of authorities) and, because they were still within the statute of limitations, counsel intended the May 4th filing to substitute for the defective earlier pleading. Unfortunately, due to the unique nature of capital § 2255 litigation, it was difficult to choose an accurate filing category in the ECF system and counsel settled on "Amend/Correct". There is no question that the May 4, 2016, filing is timely; the only issue is how that pleading should be characterized in the ECF system.

Mr. Troya respectfully requests that this Court order the docket modified to reflect that the May 4, 2016, filing is timely and was merely intended to replace the earlier § 2255 filing. This action would reflect counsels' intentions and is consistent with the way capital § 2255 motions have been handled in other jurisdictions. *See e.g. United States v. Lawrence*, No. 2:05-cr-00011 (S.D. Ohio) at Doc. 328 ("Modified on 12/14/2015 to replace the 2255 motion plus appendices 1, 5, and 8 with corrected versions per sealed motion and order.")

3

**II. Alternatively, Mr. Troya Requests Leave to Amend.**

Should this Court decline to modify the docket in Mr. Troya's case, Mr. Troya respectfully requests leave to amend his § 2255 motion. As the Court recognized, pursuant to Federal Rule of Civil Procedure 15(a), a party may amend once as of right within 21 days after serving it or 21 days after service of a responsive pleading. Mr. Troya made no changes to the substance of the motion in the May 4th § 2255 pleading and, thus, there is nothing that would prevent timely amendment in this case.  Mr. Troya clearly meets the requirements for amendment and thus, pursuant to Local Rule 15.1, attaches the entire pleading here.[2]

WHEREFORE, Movant Daniel Troya respectfully requests that the Court permit him to file the attached § 2255 Motion as amended in compliance with Local Rule 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures, or, alternatively, accept and permit the amended § 2255 motion to be filed as a "matter of course" as permitted by Fed.R.Civ.P 15(a)(1).

Respectfully Submitted,

/s/ *D. Todd Doss*
D. TODD DOSS
Assistant Federal Defender
Federal Defender's Office
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Tel: (407) 648-6338
Email: todd_doss@fd.org
Florida Bar No. 0910384

*Counsel for Defendant Daniel Troya*

---

[2] The attached pleading and appendices also comport with the Court's ruling in its Order on Motion to File Unredacted 28 U.S.C. § 2255 Motion Under Seal. Doc. 15. The pleading is unredacted and unsealed, while the appendices have had all personally identifiable information detailed by the Court redacted.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 24, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case, either via transmission of the Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ *D. Todd Doss*
D. TODD DOSS

5