# SUPERIOR COURT OF NEW JERSEY
## MERCER VICINAGE

Sue Regan
Trial Court Administrator

Janet VanFossen
Criminal Division Manager

 New Jersey Courts
Independence · Integrity · Fairness · Quality Service

Phone: (609) 571-4104
Fax: (609) 571-4150

Mercer County Courthouse
P.O. Box 8068
Trenton, NJ 08650-0068

December 18, 2015

Mercer County Superior Criminal Courthouse
400 South Warren St.
Trenton, NJ 08650-0068
Mercer/P.O. Box 8068

**ATT:** Amy Evans

**RE:** Diane Gooch (SCJ-96-08-0028-S)

Mr. Rodriguez,

Enclosed please find the CERTIFIED copies for the above referenced matter. Should you have further questions, please call our office at (609)571-4117. You may request copies of records by faxing your request to fax (609)571-4161.

Thank you,

Criminal Case Management, Records Unit

The information in this letter and attachments is confidential and may be legally privileged and protected under State and/or Federal Laws. It is intended solely for the addressee. Access to this information by anyone else is unauthorized.
If you believe that you have received this mail in error, please contact the sender or call 609-751-4074.

## KAREN BARE

| | |
|---|---|
| **From:** | Amy Evans <Amy_Evans@fd.org> |
| **Sent:** | Tuesday, December 15, 2015 4:30 PM |
| **To:** | KAREN BARE |
| **Cc:** | Todd Doss; Barbara Kowal; Sharon Mercer |
| **Subject:** | Mercer County - New Jersey - Request for Records |
| **Attachments:** | 1996 - Case List - NJ Courts Public Access - Complaint.pdf; 1996 - Case List - NJ Courts Public Access - Indictment 2.pdf; 1996 - Case List - NJ Courts Public Access - Indictment.pdf; 1996 - Case List - NJ Courts Public Access - Sentence.pdf; pic14629.gif |

Ms. Bare, (See attached file: 1996 - Case List - NJ Courts Public Access - Complaint.pdf)(See attached file: 1996 - Case List - NJ Courts Public Access - Indictment 2.pdf)(See attached file: 1996 - Case List - NJ Courts Public Access - Indictment.pdf)(See attached file: 1996 - Case List - NJ Courts Public Access - Sentence.pdf)

Please allow this correspondence to serve as a request for certified copies of records for the following:

Diane Gooch | 12/13/1996 | Case no. 96000601 | Official misconduct | We need the
DOB: | | | | complaint,
SSN: xxx-xx- | | | | indictment, plea's
| | | | entered, judgment /
| | | | sentencing

FILED
DEC 18 2015
SUPE~... ~~... ~F NJ
MERCER ~~~AGE
CRIMINAL DIVISION
S

Since we are a government agency, our office is not permitted to pay in advance for service rendered until we are in receipt of the requested documentation. However, upon receipt of an estimate (please include your tax ID #), our office can prepare a purchase order which guarantees payment upon receipt of the requested records and your final invoice. Our agency does not have a business / bank account. Payments for services rendered are paid through the United States Treasury.

I have attached the records obtained online to use as a reference in your search. Thank you for your courtesy and cooperation. Should you have any questions or wish to discuss, please do not hesitate to contact me.

Amy Evans
Paralegal
Office of the Federal Defender
Middle District of Florida
201 S. Orange Ave., Suite 300
Orlando, Florida 32801
Amy_evans@fd.org
Office: (407)480-5144
Direct: (407)648-6760 x 1152
(Embedded image moved to file: pic14629.gif)

This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering

1

# *SUPERIOR COURT*
# *OF*
# *NEW JERSEY*

## COUNTY OF MERCER

I, Karl Gondenbaum, Acting Deputy Clerk of Superior Court of New Jersey, the same being a court of record, do hereby certify that the foregoing are true and exact copies of documents of record

### IN RE:

STATE OF NEW JERSEY
vs.
Shawn Custis
DOB:            , SBI: 157562C

### Indictment no. (SCJ-96-08-0028-S)

Herein set forth as the same remains of record and on file in this same office.

I HEREBY CERTIFY THE FOREGOING
TO BE A TRUE COPY

By: _____
ACTING DEPUTY CLERK, CRIMINAL PART

| State of New Jersey | New Jersey Superior Court |
|---|---|
| | Law Division - Criminal |

v.

