IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

UNITED STATES OF AMERICA ) Docket No.
) 06-80171-CR-HURLEY
Plaintiff, )
vs. ) West Palm Beach, Florida
) March 2, 2009
DANNY VARELA )
  a/k/a D.V. )
DANIEL TROYA )
  a/k/a Homer )
RICARDO SANCHEZ, JR. )
  a/k/a Rick )
and ) VOLUME 30
LIANA LOPEZ )
  a/k/a Negra )
  a/k/a Isabela Lopez )
)
Defendants. )
_____ x

TRIAL BEFORE
JUDGE DANIEL T. K. HURLEY AND A JURY

APPEARANCES:

| | |
|---|---|
| For the Government: | STEPHEN CARLTON, ESQ. |
| | JOHN KASTRENAKES, ESQ. |
| | Assistant U.S. Attorneys |
| | RICHARD BURNS, ESQ. |
| | Department of Justice |
| For the Defendant Varela: | ROBERT S. GERSHMAN, ESQ. |
| For the Defendant Sanchez: | MICHAEL B. COHEN, ESQ. |
| | LARRY D. MURRELL, JR., ESQ. |
| For the Defendant Troya: | RUBEN M. GARCIA, ESQ. |
| | JAMES L. EISENBERG, ESQ. |
| For the Defendant Lopez: | GREGG S. LERMAN, ESQ. |
| Court Reporter: | Pauline A. Stipes, C.S.R., C.M. |

PAULINE A. STIPES
Official Reporter
U. S. District Court

THE COURT: Good morning, everybody. Please be seated.

Let the record reflect that counsel for all parties and the Defendants are present.

Are there any other changes that anyone wanted to mention with respect to the verdict forms or the jury instructions?

MR. KASTRENAKES: I have something of very minor consequence on the verdict form, but I would ask to have a sidebar with the attorneys briefly.

THE COURT: Yes.

(Sidebar discussion on the record.)

MR. KASTRENAKES: Good morning, Your Honor.

I brought this up with counsel and I wanted to do it sidebar. I got a call Friday afternoon from a United States Probation officer who handles their pretrial detention, Ken Goldberg. He is apparently supervising on pretrial release a gentleman by the name of Fred Fazio, F-A-Z-I-O, who works at Arigo Dodge.

Mr. Fazio had heard from another employee at Arigo Dodge that one of our alternate jurors, Diane Gooch, was speaking either about the case or jury service with other employees of Arigo Dodge, goes from her to another employee of Arigo Dodge to Mr. Fazio to Mr. Goldberg to me.

Case 0:16-cv-80700-RR Document 20-5 Entered on FLSD Docket 05/24/2016 Page 3 of 5

I brought it up to counsel. It could be something totally innocent or worse than innocent. I wanted to let The Court know as soon as I had access to The Court to do it sidebar not to cast aspersions on her.

THE COURT: What number is Ms. Gooch? Does anyone remember?

MR. CARLTON: Seventeen.

THE COURT: But that is not an issue, I don't think, the question is the number. Remember, before we talked about if we had to substitute, we would do it in the order of their seating. She sounds like she is the first potential alternate.

The point is, she is not the first, she is at the end.

Now, if she is toward the end, there is probably no problem at all. What we will do, somebody mentioned the other day we probably need to tell the alternates that they are not excused, and that they are under the continuing admonition not to talk.

Secondly, and I really hadn't thought about this before, but I think it is an excellent idea. We need to tell some of the alternates they have to be prepared to come back if there is a penalty phase. I wouldn't think we would ask six people to come back, my

thought would be only two, but I wanted to talk with you about it.

So if that is the case, she would be toward the end and it wouldn't be a problem.

Now, if in any sense we get to a point where we need to call upon her to sit, we need to look into this further. If that is okay with you, I will leave it at this point. If necessary, we need to conduct an evidentiary hearing to try to get to the bottom of it so you could be in a position to make any motion that you thought was appropriate.

MR. EISENBERG: Okay. Can I comment on your comments?

THE COURT: Sure.

MR. EISENBERG: When the jury goes out to deliberate, the alternates are all going to stay here. And we are going to tell them that they are still under The Court's order not to discuss anything because they may be called back, and we have their telephone numbers so Mr. Caldwell could call them.

At that point we will not say who is coming back, we are not going to say two of you or three, we will say goodbye and we may very well call you to come back?

THE COURT: Yes, that is what I think.

Case 9:06-cr-80171-DTKH Document 771 Entered on FLSD Docket 03/06/2009 Page 5 of 126 7480

It is conceivable we may have to call somebody back to engage in deliberations, I want to tell them that as well.

MR. EISENBERG: I didn't want anybody to go yet.

THE COURT: No, not a soul.

Now, I want to talk with you about this if I might while we are here.

In looking at the jury instructions, it occurs to me we have seven different crimes that are charged. Some are slightly different, and I think I can point that out, but I wanted to double check with you so nobody would have an objection. I intended to read the conspiracy charge once and then to add what was different regarding the carjacking conspiracy, necessity for an overt act.

I intended to read possession with intent to distribute once, but explain there are three counts that charge it but on different dates. Anybody have a problem with that?

MR. EISENBERG: No.

MR. COHEN: That is fine.

THE COURT: I think they will pull them down and make it more comprehensible.

MR. KASTRENAKES: You want me to tell you about