UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80700-CV-SCOLA
(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))


DANIEL A. TROYA,
                    Movant,

vs.

UNITED STATES OF AMERICA,
                    Respondent.
_____/

### JOINT STATUS REPORT & PROPOSED SCHEDULING ORDER

COME NOW the United States of America, and Movant, Daniel A. Troya, by and

through their respective counsel, and hereby submit and file their Joint Status Report & Proposed

Scheduling Order in compliance with this Court's order Requiring Discovery and Scheduling

Conference (DE 17) entered May 23, 2016:

### JOINT CONFERENCE REPORT

Counsel for the parties having met telephonically, and submit this joint Conference Report
pursuant to this Court's order and Local Rule 16.1:

Movant in this action, Daniel Troya, proposes this case should be on a (C) Complex Track,
because it will require extensive discovery and over ten (10) days of trial.  Through counsel,
Movant has provided a detailed discovery demand from the government sought in this
proceeding. The government notes its disagreement to the defense entitlement to any discovery
at this juncture.  However, the government will agree to provide notice of previously- provided
evidence concerning cellular telephones, prior shooting incidents, *Giglio* information, and to the
extent it exists, evidence in its possession relating to Troya's mental condition and background.

**(A) The likelihood of settlement:**

Settlement is unlikely.

**(B) The likelihood of appearance in the action of additional parties:**

It is unlikely any additional parties will appear in this proceeding.  However, the Court should

note that there appear to be several claims raised in this proceeding that are substantially identical to those raised by criminal co-defendant Ricardo Sanchez in Case No. 16-80693-CV-SCOLA. The parties here suggest to the Court that resolution of those issues and/or any evidentiary hearing (if deemed necessary or required) related to those identical issues might be capable of consolidation in the interests of justice and judicial economy.

**(C) Proposed limits on the time:**

**(i) to join other parties and to amend the pleadings:**

Movant in this action, Daniel Troya, will seek discovery from the United States.  The United States submits that Mr. Troya is not automatically entitled to discovery and that before discovery is ordered a movant must plead specific allegations which demonstrate good cause for discovery. The government submits that "good cause" has not yet been demonstrated, nor discovery ordered by the Court.

If the Court allows discovery, pleadings shall be amended as permitted by law within 90 days of the close of discovery.   Ninety days thereafter the Government shall file its response to the amended pleadings, and Mr. Troya shall then have 90 days to file any traverse or reply memorandum.  Ninety days thereafter both parties shall file their respective memorandums of law, and within 180 days of the respective filings an evidentiary hearing may be scheduled.

**(ii) to file and hear motions; and**

All motions shall be filed and heard ten days prior to the start of any evidentiary hearing *set* on the Section 2255 motion.

**(iii) to complete discovery.**

Discovery, if ordered by the Court, shall be completed within the time allotted by the rules for complex track cases- 365 days from the date of the Scheduling Order.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

Within thirty days of any amended pleadings being filed, the parties shall meet and discuss these issues.

**(E) The necessity or desirability of amendments to the pleadings:**

The movant believes that it shall be both necessary and desirable that pleadings be amended upon completion of discovery.  The United States does not have sufficient facts to form a position on this issue since discovery is not automatic, but believes that  the pleadings may only be amended as permitted by law.

2

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence;**

The parties will confer on these issues if, and when, an evidentiary hearing is scheduled. It is expected agreement can be reached on stipulations regarding authenticity of documents and other evidentiary issues.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

See (F) above.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

It is not advisable to refer matters to a Magistrate Judge or master in this capital case.

**(I) Preliminary estimate of the time required for trial:**

If an evidentiary hearing is granted as to all issues, two to three weeks are estimated as necessary.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The parties jointly submit that an initial status conference in this matter before the Court would be fruitful so that the parties can raise the uniqueness, and complexity of the case, and more fully understand the Court's wishes in setting out an orderly procedure for resolution of this matter.  The parties suggest a setting between July 11-30, 2016, or the time period August 1-2, 5, or 8-12, 2016; and the time required for such a hearing would be one hour in total at most. The parties would be present in person, or by telephonic appearance, if allowed.

