UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80700-CV-SCOLA
(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))


DANIEL A. TROYA,
               Movant,

vs.

UNITED STATES OF AMERICA,
               Respondent.
_____/


**UNITED STATES' MOTION FOR THE COURT
TO ENTER AN ORDER HOLDING THAT THE ATTORNEY-
CLIENT PRIVILEGE HAS BEEN WAIVED**

Movant, Daniel A. Troya, through counsel has filed a petition for which he alleges that his trial attorneys Ruben Garcia and James Eisenberg were ineffective.[1] To adequately respond to Movant's allegations, it will be necessary for the government to speak with those attorneys, obtain documents and perhaps obtain an affidavit and/or testimony from each of them.

On March 31, 2009, Movants Ricardo Sanchez and Daniel Troya were convicted of multiple drug trafficking, firearms, and car jacking counts.   (DE 797,Sanchez, Counts 1, 4, 5, 6-10, 13-15)(DE 792, Troya, Counts 1, 3, 5-10, 13-16).[2]   Counts 6 through 10 were all death penalty eligible offenses.

As a consequence of those convictions, Sanchez and Troya were both sentenced to death (DE's 899, 900).   Sanchez and Troya both took direct appeals of their convictions and sentences

---

[1] The petition also implicitly asserts that court-appointed appellate counsel Barry Fisher and Robert McGlasson were ineffective in filing the direct appeal from Troya's convictions and sentence.

[2] Citations to the docket sheet, denoted "DE", relate to Case No. 06-80171-Cr-Hurley.

and on October 2, 2013, the Eleventh Circuit Court of Appeals affirmed both the convictions and death sentences (DE 1134).  On May 3, 2016, Sanchez and Troya both filed similar, but by no means identical motions under 28 U.S.C. § 2255 motions which raised a broad range of issues attacking both their convictions and death sentences (DE's 1200 and 1201).

On or about July 27, the United States Attorney's Office (or undersigned) made contact with James Eisenberg and Ruben Garcia, the attorneys who represented Troya during trial and the death penalty proceedings.  Both counsel indicated that they were not inclined to provide information to the United States Attorney's Office, or sit down to discuss their former representation, citing the attorney-client privilege.   Similarly, because Troya argues that his appellate lawyers were also ineffective, the undersigned attempted to contact Barry Fisher and Robert McGlasson concerning the proposed motion.   Fisher indicated he would take no position until he saw a copy of the government's motion; the government has been unable to locate Mr. McGlasson at present. Those court-appointed lawyers represented Troya before the Eleventh Circuit Court of Appeals.

Troya's motion seeking relief under Title 28, United States Code Section 2255, spans some four hundred and thirty-five and addresses a number of issues including:

**A.   <u>Guilt Phase Counsel:   (Ruben Garcia):</u>**

Trial Counsel's Failure to Timely Challenge the Composition and Selection of the Grand and Petit Jury Venires Constituted Deficient Performance

Trial Counsel Unreasonably Failed to Challenge the Indictment Improperly Charging Mr. Troya, and to Object to the Court's Jury Instruction. Appellate Counsel Unreasonably Failed to Raise the Improper Instruction as a Ground for Reversal on Direct Appeal.

Trial counsel was ineffective for failing to hire an independent forensic pathologist

Trial counsel was ineffective for failing to object to substitution of medical examiner

expert witness.

Trial counsel was ineffective for failing to investigate and present the testimony of a qualified expert in cellular telephone forensics

Trial counsel was ineffective for failing to request a *Daubert* hearing on toolmark evidence

Trial counsel was ineffective for failing to challenge government's tool mark evidence with their own expert, and failure to conduct effective cross examination of government expert

Trial counsel failure to consult with, retain and present GIS expert witness

Trial counsel was ineffective for failing to move to dismiss indictment for duplicity in charging murder and manslaughter

Trial counsel was ineffective for failing to move to dismiss indictment for duplicity in charging use of a firearm in connection with both drug trafficking and a crime of violence

Trial counsel was ineffective for failing to argue jury should have been instructed on manslaughter

Trial counsel was ineffective for conceding Troya guilt in uncharged shootings during the guilt phase of trial

Trial Counsel's Failure to Challenge the Fingerprint Evidence Constitutes Ineffective Assistance of Counsel

Trial counsel's ineffective cross examination of government cooperating witnesses Melvin Fernandez, Carlos Rodriguez, and Kevin Vetere.

Trial counsel failed to object to government comment that counsel had told an untruth to the jury

### B.   Penalty phase, (James Eisenberg):

Penalty phase counsel failed to object to improper government argument in opening and closing of penalty phase

Penalty Counsel were ineffective for calling a witness they knew or should have known would invoke his right to remain silent in the jury's presence, significantly undermining the defense case for life (Carl Busch)

Penalty counsel was ineffective for negligently failing to timely and accurately proffer the testimony of its expert witness Cunningham which would have been admissible as outside the Court's order excluding prison conditions evidence

Penalty counsel was ineffective for failing to object to misleading questions and an inaccurate portrayal of Daniel Troya as the leader of the attempted escape

Penalty counsel was ineffective for allowing Crawford and reliability errors to permeate the penalty phase permitting jury to consider unreliable evidence

Penalty counsel was ineffective for failing to object to improper testimony and argument of future danger and otherwise undermining life-without-parole as a valid sentencing option

Penalty counsel was ineffective for failing to object to misleading testimony on whether Mr. Troya was wearing civilian clothes

Penalty counsel was ineffective for failing to object to comment on Mr. Troya's silence.

