United States District Court
for the
Southern District of Florida

Daniel A. Troya, Movant          )
            )
v.                      )
            )  Civil Action No. 16-80700-Civ-Scola
            )
United States of America,   )
Respondent            )

### **Order on Motion for Reconsideration**

This matter is before the Court upon Daniel Troya's ("Movant") Motion for Reconsideration. ("Motion") (Mot. ECF No. 45). The Movant is in the custody of the United States Bureau of Prisons after having been sentenced to death for the October 13, 2006, murders of two young children: Luis Damian Escobedo (three years old) and Luis Julian Escobedo (four years old). (Verdict, Case No. 06-CR-80171 (Hurley, J), ECF No. 796). The Movant was also sentenced to life imprisonment for the murder of the children's parents, Jose Luis Escobedo and his wife Yessica Escobedo. The Movant's convictions and sentences were affirmed on direct appeal. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013). The United States Supreme Court has denied a writ of certiorari. *Sanchez v. United States*, 135 S.Ct. 2048 (2015).

On May 31, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ("Amended Motion") (Am. Mot. ECF No. 25). The Motion contained twenty-three claims for relief with multiple sub-claims: (I) juror misconduct, (II) trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires, (III) the statute that was used to convict and sentence the Movant to death is impermissibly vague, (IV) denial of effective assistance of counsel when the Movant was charged with a non-existent crime of felony murder used to enhance his sentence - trial and appellate counsel, (V) ineffective assistance of counsel for failing to move to dismiss the indictment - trial and appellate counsel, (VI) ineffective assistance of counsel for failing to request a jury instruction on manslaughter, (VII) ineffective assistance of counsel for failing to retain competent experts, failure to consult with experts, failure to file motions to exclude govt. experts, and failure to object to Government expert testimony, (VIII) ineffective assistance of counsel for failing to object to numerous trial errors, (IX) ineffective assistance of counsel for failing to object to the use of

juvenile convictions in aggravation, (X) ineffective assistance of counsel for failing to properly challenge the "three step process", (XI) ineffective assistance of counsel for failing to object to improper questioning of Government cooperating witness, (XII) *Brady* and *Giglio* violations (promises made to certain cooperating witnesses), (XIII) *Brady* violations during sentencing, (XIV) *Brady* violation for failure to provide evidence of defendant's brain damage, (XV) ineffective assistance of counsel for failing to challenge battery conviction used in aggravation, (XVI) ineffective assistance of counsel for failing to object to jury instructions and verdict forms, (XVII) ineffective assistance of counsel for conceding defendant's involvement in two uncharged shootings, (XVIII) ineffective assistance of counsel for failing to challenge the Government's evidence regarding an escape, (XIX) the death penalty violates the Eighth Amendment, (XX) ineffective assistance of counsel for failing to move for appropriate relief when counsel could not adequately investigate due to "life-threatening dangers", (XXI) ineffective assistance of counsel for failing to appropriately investigate mental health mitigation, (XXII) ineffective assistance of counsel for failing to timely and effectively investigate the Movant's personal history and background, and (XXIII) cumulative effects of error. (Am. Mot. ECF No. 25).

Once the Amended Motion was filed, the Court began its initial review of the Movant's claims. The Court determined that certain of his claims did not meet the criteria for dismissal pursuant to Rule 4, *Rules Governing Section 2255 Proceedings*. Therefore, the Court conducted a status conference on July 14, 2016. (Or. ECF No. 29). It became apparent at the status conference that, at least, some of the Movant's claims were properly before the Court. As such, the Court issued its scheduling order requiring the Government to respond to the Movant's claim in his Motion to Vacate, Set Aside, or Correct Sentence. (*Id.* at 29). The Court granted leave for the Movant to file a reply. The Court then conducted a more detailed review of the Movant's claims and determined that certain, but not all, of his claims should be dismissed.

