United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Daniel A. Troya, | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-80700-Civ-Scola |
| | ) | |
| United States of America, | ) | |
| Respondent | ) | |

**Order on Motion to Reassign Case Pursuant to 28 U.S.C. §455(a)**

This matter is before the Court upon Daniel Troya's ("Movant") Motion to Reassign Case Pursuant to 28 U.S.C. §455(a) ("Motion") (Mot. ECF No. 64). The Movant is in the custody of the United States Bureau of Prisons after having been sentenced to death for the October 13, 2006 murders of two young children: Luis Damian Escobedo (three years old) and Luis Julian Escobedo (four years old). (Verdict, Case No. 06-CR-80171 (Hurley, J), ECF No. 796). On May 31, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ("Amended Motion") (Am. Mot. ECF No. 25). In accordance with the Court's Internal Operating Procedure 2.15.00(b), this matter was randomly assigned to the Honorable Darrin P. Gayles. (Not. ECF No. 11). However, because the "matter [wa]s related to a similar action pending before the Honorable Robert N. Scola, Jr." good cause existed to transfer this matter to the undersigned. (Or. ECF No. 13).

At the time that the undersigned accepted the transfer of the matter, he was unaware that, during the underlying criminal trial, the Government was represented by former Assistant United States Attorney John Kastrenakes.[1] On December 9, 2016, the Movant sought reassignment of the case because certain assertions made in the Amended Motion could require the Court to assess the credibility of Judge Kastrenakes. (Mot. ECF No. 64). The Movant argued that because the undersigned and Judge Kastrenakes were former colleagues and "have known each other for several decades" a lay person could "have reasonable doubt about the impartiality of the proceedings." (*Id.*).

The undersigned has given the Movant's arguments and the law governing the recusal of judges serious thought. While the undersigned has no doubt in his ability to conduct these proceedings in a fair and impartial manner, he must consider that the personal and professional relationship between the undersigned and Judge Kastrenakes could cause "an objective,

---

[1] John Kastrenakes is currently a circuit court judge in the Fifteenth Judicial Circuit Court in Palm Beach County, Florida.

disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought [to] entertain a significant doubt about the [undersigned's] impartiality." *United States v. Kelly*, 888 F.2d 732 (1990).

The undersigned recognizes the significant burden a reassignment of this matter will place on the Court and the parties involved, but also recognizes that "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *See Liljeberg v. Health Serv. Acq. Corp.*, 486 U.S. 847 (1988). Because the integrity of the judicial process is implicated when an appearance of impropriety may exist, the undersigned reluctantly concludes that recusal is appropriate. When reaching this conclusion, the undersigned reviewed the Orders entered to date in conjunction with the impartiality concerns raised here and does not find that those Orders should be vacated.

It is **ordered and adjudged** as follows:

1. The Motion to Reassign Case Pursuant to 28 U.S.C. §455(a) (**ECF No. 64**) is **granted**.

2. The Clerk of the Court shall reassign this matter pursuant to the Court's Internal Operating Procedure 2.12.00, "Death Penalty/Habeas Corpus Cases."

**Done and ordered**, at Miami, Florida, on January 13, 2017.

Robert N. Scola, Jr.
United States District Judge

This cause is reassigned to Judge Kathleen M. Williams by the Clerk's office in accordance with the Local Rules for the Southern District of Florida and the applicable administrative Order.

All documents for filing in this case shall carry the following case number and designation: 16-cv-80700-Williams

BY ORDER OF THE COURT this 13 day of January 2017 at Miami, Florida.

STEVEN M. LARIMORE
Clerk of Court

By: s/Valerie Kemp