UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL TROYA,

     Movant,

v.                                 Case No.     16-80700-Civ-Dimitrouleas

UNITED STATES OF AMERICA,

     Respondent.

_____/

**RESPONSE TO NOTICE AND REQUEST FOR A RESPONSE (DOC 75) AND
MOTION TO REASSIGN CASE PURSUANT TO 28 U.S.C. § 455(a)**

The movant Daniel Troya, pursuant to 28 U.S.C. § 455(a) and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, responds to this Court's Notice and Request for a Response of January 23, 2017 (Doc. 75), and respectfully requests an order disqualifying and recusing the Honorable William Dimitrouleas from further participation in this case. The grounds for this motion and supporting legal authority are set forth as follows:

**I.     Introduction**

Upon recusal of the previously assigned Judge Robert Scola, this case was ultimately assigned to the Honorable William Dimitrouleas. Docs 72, 73 & 74. Upon review, this Court issued its order in which it provided the following notice to the parties: "Trial counsel for Daniel Troya was Ruben Garcia. Currently, and at the time of trial, Mr. Garcia shares office space with Attorney Michael D. Gelety. Mr. Gelety and the undersigned have been close friends since 1977 when we were both trial prosecutors before Judge Thomas M. Coker, in Broward County, Florida. Although this Court has presided over cases where Mr. Gelety was defense counsel[], this Court has also *sua sponte* recused itself from a § 2255 motion that alluded to ineffective assistance of counsel by Mr. Gelety.[]" (footnotes omitted). This Court further ordered: "[o]n or

before February 7, 2017 Mr. Troya shall either file a motion to recuse or a notice that he has diligently evaluated the issue and considered that recusal is not warranted."

Counsel have diligently evaluated the issue and file this motion to disqualify. Pursuant to the Court's direction to evaluate the issue, counsel learned both Messrs. Gelety and Garcia are together longtime principals in 1209 GROUP, INC., a for-profit corporation. While the nature of the business is not readily apparent, it appears the two jointly own the building in which both attorneys share office space. In addition, undersigned have previously visited the building, and it appears both Mr. Gelety and Mr. Garcia share a common receptionist and common area. Undersigned also observed the offices of each attorney do not appeared to be walled off in any way, permitting easy sharing of case information.

As this Court points out, the section 2255 motion alleges the ineffectiveness of Mr. Garcia. Because of the lengthy and close financial and legal relationship between Messrs. Gelety and Garcia, this Court should disqualify itself and reassign this case.

II.     **The Standards Governing this Motion**

Section 455(a) of Title 18 provides "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under §455(a) for determining whether a judge's impartiality might reasonably be questioned is "whether an objective, disinterested, lay observer fully informed of the facts underlying the ground on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.* 855 F. 2d 1510, 1523 (11th Cir. 1988). [1]  The §455(a) analysis does not call into question either the Court's actual

---

[1] An objective standard creates problems in implementation. Judges must imagine how a reasonable, well-informed observer of the judicial system would react. Yet the judge does not stand outside the system; as a dispenser rather than a recipient or observer of decisions, the judge understands how professional

impartiality or the Court's ability to remain impartial, as "a reasonable person may question impartiality without the presence of any evidence that a judge is subjectively biased." *In re Bulger*, 710 F.3d 42, 46 (1st Cir. 2013); *see also Murray v Scott*, 253 F.3d 1308, 1313 (11th Cir. 2001) ("Furthermore, we do not decide or hint today that Judge De Ment either has acted unfairly to the parties as he ruled on this case or has utterly disregarded his ethical duties.").

The Supreme Court has explained the goal of section 455(a) is to avoid even the appearance of partiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994) ("what matters is not the reality of bias or prejudice, but its appearance"); *see also In re School Asbestos Litigation*, 977 F.2d 764, 782 (3d Cir. 1992) ("[t]he problem, however, is that regardless of actual impartiality, a reasonable person might perceive bias to exist, and this cannot be permitted."); *In re Murchison*, 349 U.S. 133, 136 (1955) ("Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.'") (citation omitted).

