UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL TROYA,
      Movant,

v.                                       Case No.      9:16-Cv-80700-KMM

UNITED STATES OF AMERICA,

      Respondent.
_____/

### MOVANT TROYA'S NOTICE OF RELATED ACTION

The movant Daniel Troya files this Notice of Related Action pursuant to Rule 3.8 of the Local Rules of the District Court, Southern District of Florida, as the § 2255 petition filed in this matter contains similar issues and facts related to another § 2255 proceeding pending in this district, that is, *Ricardo Sanchez, Jr. v. United States*, Case No. 9:16-Cv-80693-BB.

The United States prosecuted Ricardo Sanchez, Jr. and Daniel Troya as codefendants in the same criminal case, No. 9:06-Cr-80171-Hurley. The multi-count, multi-defendant indictment contained four death-eligible homicide counts each against both Messrs. Sanchez and Troya, resulting in convictions. The jury returned death sentence verdicts against both defendants on two of the four counts. In a consolidated appeal, the convictions and death sentences of both defendants were affirmed. *Troya & Sanchez v. United States*, 733 F. 3d 1125 (11th Cir. 2013). The Supreme Court denied certiorari on May 4, 2015.

Separate § 2255 petitions have been filed on behalf of both Mr. Sanchez and Mr. Troya by their court-appointed § 2255 counsel. Both petitions share operative facts and claims resulting from the joint trial. Since Mr. Sanchez's § 2255 was filed earlier, and was assigned a lower civil case number, that case has controlled the assignment of judges for both defendants.

1

Mr. Sanchez filed his petition on May 3, 2016, *Sanchez*, DE 1, Case No. 9:16-Cv-80693-BB, followed by Mr. Troya later the same day. *Troya*, DE 1, Case No.9:16-Cv-80700-KMM. On May 7, 2016, the original trial court judge, Sr. Judge Daniel T.K. Hurley, entered an order directing the Clerk to classify Mr.  Sanchez's petition as a "Death Penalty/Habeas case" and reassign it to another judge pursuant to the capital case assignment procedures. *Sanchez,* DE 7. On May 10, 2016, the original trial court judge, Sr. Judge Daniel T.K. Hurley entered a similar order in Troya's case, directing the Clerk to classify Troya's petition as a "Death Penalty/Habeas case" and reassign it to another judge pursuant to the capital case assignment procedures. *Troya,* DE 10. The Clerk entered a Notice of Reassigning Sanchez's case to Judge Robert N. Scola, Jr., *Sanchez*, DE 8, and a separate Notice Reassigning Troya's § 2255 case to Judge Darrin P. Gayles, *Troya*, DE 11. Two days later, both § 2255 petitions were assigned to Judge Robert N. Scola, Jr., after Judge Gayles entered an order transferring the Troya matter to Judge Scola for all further proceedings. *Troya*, DE 13.

On January 13, 2017, Judge Scola recused himself from the both the Troya and Sanchez cases. *Troya*, DE 72; *Sanchez*, DE 61. Mr. Troya's case was assigned to Hon. Kathleen Williams, and Mr. Sanchez's to the Hon. William Dimitrouleas. *Id.* The government filed a notice of related action in Mr. Troya's case, citing the lower case number of Sanchez's case, and Judge Williams reassigned Mr. Troya's case to Judge Dimitrouleas. *Troya* DE73, 74.

On  February 8, 2017, Hon. William Dimitrouleas recused himself and Mr. Troya's case was reassigned to Judge Williams. *Troya*, DE 79. Mr. Sanchez's was assigned to the Hon. Beth Bloom. *Sanchez* DE 61. Judge Williams immediately recused herself, and Mr. Troya's case was reassigned to the Hon. Michael K. Moore. *Troya*, DE 81.

Rule 3.8 of the Local Rules of the District Court of the Southern District of Florida, together with Internal Operating Procedure 2.15.00 (C), provide a party should alert the Court to any case or cases where the disposition would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge. IOP 2.15.00 (c), provides the cases should go to the case which was filed first, providing:

> (c) **Similar.** Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

Assignment of Messrs. Sanchez and Troya's cases to different judges would "appear to entail the unnecessary duplication of judicial labor," given the procedural history of both related § 2255 petitions. The movant Troya respectfully suggests his § 2255 motion now filed in Case No. 16-80700-CIV be assigned to the same judge as the earlier-filed matter, that is, *Ricardo Sanchez v. United States*, Case No. 16-80693-CIV (which bears the lower case number) pursuant to the Local Rules and Internal Operating Procedures.

**Respectfully Submitted**,

| | |
|---|---|
| */s/ Steven H. Malone* | */s/ D. Todd Doss* |
| STEVEN H. MALONE | D. TODD DOSS |
| Steven H. Malone, P.A. | Assistant Federal Defender |
| 1217 South Flagler Drive | Federal Defender's Office, MDFL |
| Second Floor | 201 South Orange Ave., Ste. 300 |
| West Palm Beach, FL 33401 | Orlando, FL 32801 |
| Tele: 561-805-5805 | Tele: 407-648-6338 |
| Email: stevenhmalone@bellsouth.net | Email: todd_doss@fd.org |
| Florida Bar No. 305545 | Florida Bar No. 0910384 |
| *Counsel for Daniel A. Troya* | *Counsel for Daniel A. Troya* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case, either via transmission of the Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ *D. Todd Doss*
D. TODD DOSS

4