**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-80700-Civ-BLOOM**


DANIEL A. TROYA,
               Movant


v.


UNITED STATES OF AMERICA,
               Respondent

_____/


## <u>ORDER</u>


THIS CAUSE is before the Court upon a *sua sponte* review of the record.  The Movant is in the custody of the United States Bureau of Prisons after having been sentenced to death for the October 13, 2006, murders of two young children: Luis Damian Escobedo (three years old) and Luis Julian Escobedo (four years old). (Verdict, Case No. 06-CR-80171 (Hurley, J), ECF No. [796]).  The Movant was also sentenced to life imprisonment for the murder of the children's parents, Jose Luis Escobedo and his wife Yessica Escobedo.  The Movant's convictions and sentences were affirmed on direct appeal. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013). The United States Supreme Court has denied a writ of certiorari.  *Sanchez v. United States*, 135 S.Ct. 2048 (2015).

On May 31, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ("Amended Motion") (Am. Mot., ECF No. [25]).  The Motion contained twenty-three (23) claims for relief with multiple sub-claims: (I) juror misconduct, (II) trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires, (III) the statute that was used to convict and sentence the Movant to death is

impermissibly vague, (IV) denial of effective assistance of counsel when the Movant was charged with a non-existent crime of felony murder used to enhance his sentence - trial and appellate counsel, (V) ineffective assistance of counsel for failing to move to dismiss the indictment - trial and appellate counsel, (VI) ineffective assistance of counsel for failing to request a jury instruction on manslaughter, (VII) ineffective assistance of counsel for failing to retain competent experts, failure to consult with experts, failure to file motions to exclude govt. experts, and failure to object to Government expert testimony, (VIII) ineffective assistance of counsel for failing to object to numerous trial errors, (IX) ineffective assistance of counsel for failing to object to the use of juvenile convictions in aggravation, (X) ineffective assistance of counsel for failing to properly challenge the "three step process", (XI) ineffective assistance of counsel for failing to object to improper questioning of Government cooperating witness, (XII) *Brady* and *Giglio* violations (promises made to certain cooperating witnesses), (XIII) *Brady* violations during sentencing, (XIV) *Brady* violation for failure to provide evidence of defendant's brain damage, (XV) ineffective assistance of counsel for failing to challenge battery conviction used in aggravation, (XVI) ineffective assistance of counsel for failing to object to jury instructions and verdict forms, (XVII) ineffective assistance of counsel for conceding defendant's involvement in two uncharged shootings, (XVIII) ineffective assistance of counsel for failing to challenge the Government's evidence regarding an escape, (XIX) the death penalty violates the Eighth Amendment, (XX) ineffective assistance of counsel for failing to move for appropriate relief  when counsel could not adequately investigate due to "life-threatening dangers", (XXI) ineffective assistance of counsel for failing to appropriately investigate mental health mitigation, (XXII) ineffective assistance of counsel for failing to timely and effectively

investigate the Movant's personal history and background, and (XXIII) cumulative effects of error.  (Am. Mot., ECF No. [25]).

When the Amended Motion was filed, it was assigned to the Honorable Robert N. Scola.[1] Pursuant to Rule 4, *Rules Governing Section 2255 Proceedings*, Judge Scola conducted an initial review of the Movant's claims and determined that certain, but not all, of his claims should be dismissed.  (Or., ECF No. [29]). The Court dismissed the following claims:  (I) juror misconduct, (II) trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires, (III) the statute that was used to convict and sentence the Movant to death is impermissibly vague, (XII) *Brady* and *Giglio* violations (promises made to certain cooperating witnesses), (XIII) *Brady* violations during sentencing, and (XIX) the death penalty violates the Eighth Amendment. Claim I was procedurally defaulted.  Claims XII, XIII, and XIX were procedurally defaulted but, even if they were not subject to a procedural bar, were dismissed because the Movant was clearly not entitled to relief.  Claims II and III were not procedurally barred but were dismissed because they were claims in which the Movant was clearly not entitled to relief.  (*See* Or., ECF No. [40] at 4). The Movant sought reconsideration of the dismissal. (Mot., ECF No. [45]). The motion for reconsideration was denied. (Or., ECF No. [60]). Following the denial of reconsideration, Judge Scola recused himself from presiding over the case because "the personal and professional relationship between the undersigned and [the lead prosecutor] could cause 'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought [to] entertain a significant doubt about the

---

[1] This matter was originally assigned to the Honorable Darrin P. Gayles.  (Or., ECF No. [11]).  On May 13, 2016, this matter was transferred to Judge Scola. (Or., ECF No. [13]).

[undersigned's] impartiality.' *United States v. Kelly*, 888 F.2d 732 (1990)." (Or., ECF No. [72] at 1-2).  Pursuant to 28 U.S.C. §455(a), the case was reassigned.[2]

The order of dismissal (Or., ECF No. [40]) was entered prior to Judge Scola's recusal. Therefore, the Court considers whether such order should be vacated. *See Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988)(" in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."); *see also United States v. South Florida Water Management District*, 290 F. Supp. 2d 1356 (S.D. Fla. 2003).  Upon review of all the facts and circumstances in this case, the Court finds that vacating the order of dismissal to be in the best interest of all parties and the judicial process.

It is therefore **ORDERED AND ADJUDGED** that:

1.  The Order Dismissing Claims, ECF No. [40], is **VACATED.**

2.  On or before **April 3, 2017**, the Respondent shall file an amended response, with an incorporated memorandum of law, to include a response to the claims previously dismissed. The Respondent shall also file an amended response to the discovery motion, to include the corresponding discovery requests previously determined to be mooted by the dismissal.

---

[2] In the interim period between Judge Scola's recusal and the date of this order, this matter has been reassigned multiple times.  On January 13, 2017, Judge Scola recused. (Or., ECF No. [72]). The matter was randomly assigned to the Honorable Kathleen Williams. (*Id.*).  On January 20, 2017, the matter was transferred to the Honorable William P. Dimitrouleas. (Or., ECF No. [74]).  On February 8, 2017, Judge Dimitrouleas recused. (Or., ECF No. [79]).  The matter was reassigned to Judge Williams. (Or., ECF No. [80]).  On February 10, 2017, Judge Williams recused. (Or., ECF No. [81]).  The matter was reassigned to the Honorable K. Michael Moore. (*Id.*) On February 16, 2017, the matter was transferred to the undersigned. (Or., ECF No. [84]).

CASE NO. 16-80700-Civ-BLOOM

3.  The Movant may file an amended reply on or before **May 8, 2017**.

**DONE AND ORDERED in Chambers**, at Miami, Florida, this February 17, 2017.

cc: counsel of record

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**