**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-80700-Civ-BLOOM**


DANIEL A. TROYA,
             Movant


v.


UNITED STATES OF AMERICA,
             Respondent

_____/


## **ORDER**

THIS CAUSE is before the Court upon the United States' Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived.[1] ("Motion") ECF No. [30]. On August 4, 2016, the Court denied the instant Motion before the Movant filed a Response.  ECF No. [31]. On January 13, 2017, the presiding judge recused himself from this matter. ECF No. [72]. The  matter was then randomly assigned several times but each assigned judge had a conflict.[2]  Ultimately, the matter was transferred to the undersigned.  ECF No. [84]. On February 21, 2017, the Court vacated the Order denying the Motion and ordered the Movant to file a Response. ECF No. [88].

---

[1] On May 3, 2016, the Movant filed a 28 U.S.C. §2255 motion to vacate, set aside, or correct his federal death sentence. ("§2255 motion")  ECF No. [1]. On May 31, 2016, the Movant filed an Amended Motion to Vacate. ECF No. [25].


[2] The matter was randomly assigned to the Honorable Kathleen Williams. *Id.*  On January 20, 2017, the matter was transferred to the Honorable William P. Dimitrouleas.  ECF No. [74].  On February 8, 2017, Judge Dimitrouleas recused. ECF No. [79].  The matter was randomly reassigned to Judge Williams. ECF No. [80].  On February 10, 2017, Judge Williams recused. ECF No. [81].  The matter was reassigned to the Honorable K. Michael Moore. *Id.* On February 16, 2017, the matter was transferred to the undersigned. ECF No. [84].

In the Motion, the Respondent advises the Court that it contacted the Movant's trial and appellate counsel. ECF No. [30 at 2].  According to the Respondent, counsel "indicated that they were not inclined to provide information to the United States Attorney's Office, or sit down to discuss their former representation, citing attorney-client privilege." (*Id.*)  As such, the Respondent is seeking an order from the Court directing the attorneys to "supply any and all documents, correspondence relating to issues raised in the separate 2255 petitions" and to direct the lawyers to "meet with the United States at a reasonable time and place to discuss the issues raised in the separate petition in order to enable the United States to comply with this Court's entered Scheduling Orders." (*Id.* at 11).

In response, the Movant argues that the Respondent is seeking to conduct discovery without satisfying the "good cause" requirement of Rule 6 of the Rules Governing §2255 Proceedings. The Court agrees.  Pursuant to Rule 6, of the Rules Governing Section 2255 Proceedings for the United States District Courts, a party must request discovery and "must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).  The Respondent has not done so.  Absent this information, the Court is unable to authorize the Respondent to conduct discovery.

Moreover, a §2255 movant can waive his attorney-client privilege if the privileged communication is relevant to his claims of ineffective assistance of counsel but "the precise boundaries of the waiver will vary from case to case, and in many instances will require careful evaluation by the district court." *Johnson v. Alabama*, 256 F.3d 1156, 1179 (2001); s*ee also Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir.1986) (en banc) (Edmondson, J., concurring) (noting in §2254 proceeding that "[a]lthough the attorney-client privilege, in particular, and attorney-client confidentiality, in general, are important concerns due genuine

deference, courts have never treated them as inviolable. When a defendant has challenged his conviction by asserting an issue that makes privileged communications relevant, he waives the privilege in respect to those communications."); *Smith v. Estelle*, 527 F.2d 430, 434 n.9 (5th Cir.1976) (stating that "[n]otwithstanding the fact that counsel's decision to have his client take the stand may have involved communication with his client, [petitioner] would not be able to invoke the attorney-client privilege on remand in a post-conviction case" where petitioner alleged that he would not have testified at his trial but for the admission of a constitutionally invalid confession). If Respondent seeks to conduct discovery that would require a waiver of attorney-client privilege, it must do so with requisite specificity to enable the Court to make an informed evaluation of the waiver.

It is **ORDERED AND ADJUDGED** that:

The Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, **ECF No. [30]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 15, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record