DIANE JOY (SCHIPSKI) GOOCH

**DEFENDANT**
~~Beverly Carnevale Nahas~~

| | |
|---|---|
| XX☒ | JUDGMENT OF CONVICTION |
| ☐ | CHANGE OF JUDGMENT |
| ☐ | ORDER FOR COMMITMENT |
| ☐ | INDICTMENT / ACCUSATION DISMISSED |
| ☐ | JUDGMENT OF ACQUITTAL |

| DATE OF BIRTH | SBI NUMBER 157562C |
|---|---|

| DATE OF ARREST 09/15/95 | DATE INDICTMENT / ACCUSATION FILED 06/20/96 |
|---|---|

| DATE OF ORIGINAL PLEA UNKNOWN | ORIGINAL PLEA ☐ NOT GUILTY ☐ GUILTY |
|---|---|

**ADJUDICATION BY**

| XX☒ GUILTY PLEA | DATE: 10/15/96 | ☐ NON-JURY TRIAL | DATE: |
|---|---|---|---|
| ☐ JURY TRIAL | DATE: | ☐ Dismissed/Acquitted | DATE: |

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| SGJ-96-08-0028-S (96000601) | 1 | Conspiracy | 2nd | |
| | 2 | Official Misconduct | 2nd | |
| | 3 | Tampering with Public Records | 3rd | |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 2 | Official Misconduct | 3rd (Downgraded from Second Degree) | 2C:30-2 |

It is, therefore, on ___12/13/96___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

Probation for 2 years, conditions: 30 hours of community service, forfeit public office position.

cts. 1 & 3 dismissed

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | | |

Total Custodial Term _____ Institution _____ Total Probation Term __2 yrs.__

Administrative Office of the Courts
State Bureau of Identification

CP0105 (6/94)

State of New Jersey v. _____ D. Gooch _____  S.B.I. # _____  IND / ACC. # 96-06-0028S

Total FINE  $ 500.00

Total RESTITUTION  $ _____

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C:

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

_____ 1st Degree  @ $3000   _____ 4th Degree @ $750
_____ 2nd Degree  @ $2000   _____ Disorderly Persons or Petty
_____ 3rd Degree  @ $1000   _____ Disorderly Persons @ $500

Total D.E.D.R. Penalty  $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☑ Assessment imposed on

count(s)  2

@ $  50.00  each.

Total VCCB Assessment  $ 50.00

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee  $ _____

3) Name of Drugs involved  _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today. _____ and end _____

Driver's License Number  _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address  _____

Eye Color _____  Sex _____  Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____. Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
        DATE

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 168)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction.
P.L. 1993, c. 220   $75.00

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered.
(P.L. 1993, c. 275)  Amount per month  $20.00

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| Theresa L. Jackson | 609-989-6760 | Carl Ippolito, Esq. |

STATEMENT OF REASONS

Presumption against incarceration applies to this third degree offense and has not been overcome by any factors. The mitigating factors outweigh the aggravating ones and warrant a probationary term.

This is Defendnat's first adult criminal arrest and conviction. She has led a crime free life for her entire fifty years prior to commission of the instant offense. The present offense did not cause or threaten serious harm although it involved a breach of the public trust by Defendant, a State employee acting in her official capacity.

Given her character, background and condition, Defendant is particularly likely to respond affirmatively to probationary treatment and unlikely to commit future crimes. Although there is the need to deter, this may be satisfied by a probationary term, properly conditioned.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Anthony J. Parrillo  JSC | | 12/13/96 |

Administrative Office of the Courts
State Bureau of Identification                                                         CP0106 (6/94)
COPIES TO:  CHIEF PROBATION OFFICER    STATE POLICE    ADOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

## PLEA FORM

DEFENDANT'S NAME *DIANE GOOCH*     before Judge *ANTHONY PARRILLO, JSC.*     County *MERCER*

1.  List the charges to which you are pleading guilty:

| Ind./Acc./Compl.# | Count | Nature of Offense | Degree | | STATUTORY MAXIMUM | | VCCB |
| | | | | | Time | Fine | Assmt* |
|---|---|---|---|---|---|---|---|
| 96-06-00028 | 2 | OFFICIAL MISCONDUCT | 3 | MAX | 5 YR | $7500 | $50 |
| (DOWNGRADED FROM 2ND DEGREE) | | | | MAX | | | |
| | | | | MAX | | | |
| | | | | MAX | | | |

Your total exposure as the result of this plea is:     TOTAL 5 YR $7500 $50

**PLEASE CIRCLE APPROPRIATE ANSWER**

2.  a. Did you commit the offense(s) to which you are pleading guilty?     (YES) [NO]
    b. Do you understand that before the judge can find you guilty, you will have to tell the judge what you did that makes you guilty of the particular offense(s)?     (YES) [NO]

3.  Do you understand what the charges mean?     (YES) [NO]

4.  Do you understand that by pleading guilty you are giving up certain rights? Among them are:
    a. The right to a jury trial in which the State must prove your guilt beyond a reasonable doubt?     (YES) [NO]
    b. The right to remain silent?     (YES) [NO]
    c. The right to confront the witnesses against you?     (YES) [NO]