**(K) Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

**JOINT PROPOSED SCHEDULING ORDER**

**(A) Assignment of the case to a particular track pursuant to Local Rule 16.1(a):**

This case is assigned to the Complex track.

**(B) The detailed discovery schedule agreed to by the parties:**

3

The government re-submits its earlier-stated position that discovery is not automatic, "good cause" must be demonstrated, and discovery then proceeds only after an appropriately entered Court order.

If ordered, discovery shall proceed according to the complex track. Movant has provided a detailed discovery demand from the government sought in this proceeding. The government notes its disagreement to the defense entitlement to any discovery at this juncture.  However, the government will agree to provide notice of previously-provided evidence concerning cellular telephones, prior shooting incidents, *Giglio* information, and to the extent it exists, evidence in its possession relating to Troya's mental condition and background.

Initial discovery requests shall be discussed by the parties within thirty days of signing of the scheduling order and necessary motions for discovery shall be submitted within thirty days of those discussions.

**(C) Any agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things:**

The Court shall enter an order that the United States shall inform any federal, state, and local law enforcement agency that substantially participated in the case to preserve whatever documentation it still has in its possession related to this investigation and prosecution in whatever form it may exist.

**(D) Any agreements the parties reach for asserting claims of privilege or protection of trial preparation material after production:**

Claims of privilege shall be accompanied by a privilege log and submission of the logged materials *ex parte* under seal to the Court to be maintained in the court record of this cause.

**(E) A limitation of the time to join additional parties, amend the pleadings, Government's response to amended pleadings, Mr. Troya's traverse and reply memorandum to the Government's response, *memoranda of law submitted by the parties*, proposed date of any necessary evidentiary hearing:**

Pleadings shall be amended within 90 days of the close of discovery, if any; 90 days thereafter the Government shall file its response to the amended pleadings, and Mr. Troya shall then have 90 days to file any traverse or reply memorandum. Ninety days thereafter both parties shall file their respective memorandums of law, and within 180 days of the respective filings an evidentiary hearing may be scheduled.

**(F) *All pre-trial motions, that is, motions precedent to a scheduled evidentiary hearing, shall be filed at least 10 days prior to date of the hearing:*** _____

**(G) A space for insertion of a date certain for resolution of all pretrial motions by the**

4

**Court:**

**(H) Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions:**

Depositions are not contemplated at this time.

**(I).  A final pre-trial conference shall be held by the Court within two weeks of the scheduled evidentiary hearing**

**(J) A space for insertion of the date certain for trial:**

If deemed necessary, the Court could schedule an evidentiary hearing after the timetable set out in (E) of the Scheduling Order.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:      */s Stephen Carlton*

STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

*Attorneys for Daniel Troya*

| | |
|---|---|
| */s/ Steven H. Malone* | */s/ D. Todd Doss* |
| STEVEN H. MALONE | D. TODD DOSS |
| Steven H. Malone, P.A. | Assistant Federal Defender |
| 1217 South Flagler Drive | Federal Defender's Office, MDFL |
| Second Floor | 201 South Orange Ave., Ste. 300 |
| West Palm Beach, FL 33401 | Orlando, FL 32801 |
| Tele: 561-805-5805 | Tele: 407-648-6338 |
| Email: stevenhmalone@bellsouth.net | Email: todd_doss@fd.org |
| Florida Bar No. 305545 | Florida Bar No. 0810384 |

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Stephen Carlton*

Stephen Carlton
Assistant United States Attorney

## SERVICE LIST

**Daniel Troya v. United States**
**Case No. 16-80700-CV-SCOLA**
**United States District Court, Southern District of Florida**

Stephen Carlton
Assistant U.S. Attorney
Stephen.Carlton@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
**Attorney for United States**
[Service via CM/ECF]

Donald Todd Doss
201 S. Orange Avenue
Suite 300
Orlando, FL 32801
todd_doss@fd.org
**Attorney for Plaintiff**
[Service via CM/ECF]

Steven Holt Malone
1217 South Flagler Drive
Second Floor, Flagler Plaza
West Palm Beach, FL  33401
stevenhmalone@bellsouth.net
**Attorney for Plaintiff**
[Service via CM/ECF]