Penalty counsel was ineffective for misrepresenting facts to the jury, and counsel had to be corrected by the witness

Penalty counsel was ineffective for calling a witness they knew or should have known would invoke his right to remain silent in the jury's presence, significantly undermining the defense case for life.

Penalty counsel was ineffective for failing to object to repeated, improper questioning of defense witnesses about the improper consideration of whether Mr. Troya was taught and knew right from wrong was prejudicial.

Penalty counsel was ineffective for failing to move for a mistrial for improper cross examination of defense law enforcement witness was prejudicial

Penalty counsel was ineffective for failing to challenge Troya's felony battery conviction used as an aggravator in the penalty phase

Penalty counsel was ineffective for failing to challenge government's evidence about Troya's prior prison escape charge and conviction

Penalty counsel was ineffective for failing to introduce evidence of Troya brain injury due to inadequate investigation and failure to corroborate the PET scan.

Penalty counsel was ineffective for negligently failing to timely provide the defense mental health experts with information about Mr. Troya's social history because he failed to timely investigate it

Penalty counsel failure to investigate and develop mitigating evidence from Troya teachers, prison beatings, Kamel school shooting, Morse Geriatric volunteer work, Uncle Tito influence,

Accordingly, the government moves this Court for an order directing the trial attorneys, Michael Cohen, and Donnie Murell, and their successor appellate counsel, Barry Fisher and Robert McGlasson, to supply any and all documents, correspondence and/or an affidavit regarding conversations and decisions made involving every issue alleged in the pending 2255 petition alleging ineffective assistance of counsel.   In the alternative, the United States moves this Court for a hearing[3] to determine if Movant has waived his attorney-client privilege as to the matters referred to in his pleadings relating to his ineffective assistance of counsel claims.

The United States has requested that the trial attorneys provide documents and information

---

[3]   The United States does not believe that Troya's presence is necessary at this stage to determine if Movant has waived his attorney-client privilege as to the matters referred to in his pleadings relating to his ineffective assistance of counsel claims.    Moreover, the cost required to determine this threshold issue may be avoided by evidence that is in the files of the named attorneys.

regarding conversations between themselves and Mr. Troya involving trial issues raised in the guilt and penalty phases of the criminal trial.   Each attorney has declined citing lack of consent by their former client, and their belief that they cannot speak with the government unless and until there is a court finding that the attorney-client privilege has been waived to every issue raised in the 2255 petition.   The government cannot adequately respond to the issues raised by Movant in his 2255 motion without the requested information.   The trial attorneys have declined to comply with this request without a Court order requiring them to do so.   Movant Troya's court-appointed counsel have been contacted and they object to the motion.

## **Memorandum Of Law**

The trial attorneys and appellate attorneys are apparently following the policy of the Federal Public Defender of not turning over any information relating to claims of ineffective assistance of counsel relying on the attorney-client privilege found in the American Bar Association's Model Rule of Professional Conduct Rule 1.6.

The American Bar Association's Model Rule of Professional Conduct 1.6, states:

Rule 1.6 Confidentiality of Information

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
> (1) to prevent reasonably certain death or substantial bodily harm;
> (2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
> (3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the

6

client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;

(4) to secure legal advice about the lawyer's compliance with these Rules;

(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(6) to comply with other law or a court order.

ABA Model Rule 1.9 addresses a lawyer's "Duties to Former Clients:"

\* \* \*

( c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The commentary which accompanies ABA Model Rule 1.6 explains that subparagraph (b) "permits disclosure only to the extent the lawyer reasonably believes is necessary to accomplish one of the " purposes specified."

The ABA's Standing Committee on Ethics and Professional Responsibility issued, on July 14, 2010, Formal Opinion 10-456, "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim:"

Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6 (a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6 (b) (5), a lawyer may disclose information protected by the rule only if the lawyer "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of

counsel. However, It is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.

Formal Opinion 10-456, at 1 (July 14, 2010).   Because Ricardo Sanchez (Case No. 16-80693-CV-SCOLA) and Daniel Troya (Case No. 16-80700-CV-SCOLA) were tried in a single, unified prosecution, and because they have cited several identical issues in support of their separate 2255 petitions, the issues raised herein apply to all trial counsel and appellate counsel for both movants. The multitude of Sixth Amendment ineffectiveness of counsel claims by both Ricardo Sanchez and Daniel Troya are particularly described in Exhibit A to this motion, incorporated herein.