Before the due date of the Government's Response, the Court dismissed the following claims: (I) juror misconduct, (II) trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires, (III) the statute that was used to convict and sentence the Movant to death is impermissibly vague, (XII) *Brady* and *Giglio* violations (promises made to certain cooperating witnesses), (XIII) *Brady* violations during sentencing, and (XIX) the death penalty violates the Eighth Amendment. Claim I was procedurally defaulted. Claims XII, XIII, and XIX were procedurally defaulted

but, even if they were not subject to a procedural bar, would be dismissed because the Movant is clearly not entitled to relief. Claims II and III were not procedurally barred but should be dismissed because they are claims in which the Movant was clearly not entitled to relief. (*See* Or. ECF No. 40 at 4). The Movant has sought reconsideration of the dismissal.

## Standard for Reconsideration

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). The Movant does not indicate under what rule he is seeking reconsideration. Regardless, because the Motion does not present new facts or new law but merely urges the Court to rethink its previous decision, the Motion will be denied.

The Movant argues that the Court's dismissal of his claims "demonstrates this Court may have overlooked pertinent caselaw and habeas doctrine, and should reinstate the claims." (Mot. ECF No. 45 at 1). The Movant raises three principle arguments. First, that summary dismissal is only appropriate when the claims are "palpably incredible" or "patently frivolous or false." (*Id.*) Second, that §2255 favors full development of legal claims. Third, the dismissal on procedural default "violates both the purpose of Rule 4 and Eleventh Circuit law." (*Id.* at 6). The Court is unpersuaded by all three arguments.

**Rule 4, Rules Governing Section 2255 Proceedings**

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts mandates that the Court promptly examine the motion and if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.*

While the Movant is correct that the Court may dismiss claims pursuant to Rule 4(b) when a claim is "patently frivolous"; it is also true that the Court may dismiss claims pursuant to Rule 4(b) when claims are "based upon unsupported generalizations" or "affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014) (citing *Holmes v. United States*, 876 F.2d 1545 (11th Cir. 1989).

Further, the Movant argues that Rule 4(b) "directs the Court to look at Mr. Troya's §2255 motion as a whole and determine whether to dismiss 'the motion.'" (Mot. ECF No. 45). However, this argument is without legal support. Indeed, the Rules Governing Section 2254 Proceedings Advisory Committee Notes (applicable to Rule 4 of the Rules Governing Section 2255 Proceedings) contemplates this exact possibility. "[T]he judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit." *Id.* Further, "[i]n reviewing the petition, if it plainly appears from the petition, with or without an answer and/or attached record of prior proceedings, that the petition should be dismissed because of legal principles relating to jurisdiction, timeliness or exhaustion, without further inquiry into the merits, the district court may do so, thus obviating detailed review of the petitioner's substantive claims." *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1085 (11th Cir. 2014) (Baylson, D.J., concurring).

**Procedural Default**

Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). The United States Supreme Court has explained, this rule "is neither a statutory

nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims *at trial* or on direct review." *Owen v. United States*, 483 F.3d 48 (1st Cir. 2007) (emphasis added).

On April 3, 2012, the Movant filed his direct appeal with the United States Court of Appeals for the Eleventh Circuit. (*See* Direct Appeal, Case No. 09-12716-P). The challenge to his conviction and sentence was filed more than three years after his trial. (Case No. 06-CR-80171 (Hurley, J), ECF. No. 792). The issue here is whether certain claims could have been raised at trial, post-trial, or made on direct appeal. For claims which could have and should have been made, the Movant is foreclosed from raising those substantive claims in this collateral proceeding absent one of the two limited exceptions to the procedural default rule.

The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. *See Lynn*, 365 F.3d at 1234. Under the cause and prejudice exception, a §2255 movant can avoid application of the procedural default bar by "show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself. *See Dretke v. Haley*, 541 U.S. 386, 388 (2004).

As to these exceptions, the Movant has not specifically argued that he lacked proper notice and the opportunity to be heard. (Mot. ECF No. 45 at 12). However, because the Movant did reference the notice and opportunity requirement and his ability to establish cause and prejudice, the Court will address the issue.