There is no dispute that mere friendships and acquaintanceships alone do not require disqualification of a judge. *See e.g. United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) ("…friendships among judges and lawyers are common…a judge need not disqualify

---

standards and the desire to preserve one's reputation often enforce the obligation to administer justice impartially, even when an observer might be suspicious. Judges asked to recuse themselves hesitate to impugn their own standards; judges sitting in review of others do not like to cast aspersions. Yet drawing all inferences favorable to the honesty and care of the judge whose conduct has been questioned could collapse the appearance of impropriety standard under § 455(a) into a demand for proof of actual impropriety. So although the court tries to make an external reference to the reasonable person, it is essential to hold in mind that these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be.

*Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990)

himself just because a friend—even a close friend—appears as a lawyer.); *Hadler v. Union Bank and Trust Co. of Greenburg*, 765 F. Supp 976 (1991) ("Friendship means many things, but it is rarely adequate grounds upon which to seek recusal of a federal judge."). However, when a previous colleague or a friend has testimony to provide on a key issue such that a judge is required to judge his or her credibility, § 455(a) mandates disqualification based on the appearance of impartiality. *See e.g. United States v. Murphy*, 768 F.2d 1518 (7th Cir. 1985) (concluding judge should have disqualified himself where he and the prosecuting attorney were close friends and planned to vacation together immediately after the trial); *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989) (holding trial judge improperly failed to disqualify himself when, among other things, a close personal friend was a key defense witness); *Roberts v. Bailar*, 625 F.2d 125 (6th Cir. 1980) (reversed for failing to disqualify where, in pretrial proceedings, the judge revealed he knew one of the parties and that he considered him an honorable man who would not discriminate).

In *Hadler*, the court noted that, although mere friendship is an insufficient reason to disqualify, recusal was required where the judge's friend was to be a witness; his testimony would likely be pivotal; his testimony would "turn on his credibility as a witness"; the judge was to be the factfinder; and the friend had an interest in the outcome of the case. 763 F. Supp. at 978.  Likewise, in *United States v. Ferguson*, 550 F.Supp. 1256 (S.D. N.Y. 1982), the judge's relationship with a former law clerk, whose testimony was crucial on a disputed issue, mandated disqualification. As the district judge noted,

> The issue then is not the Court's own introspective capacity to sit in fair and honest judgment with respect to the controverted issues, but whether a reasonable member of the public at large, aware of all the facts, might fairly question the Court's impartiality. This is an objective standard and "where the question is close, the judge whose impartiality might reasonably be questioned must recuse

himself from the trial."…This situation is quite unlike the prior motion to disqualify because a former law clerk had been assigned to prosecute the case. The mere fact of close relationship did not require disqualification. *In this instance, however, credibility is a vital issu*e. The Court concludes that under all the circumstances here presented it is required to disqualify itself on the ground that its impartiality might reasonably be questioned.

*Id.* at 1259-60 (internal citations omitted) (italics added).

Similarly, in *Parker v. Connors Steel Co.,* 855 F.2d 1510 (11th Cir. 1988), the Eleventh Circuit held that the trial judge should have disqualified himself where his law clerk's father – who had himself been the judge's law clerk – was a partner in a law firm representing one of the parties.

The need for disqualification to preserve the appearance of justice is even greater where, as here, the Court plays the role of factfinder. *See Hadler*, *supra; Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 166 (3d Cir. 1993) ("When the judge is the actual trier of fact, the need to preserve the appearance of impartiality is especially pronounced."). Moreover, case law makes clear that judges must resolve any doubts they may have in favor of disqualification. *See e.g. Murray v. Scott*, 253 F.3d 1308, 1313 (11th Cir. 2001) ("federal judges must early and often consider potential conflicts that may arise in a case and, in close cases, must err on the side of recusal"); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989) ("judges must resolve any doubts they may have in favor of disqualification).