5.  Do you understand that if you plead guilty:
    a. You will have a criminal record?     (YES) [NO]
    b. Unless the plea agreement provides otherwise, you could be sentenced to serve the maximum time in confinement, to pay the maximum fine and to pay the maximum Violent Crimes Compensation Board Assessment?     (YES) [NO]
    c. You must pay a minimum Violent Crimes Compensation Board assessment of $50 ($100 minimum if you are convicted of a crime of violence) for each count to which you plead guilty? (Penalty is $30 if offense occurred between January 9, 1986 and December 22, 1991 inclusive. $25 if offense occurred before January 1, 1986.)     (YES) [NO]
    d. If the offense occurred on or after February 1, 1993 and you are being sentenced to probation or a State correctional facility, you must pay a transaction fee of up to $1.00 for each occasion when a payment or installment payment is made?     (YES) [NO]
    e. If the offense occurred on or after August 2, 1993 you must pay a $75 Safe Neighborhood Services Fund assessment for each conviction?     (YES) [NO]
    f. If the offense occurred on or after January 5, 1994 and you are being sentenced to probation, you must pay a fee of up to $25 per month for the term of probation?     (YES) [NO]

*VIOLENT CRIMES COMPENSATION BOARD ASSESSMENT     Defendant's Initials _____

16. Do you understand that if you are a public office holder or employee, you can be required to forfeit your office or job by virtue of your plea of guilty? **[YES]** [NO] [N/A]

17. Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty? [YES] [NO] **[N/A]**

18. Have you discussed with your attorney the legal doctrine of merger? [YES] [NO] **[N/A]**

19. Are you giving up your right at sentence to argue that there are charges you pleaded guilty to for which you cannot be given a separate sentence? [YES] **[NO]** [N/A]

20. List any other promises or representations that have been made by you, the prosecutor, your defense attorney, or anyone else as a part of this plea of guilty:

~~None~~ — Defendant will execute Consent Agreement — Diane Gooch will cooperate with State *Forfeiting Public Office at time of sentencing* in all matters pertaining to this investigation

21. Have any promises other than those mentioned on this form, or any threats, been made in order to cause you to plead guilty? [YES] **[NO]**

22. a. Do you understand that the judge is not bound by any promises or recommendations of the prosecutor and that the judge has the right to reject the plea before sentencing you and the right to impose a more severe sentence? **[YES]** [NO]

b. Do you understand that if the judge decides to impose a more severe sentence than recommended by the prosecutor, that you may take back your plea? **[YES]** [NO]

c. Do you understand that if you are permitted to take back your plea of guilty because of the judge's sentence, that anything you say in furtherance of the guilty plea cannot be used against you at trial? **[YES]** [NO]

23. Are you satisfied with the advice you have received from your lawyer? **[YES]** [NO]

24. Do you have any questions concerning this plea? **[YES]** [NO]

DATE: October 15, 1996     DEFENDANT *Diane J. Gooch*
DIANE GOOCH

DEFENSE ATTORNEY *Carl M. Ippolito*
CARL M. IPPOLITO

PROSECUTOR *Mark G. Eliades*
MARK G. ELIADES, DAG

[ ] This plea is the result of the judge's conditional indications of the maximum sentence he or she would impose independent of the prosecutor's recommendation. Accordingly, the "**Supplemental Plea Form for Non-Negotiated Pleas**" has been completed.

SUPERIOR COURT OF N.J.
FILED

JUN 20 1996

DONALD F. PHELAN
      CLERK

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - CRIMINAL

State Grand Jury
Number  SGJ 371-96-6

Superior Court
Docket Number  96 - 06 - 00028-S

96-601

STATE OF NEW JERSEY )

     v.  )  INDICTMENT

DIANE GOOCH,  )

    Defendant  )

The Grand Jurors of and for the State of New Jersey, upon their oaths, present that:

## COUNT ONE

(Conspiracy - Second Degree)

**DIANE GOOCH**

who is a named defendant herein and another person whose identity is known to the Grand Jury and who is a conspirator, but who is not named as a defendant herein, between on or about November 7, 1994, and on or about November 10, 1994, at the City of Trenton, at the Townships of Lawrence and Hamilton, all in the County of Mercer, at the Town of Yardley, in the State of Pennsylvania, elsewhere, and within the jurisdiction of this Court, with the purpose of promoting and facilitating the commission of

the crime of Official Misconduct, did agree that:

A.    One or more of them would knowingly engage in conduct which would constitute the aforesaid crime, and

B.    One or more of them would knowingly aid in the planning, solicitation, or commission of said crime, that is:

1.    Official Misconduct contrary to N.J.S.A. 2C:30-2.

Among the means by which the aforesaid conspirators would carry out the conspiracy are as follows:

It was part of the conspiracy that the said DIANE GOOCH would receive two (2) checks made payable to the New Jersey Division of Motor Vehicles [NJ-DMV] and the Automobile Insurance Surcharge and Collection Fund [AISC], which were prepared and back dated by a conspirator, an individual whose identity is known to the Grand Jury, but who is not named as defendant herein, for the purpose of making or causing the restoration of the aforementioned conspirator's driver's license to be made effective within the official records of the New Jersey Division of Motor Vehicles prior to November 7, 1994, the date on which said conspirator was issued a motor vehicle summons for driving while his license was suspended contrary to N.J.S.A. 39:3-40.