The United States contends that ABA opinions are not binding on any attorney, even those licensed or practicing in states that have adopted the ABA Model Rules of Professional Conduct. The government argues that this Court should reject Formal Opinion 10-456 because the plain language of Rule 1.6 does not require court-supervised disclosure of confidential information by lawyers defending accusations of attorney misconduct or malfeasance by former clients.   This Court should also reject the Opinion's statement that attorney disclosures are only permissible with either client consent or in a judicially-supervised proceeding.   Once a client makes allegations against an attorney, the lawyer may exercise his/her discretion as to whether to disclose such information as may be reasonably necessary to defend against the allegations; no court supervision is necessary.

Well-settled precedent holds that a prisoner waives the attorney-client privilege as to a particular issue when the inmate claims denial of effective assistance of counsel on that issue.

8

The United States requests that this Court enter an order which finds that each of the movants, Ricardo Sanchez and Daniel Troya, has impliedly waived his attorney-client privilege. The government also requests that the order direct defense counsel to provide all information to the United States that counsel believes is reasonably necessary to respond to the allegations of ineffectiveness, and to meet with counsel for the United States in order to enable the government to respond to the Sixth Amendment claims raised in each petition. Without such access, the government will not be able to comply with the Court's previously-entered Order and schedule directing the government to respond on or before October 12, 2016.

The Eleventh Circuit Court of Appeals has held that when a movant in a habeas corpus motion raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged.

A party "waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys, or testimony concerning the reasonableness of its attorneys' conduct." *GAB Bus. Servs., Inc. v. Syndicate*, 809 F.2d 755, 762 (11th Cir. 1987). By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, a movant puts at issue - and thereby waives - any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices.

In *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967), the Court rejected the argument of a § 2255 petitioner who asserted that his trial counsel should not have been permitted to testify regarding their confidential communications, even though the petitioner put those conversations at issue by attacking the attorney's performance. The petitioner sought to vacate his conviction by

arguing that his attorney provided inadequate representation. The District Court in *Laughner*, in accordance with the instructions of the Fifth Circuit, conducted a hearing at which it heard testimony from the attorney who represented the petitioner at the time of his conviction. On the basis of that testimony, the Court denied the § 2255 motion. The Fifth Circuit Court affirmed, and rejected the petitioner's claim of a violation of the attorney privilege:

> We are met with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this post-conviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue. The rule that a client waives his privilege by attacking the attorney's performance of his duties seems to have been adopted unanimously by those courts which have dealt with the question There is no contention nor any indication in the record that the testimony elicited from the attorney in this case exceeded the scope of that waiver. Consequently, appellant's claim that his privilege was violated is baseless.

Id. at 327 & n. 1 (citations omitted) .

*Laughner* is the law of the Eleventh Circuit and has been applied in subsequent decisions from that Court. *See Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir. 1986) (en banc)(Edmondson, J., concurring) (noting in § 2254 proceeding that "[a]lthough the attorney-client privilege, in particular, and attorney-client confidentiality, in general, are important concerns due genuine deference, courts have never treated them as inviolable. When a defendant has challenged his conviction by asserting an issue that makes privileged communications relevant, he waives the

privilege in respect to those communications"); *Smith v. Estelle*, 527 F.2d 430, 434 n. 9 (5th Cir. 1976) (stating that "[n]otwithstanding the fact that counsel's decision to have his client take the stand may have involved communication with his client, [petitioner] would not be able to invoke the attorney client privilege on remand in a post-conviction case" where petitioner alleged that he would not have testified at his trial but for the admission of a constitutionally invalid confession)

As *Strickland* itself emphasizes, the "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, ... on information supplied by the defendant [and] inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions."  *Strickland v. Washington*, 466 U.S. 668, 691 (1984);  *see also Chandler v. United States*, 218 F.3d 1305[ 1318-19 (11th Cir. 2000) ("Because the reasonableness of counsel's acts . . . depends critically upon information supplied by the [petitioner] or the [petitioner's] own statements and acts in dealing with counsel is highly relevant to ineffective assistance claims." (citations and internal quotation marks omitted)).

> Although the precise boundaries of the waiver will vary from case to case and in many instances will require careful evaluation by the district court, there should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances.

Johnson v. Alabama, 256 F.3d 1156 1 1178-1179 (11 th Cir. 2001).

### Conclusion

Based upon the foregoing, the government respectfully requests the Court issue an Order directing the trial attorneys, Michael Cohen and Donnie Murrell for Ricardo Sanchez, and Ruben Garcia and James Eisenberg for Daniel Troya, and their respective appellate counsel (Sarah

Gannett and Martin McClain for Sanchez), (Barry Fisher and Robert McGlasson for Troya) to supply any and all documents, correspondence relating to issues raised in the separate 2255 petitions.   The United States also seeks an order directing the same trial and appellate attorneys to meet with the United States at a reasonable time and place in to discuss the issues raised in the separate petitions in order to enable the United States to comply with this Court's entered Scheduling Orders.   In the alternative, the United States moves this court for a hearing to determine if movants have waived their attorney-client privilege for the issues each has raised in their petitions.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:      /s Stephen Carlton
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

12

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: /s/   *Stephen Carlton*
　　　　Stephen Carlton
　　　　Assistant United States Attorney

13