### Notice and Opportunity

Local Rule 88.2(a)(3), S.D. Fla., Post Conviction, Habeas Corpus, and Civil Rights Proceedings requires that Motions to Vacate pursuant to 28 U.S.C. §2255 "must substantially follow the forms, if any prescribed by the Court." The Southern District of Florida does not prescribe a form specific to this District but refers litigants to the United States Courts' website wherein the

Movant would find an AO 243 (Rev. 01/15) form. While this form is primarily used by *pro se* movants, in accordance with the Local Rules, counseled petitions must "substantially follow." The Movant's Amended Motion did not substantially follow the AO 243 form.

The AO 243 form provides the Movant with an opportunity to address any affirmative defense at the initial pleading stage. Section 12 of the AO 243 has designated, in every ground for relief, the question: "[i]f you appealed from the judgment of conviction, did you raise this issue?" *See* AO 243 at 5. It further asks, "[i]f you did not raise this issue in your direct appeal, explain why?" It similarly asks specific questions about timeliness of the petition: "[i]f your judgement of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2255 does not bar your motion." *See* AO 243 at 11.

Prior to 2004, the AO 243 (Rev. 1/95) form did not pose these questions. In 2004, this inquisitive language was added after a series of cases wherein the Courts found that district courts were not providing *pro se* petitioners with adequate notice and opportunity to address procedural defaults. *See Acosta v. Artuz*, 221 F.3d 117 (2nd Cir. 2000) (" Moreover, the problem of unlearned and unskilled *pro se* petitioners inadequately addressing the statute of limitation in the petition is compounded in this case by the fact that the outdated AO Forms given to these prisoners are not designed to elicit any information concerning these factors"); *see also Snider v. Melindez*, 199 F.3d 108 (2nd Cir. 1999) (noting the difficulty presented by the use of an incomplete and confusing standard form that "fails to warn the prisoner that certain answers will lead to the dismissal of his action"); *United States v. Wright*, 2013 WL 11521882 (D. SC. June 3, 2013) ("However, in response to *Hill* , the Administrative Office of the United States Courts modified the § 2255 forms in December 2004.").

Further, the AO 243 includes a specific instruction to the Movant: "CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date." (emphasis in original). This is the standard applied to all Motions to Vacate pursuant to Section 2255 in the Southern District of Florida, regardless of whether the Movant is represented by counsel or whether he is a *pro se* litigant of limited resources and information.

Our sister courts have interpreted this type of questioning at the initial pleading stage to be, in and of itself, "sufficient notice and opportunity to present his position..." *Miles v. United States*, 2014 WL 3747776, *1, n.4 (M.D. Fla. July 29, 2014) ("Petitioner's answer to question 18 and his statements in his memorandum of law. . . demonstrate that he understood the need to explain why this court should not dismiss his motion as untimely. Accordingly, Petitioner was afforded sufficient notice and opportunity to present his position on the timeliness of his motion. *Day v. McDonough*, 547 U.S. at 209"); *see also Flores v. United States*, 2009 WL 2602249 *2 (W.D.NC. 2009) (dismissing motion because"[d]espite being given a specific opportunity to do so on his §2255 form. Petitioner does not provide any reason for failing to present this issue on direct appeal."); *United States v. Graham*, 2005 WL 1705819, *1 (ND. Ill. 2005) (Graham's §2255 form clearly denotes that he failed to appeal his sentence directly to the Seventh Circuit Court of Appeals and gives no indication of cause or resulting prejudice); *Godwin v. United States*, 2009 WL 2602228, *1 (W.D. NC. 2009) (dismissing motion when "[d]espite being given an opportunity to do so on her § 2255 form, Petitioner does not provide any reason for her failure to raise these issues on direct appeal. As such, she is precluded from presenting these claims for collateral review.");*United States v. Facundo-Guzan*, 2007 WL 4468686 *4 (W.D. Ark. 2007) (dismissing motion because "[p]etitioner fails to offer any explanation for his failure to raise this argument previously. In the paragraph of his § 2255 form petition where he is asked to explain the reasons why any grounds being raised now for the first time were not raised in prior proceedings, Petitioner merely provides a statement complaining about the discrimination he feels...")