### III.    The Need for Disqualification in this Case

In his § 2255 motion, Mr. Troya alleges the ineffectiveness of his trial counsel Ruben Garcia. This Court has put the parties on notice that in at least one case in which Mr. Garcia's office mate and business partner, Mr. Gelety, has been alleged to have been ineffective, it has *sua sponte* recused itself. A review of the case involving the *sua* sponte recusal reveals that the

Court previously employed Mr. Gelety's son as a summer intern. *United States v. Perkins,* CASE NO . 05-60106-CR-DIMITROULEAS, Doc. 44  This is very similar to the *Connor* case where the Eleventh Circuit held the trial judge should have disqualified himself. 855 F. 2d at 1523.

Further investigation[2] by undersigned counsel shows Messrs. Gelety and Garcia are also longtime business partners, most likely in the building the two share.[3] In addition, undersigned counsel's observation of the shared office space during a previous visit revealed there is a single receptionist and a single entrance to the office space with only an open area dividing the offices. With this arrangement, it is also very likely the two are friends and consult with one another on cases (potentially including the case at bar). If so, Mr. Gelety's professional competence could also be called into question indirectly by a ruling of this Court in favor of Mr. Troya.

While counsel is not suggesting the Court actually harbors bias or prejudice, the appearance presented by these facts is troubling to a non-legal observer. A lay person observing these events would, in fact, have a reasonable doubt about the impartiality of the proceedings. Any credibility determination or ruling by this Court adverse to Mr. Garcia would undoubtedly adversely affect Mr. Gelety's professional and business interests.  Mr. Gelety is a close friend of

---

[2] The undersigned have not engaged in an extensive investigation of this matter in accord with *Am. Textile Mfrs. Inst., Inc. v. Limited, Inc.*, 190 F.3d 729 (6th Cir. 1999).:

"We believe instead that litigants (and, of course, their attorneys) should assume the impartiality of the presiding judge, rather than pore through the judge's private affairs and financial matters. Further, judges have an ethical duty to "disclose on the record information which the judge believes the parties or their lawyers might consider relevant to the question of disqualification." *Porter v. Singletary*, 49 F.3d 1483, 1489 (11th Cir. 1995). . . . [The judge] possibly did not consider the matter sufficiently relevant to merit disclosure, but his nondisclosure did not vest in [the parties] a duty to investigate him."

Here, the Court was prompt and forthcoming with the information that is the basis of this motion and assiduously complying with its necessary disclosure duties; counsel have strictly complied with the *Am. Textile Mfrs. Inst., Inc.* holding and conducted only a cursory investigation into the judicial disclosure at issue here.

[3] Justice Scalia has noted "friendship is a ground for recusal of a [judge] where the personal fortune or the personal freedom of the friend is at issue," though not when the friend's official action is at issue. *Cheney v. United States Dist. Court*, 541 U.S. 913, 916  (2004) (mem.) (Scalia, J.).

the Court. A reasonable person would certainly question the impartiality of a judge presiding over a capital case in which the professional and business interests of that close friend would be adversely affected by a ruling. A hypothetical observer would reasonably suspect there was some desire to shield a former colleague and friend from injury to his professional and business interests.

## CONCLUSION

Mr. Troya respectfully requests that his case be reassigned pursuant to 28 U.S.C. §455(a).

**Respectfully Submitted**,

| | |
|---|---|
| */s/ Steven H. Malone* | */s/ D. Todd Doss* |
| STEVEN H. MALONE | D. TODD DOSS |
| Steven H. Malone, P.A. | Assistant Federal Defender |
| 1217 South Flagler Drive | Federal Defender's Office, MDFL |
| Second Floor | 201 South Orange Ave., Ste. 300 |
| West Palm Beach, FL 33401 | Orlando, FL 32801 |
| Tele: 561-805-5805 | Tele: 407-648-6338 |
| Email: stevenhmalone@bellsouth.net | Email: todd_doss@fd.org |
| Florida Bar No. 305545 | Florida Bar No. 0910384 |
| *Counsel for Daniel A. Troya* | *Counsel for Daniel A. Troya* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case, either via transmission of the Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ *D. Todd Doss*
D. TODD DOSS