It is further alleged that in furtherance of the said conspiracy, the following Overt Acts, among others, were committed:

2

## OVERT ACTS

1.     On or about November 9, 1994, at the City of Trenton, at the Townships of Lawrence and Hamilton, all in the County of Mercer, at the Town of Yardley, in the State of Pennsylvania, the said DIANE GOOCH, then and there, and all times relevant to this matter, being a public servant employed by the NJ-DMV at the Trenton Regional Office, did speak with the conspirator, an individual whose identity is known to the Grand Jury, but who is not named as defendant herein, and did advise the said conspirator of the necessary procedures for having his suspended driver's license restored prior to November 7, 1994.

2.     On or about November 10, 1994, at the City of Trenton, in the County of Mercer, the said DIANE GOOCH, did retrieve from the mailbox at her personal residence, check number 1150 dated October 31, 1994, drawn on an account, at the National Westminster Bank, of the conspirator in the amount of $216 made payable to the "State of NJ AISC" and check number 1152 dated October 31, 1994, drawn on the same aforementioned bank account, in the amount of $50 made payable to the "NJ Dept of Motor Vehicle".

3.     On November 10, 1994, the said DIANE GOOCH, did take the aforementioned checks, placed in her mailbox by the said conspirator, to her place of employment at the NJ-DMV Trenton Regional Office; and the said DIANE GOOCH, did

3

represent to other NJ-DMV employees who were assigned to perform driver's license restorations that the aforementioned checks were personally observed by the said DIANE GOOCH, to be in the possession of the NJ-DMV on or before November 4, 1994.

All contrary to the provisions of N.J.S.A. 2C:5-2, and against the peace of the State, the government and dignity of the same.

4

## COUNT TWO

(Official Misconduct - Second Degree)

### DIANE GOOCH

between on or about November 7, 1994, and on or about November 10, 1994, at the City of Trenton, in the County of Mercer, elsewhere, and within the jurisdiction of this Court, did commit the offense of Official Misconduct, when with the purpose to obtain a benefit for herself or another valued in an amount in excess of $200, did commit an act relating to her office, but constituting an unauthorized exercise of her official functions, knowing that such an act was unauthorized, that is, the said DIANE GOOCH, then and there being a public servant, to wit, a Support Services Representative Level 1 of the New Jersey Division of Motor Vehicles, having thereby the official functions and duties, among others, to display good faith, honesty and integrity, to be impervious to corrupting influences; to oversee the sorting, indexing, and filing of checks, receipts, or other documents according to established procedures of the New Jersey Division of Motor Vehicles, and acting with the purpose to obtain a benefit for herself or another, to wit, the restoration of the driver's license for an individual whose identity is known to the Grand Jury, but who is not named as defendant herein, did knowingly cause the restoration of the driving privileges of the aforementioned individual to be made in manner contrary to the authorized

5

procedures of that State agency, contrary to the provisions of <u>N.J.S.A.</u> 2C:30-2, and against the peace of this State, the government and dignity of the same.

6

## COUNT THREE

(Tampering with Public Records - Third Degree)

### DIANE GOOCH

who is a named defendant herein and another person whose identity is known to the Grand Jury, but who is not named as a defendant herein, on or about November 10, 1994, at the City of Trenton, in the County of Mercer, elsewhere, and within the jurisdiction of this Court, with the purpose to defraud or injure, did knowingly make or cause to be made a false entry in a record or thing belonging to, received, or kept by, the government for information or record, that is, the said DIANE GOOCH, knowingly did make or cause to be made a false entry in the New Jersey Division of Motor Vehicles driver's record of an individual whose identity is known to the Grand Jury, but who is not named as a defendant herein, thereby causing the restoration of the driving privileges of the aforementioned individual to be made in manner contrary to the authorized procedures of that State agency, with purpose to defraud or injure the State of New Jersey, contrary to the provisions of N.J.S.A. 2C:28-7a(2); N.J.S.A. 2C:2-6, and against the peace of this State, the government and dignity of the same.

_____
TERRENCE P. FARLEY, DIRECTOR
DIVISION OF CRIMINAL JUSTICE

A TRUE BILL:
_____
, Foreperson

7