It would be inequitable to find that a *pro se* litigant received notice and opportunity to respond by completing a required standardized form but a movant that has experienced and qualified counsel did not. If anything, the Court should apply a higher standard to §2255 movant's represented by counsel. *See Elzy v. United States*, 205 F.3d 882 (6th Cir. 2000) ("this is not a *pro se* proceeding, and, in fact, Elzy has not proceeded *pro se* at any time . . . We therefore are not bound to construe his pleadings liberally; much less ought we to construe them in such a way as to construct for Elzy the case that he has not made."). Therefore, the Court finds that the Movant had adequate notice and opportunity to be heard.

## Analysis

The remaining arguments in the Motion fail to meet applicable standards for reconsideration and otherwise lack merit. Specifically, the argument that

because counsel did not *obtain* the evidence until after trial, the claim could not have been raised and is not procedurally barred is specious. The dereliction of duty to investigate available evidence before trial does not mean that the issue was not *apparent* and *available* to counsel. As the Court stated when it dismissed these claims, the information required to assert these claims was available had counsel looked. The inquiry that the Court must engage in is not when the claim is the strongest, but rather when the claim was "available." *Harrison v. United States*, 2012 WL 3656432 (M.D. Ga., August 24, 2012).

If the substantive claim has merit, as the Movant asserts, then the argument must be that counsel was ineffective for failing to raise the issue prior to his Section 2255 proceedings. To assert that the Movant could not have argued these claims prior to his motion to vacate because the evidence that was required to prove the substantive claim was not discovered or obtained presents circular logic in that counsel's failure was, itself, the procedural default. *See Diepietro v. United States*, 251 Fed. Appx. 606 (11th Cir. 2007). The appropriate inquiry into availability of a claim is whether the claim existed at the time of trial or the direct appeal, not whether legal developments or new evidence would make the claim stronger. *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004).

This determination resolves the Movant's argument as to Claim I (juror misconduct), Claim XII (*Brady* and *Giglio* violations (promises made to certain cooperating witnesses)), Claim XIII (*Brady* violations during sentencing), Claim XIX (the death penalty violates the Eighth Amendment). The underlying factual basis for these claims, to the extent a factual basis exists, was available to counsel well before the filing of the Amended Motion. These claims could have been reviewed on their merit without further factual development on direct appeal. In particular, the Movant takes issue with the Court's determination of Claim XII. The Movant asserts that appellate counsel should not be charged with investigating *Brady* issues. However, the record clearly reflects that appellate counsel knew and investigated Kevin Vetere's Rule 35 proceedings. Appellate counsel filed an Eleventh Circuit Transcript Order Form for the transcription of Mr. Vetere's Rule 35 hearing within a day of his sentence being reduced. (Or. Form, Case No. 06-CR-80171 (Hurley, J), ECF No. 1060). These documents were in the record at the time of the direct appeal.

In sum, when the Movant filed his Amended Motion, he had two choices. First, he could raise the substantive claim as "a rider" on an ineffective assistance of counsel claim (trial or appellate counsel depending upon the

substantive claim). Second, he could raise the substantive claim but seek to overcome the procedural default by alleging cause and prejudice. The Movant did neither. Instead, he raised substantive procedurally defaulted claims in his §2255 proceeding. Moreover, the Court reviewed Claims XII, XIII, and XIX and found, in addition to the procedural bar, that the Movant was clearly not entitled to relief. Nothing presented in the Motion has changed that determination.

The two remaining claims, Claim II (trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires) and Claim III (the statute that was used to convict and sentence the Movant to death is impermissibly vague) were dismissed on their merits. The Court has reviewed and considered the arguments made for reconsideration and finds that the Movant is simply "relitigat[ing] old matters." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir.2005). The Movant has not provided newly-discovered evidence or shown manifest errors of law or fact which warrant reconsideration of its prior judgment.

It is **ordered and adjudged** that the Motion for Reconsideration of Order Dismissing Claims (Mot. **ECF. No. 45**) is **denied**.

**Done and ordered**, at Miami, Florida, on December 1, 2016.

Robert N. Scola, Jr.
United States District Judge