UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80700-CV-BLOOM
(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))


DANIEL A. TROYA,
                    Movant,

vs.

UNITED STATES OF AMERICA,
                    Respondent.
_____/


**UNITED STATES' RE-NEWED MOTION FOR THE COURT
TO ENTER AN ORDER HOLDING THAT THE ATTORNEY-
CLIENT PRIVILEGE HAS BEEN WAIVED**

Movant, Daniel A. Troya, through counsel has filed a petition for which he alleges that his

trial attorneys Ruben Garcia and James Eisenberg, and appellate attorneys Barry Fisher and Robert

McGlasson, were ineffective.[1] To adequately respond to Movant's allegations, it will be necessary

for the government to obtain information from with those attorneys, (and trial mitigation specialist

Kerry Sheehan) obtain documents and perhaps obtain an affidavit and/or testimony from each of

them in lieu of deposition.

On March 31, 2009, Movants Ricardo Sanchez and Daniel Troya were convicted of

multiple drug trafficking, firearms, and car jacking counts.   (DE 797,Sanchez, Counts 1, 4, 5, 6-

10, 13-15)(DE 792, Troya, Counts 1, 3, 5-10, 13-16).[2]   Counts 6 through 10 were all death penalty

eligible offenses.

---

[1] The petition also implicitly asserts that court-appointed appellate counsel Barry Fisher and Robert McGlasson were ineffective in filing the direct appeal from Troya's convictions and sentence.
[2] Citations to the docket sheet, denoted "DE", relate to Case No. 06-80171-Cr-Hurley.

As a consequence of those convictions, Sanchez and Troya were both sentenced to death (DE's 899, 900).   Sanchez and Troya both took direct appeals of their convictions and sentences and on October 2, 2013, the Eleventh Circuit Court of Appeals affirmed both the convictions and death sentences (DE 1134).   On May 3, 2016, Sanchez and Troya both filed similar, but by no means identical motions under 28 U.S.C. § 2255 motions which raised a broad range of issues attacking both their convictions and death sentences (DE's 1200 and 1201).

On or about July 27, the United States Attorney's Office (or undersigned) made contact with James Eisenberg and Ruben Garcia, the attorneys who represented Troya during trial and the death penalty proceedings.   Both counsel indicated that they were not inclined to provide information to the United States Attorney's Office, or sit down to discuss their former representation, citing the attorney-client privilege.    Similarly, because Troya argues that his appellate lawyers were also ineffective, the undersigned attempted to contact Barry Fisher and Robert McGlasson concerning the proposed motion.   Fisher indicated he would take no position until he saw a copy of the government's motion; the government has been unable to locate Mr. McGlasson at present. Those court-appointed lawyers represented Troya before the Eleventh Circuit Court of Appeals.    Troya's petition also notes that the during the trial certain aspects of the joint defense strategy involved delegating cross examination of the government's firearms and toolmark experts to co-defendant Ricardo Sanchez's Jr.'s court-appointed counsel Donnie Murrell. Similarly, cross examination of the government's cellular telephone evidence was delegated to Sanchez's additional court-appointed counsel, Michael Cohen. The enclosed chart identified by issue and page number of the Troya 2255 where these allegations were raised.   Accordingly, the government seeks permission to speak with Messrs. Murrell and Cohen and review their files and

2

documents limited to these subject areas insofar as that may enable the United States to respond meaningfully as to whether Troya counsel's delegation was reasonable or not within the range of the Sixth Amendment.

Troya's motion seeking relief under Title 28, United States Code Section 2255, spans some four hundred and forty-odd pages and addresses a large number of issues.   The issues are enumerated in an attached chart (Appendix A hereto "chart") providing record cites to Troya's 2255 petition (CV-DE 25).    Also attached hereto in support of its renewed motion are a proposed set of Interrogatories and Request for Production seeking to set out in detail documents and questions designed for the government to discover evidence in support of its contention that trial and appellate counsel previously rendered effective representation consonant with the guarantees of the Sixth Amendment.    While the United States continues to maintain that discovery should not be required and the 2255 can be dismissed on the paper arguments, this discovery is protective and prospective in nature only.    Should the Court determine that there are contested issues of fact requiring an evidentiary hearing, then the United States submits it is entitled to inquire of the prior attorneys the reasons and documents underlying their actions as challenged in the 2255 petition.

Accordingly, the government moves this Court for an order directing the trial attorneys, James Eisenberg and Ruben Garcia, along with their delegates, Sanchez co-counsel Michael Cohen, and Donnie Murell, and Troya's appellate counsel, Barry Fisher and Robert McGlasson, to supply any and all documents, correspondence and/or an affidavit regarding conversations and decisions made involving every issue alleged in the pending 2255 petition alleging ineffective assistance of counsel.   In the alternative, the United States moves this Court for a hearing[3] to

---

3

determine if Movant has waived his attorney-client privilege as to the matters referred to in his pleadings relating to his ineffective assistance of counsel claims.

The United States has requested that the trial attorneys provide documents and information regarding conversations between themselves and Mr. Troya involving trial issues raised in the guilt and penalty phases of the criminal trial. Each attorney has declined citing lack of consent by their former client, and their belief that they cannot speak with the government unless and until there is a court finding that the attorney-client privilege has been waived to every issue raised in the 2255 petition. The government cannot adequately respond to the issues raised by Movant in his 2255 motion without the requested information. The trial attorneys have declined to comply with this request without a Court order requiring them to do so. Movant Troya's court-appointed counsel have been contacted previously and they object to the motion. As part of this motion, the government has prepared separate proposed discovery discussed later herein.

## Memorandum Of Law

The trial attorneys and appellate attorneys are apparently following the policy of the Federal Public Defender of not turning over any information relating to claims of ineffective assistance of counsel relying on the attorney-client privilege found in the American Bar Association's Model Rule of Professional Conduct Rule 1.6.

The American Bar Association's Model Rule of Professional
Conduct 1.6, states:

Rule 1.6 Confidentiality of Information

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

4

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;

(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;

(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;

(4) to secure legal advice about the lawyer's compliance with these Rules;

(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(6) to comply with other law or a court order.

ABA Model Rule 1.9 addresses a lawyer's "Duties to Former Clients:"

* * *

( c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The commentary which accompanies ABA Model Rule 1.6 explains that subparagraph (b) "permits disclosure only to the extent the lawyer reasonably believes is necessary to accomplish one of the " purposes specified."

The ABA's Standing Committee on Ethics and Professional Responsibility issued, on July 14, 2010, Formal Opinion 10-456, "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim:"

5

Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6 (a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6 (b) (5), a lawyer may disclose information protected by the rule only if the lawyer "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel. However, It is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.

Formal Opinion 10-456, at 1 (July 14, 2010).   Because Ricardo Sanchez (Case No. 16-80693-CV-SCOLA) and Daniel Troya (Case No. 16-80700-CV-SCOLA) were tried in a single, unified prosecution, and because they have cited several identical issues in support of their separate 2255 petitions, the issues raised herein apply to all trial counsel and appellate counsel for both movants. The multitude of Sixth Amendment ineffectiveness of counsel claims by both Ricardo Sanchez and Daniel Troya are particularly described in Exhibit A to this motion, incorporated herein.

The United States contends that ABA opinions are not binding on any attorney, even those licensed or practicing in states that have adopted the ABA Model Rules of Professional Conduct. The government argues that this Court should reject Formal Opinion 10-456 because the plain language of Rule 1.6 does not require court-supervised disclosure of confidential information by lawyers defending accusations of attorney misconduct or malfeasance by former clients.  This Court should also reject the Opinion's statement that attorney disclosures are only permissible with either client consent or in a judicially-supervised proceeding.  Once a client makes allegations against an attorney, the lawyer may exercise his/her discretion as to whether to disclose such information as may be reasonably necessary to defend against the allegations; no court supervision is necessary.

6

Well-settled precedent holds that a prisoner waives the attorney-client privilege as to a particular issue when the inmate claims denial of effective assistance of counsel on that issue.

The United States requests that this Court enter an order which finds that each of the movant, Daniel Troya, has impliedly waived his attorney-client privilege on issues cited in his 2255 petition.   The government also requests that the order direct defense counsel to provide all information to the United States that counsel believes is reasonably necessary to respond to the allegations of ineffectiveness, and to answer interrogatories and requests for production to the United States in order to enable the government to respond to the Sixth Amendment claims raised in each petition. Without such access, the government will not be able to comply with the Court's previously-entered Order and schedule directing the government to respond on or before October 12, 2016.

The Eleventh Circuit Court of Appeals has held that when a movant in a habeas corpus motion raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged.

A party "waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys, or testimony concerning the reasonableness of its attorneys' conduct." *GAB Bus. Servs., Inc. v. Syndicate*, 809 F.2d 755, 762 (11th Cir. 1987). By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, a movant puts at issue - and thereby waives - any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices.

In *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967), the Court rejected the argument

7

of a § 2255 petitioner who asserted that his trial counsel should not have been permitted to testify regarding their confidential communications, even though the petitioner put those conversations at issue by attacking the attorney's performance. The petitioner sought to vacate his conviction by arguing that his attorney provided inadequate representation. The District Court in *Laughner*, in accordance with the instructions of the Fifth Circuit, conducted a hearing at which it heard testimony from the attorney who represented the petitioner at the time of his conviction. On the basis of that testimony, the Court denied the § 2255 motion. The Fifth Circuit Court affirmed, and rejected the petitioner's claim of a violation of the attorney privilege:

> We are met with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this post-conviction proceeding with respect to the factual issues raised by appellant's motion.  Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue. The rule that a client waives his privilege by attacking the attorney's performance of his duties seems to have been adopted unanimously by those courts which have dealt with the question There is no contention nor any indication in the record that the testimony elicited from the attorney in this case exceeded the scope of that waiver. Consequently, appellant's claim that his privilege was violated is baseless.

Id. at 327 & n. 1 (citations omitted) .

*Laughner* is the law of the Eleventh Circuit and has been applied in subsequent decisions from that Court. *See Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir. 1986) (en banc)(Edmondson, J., concurring) (noting in § 2254 proceeding that "[a]lthough the attorney-client

privilege, in particular, and attorney-client confidentiality, in general, are important concerns due genuine deference, courts have never treated them as inviolable. When a defendant has challenged his conviction by asserting an issue that makes privileged communications relevant, he waives the privilege in respect to those communications"); *Smith v. Estelle*, 527 F.2d 430, 434 n. 9 (5th Cir. 1976) (stating that "[n]otwithstanding the fact that counsel's decision to have his client take the stand may have involved communication with his client, [petitioner] would not be able to invoke the attorney client privilege on remand in a post-conviction case" where petitioner alleged that he would not have testified at his trial but for the admission of a constitutionally invalid confession)

As *Strickland* itself emphasizes, the "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, ... on information supplied by the defendant [and] inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *see also Chandler v. United States*, 218 F.3d 1305[ 1318-19 (11th Cir. 2000) ("Because the reasonableness of counsel's acts . . . depends critically upon information supplied by the [petitioner] or the [petitioner's] own statements and acts in dealing with counsel is highly relevant to ineffective assistance claims." (citations and internal quotation marks omitted)).

> Although the precise boundaries of the waiver will vary from case to case and in many instances will require careful evaluation by the district court, there should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances.

Johnson v. Alabama, 256 F.3d 1156 1 1178-1179 (11 th Cir. 2001).

**Conclusion**

Based upon the foregoing, the government respectfully requests the Court to reconsider its prior ruling and now issue an Order directing the trial attorneys, Michael Cohen and Donnie Murrell for Ricardo Sanchez,(as delegate counsel in a joint trial) and Ruben Garcia and James Eisenberg for Daniel Troya, and appellate counsel  Barry Fisher and Robert McGlasson supply any and all documents, correspondence relating to issues raised in the separate 2255 petitions.   In lieu of asking for an order directing the same trial and appellate attorneys to meet with the United States at a reasonable time and place in to discuss the issues raised in the separate petitions in order to enable the United States to comply with this Court's entered Scheduling Orders, the United States now seeks to obtain their information via Interrogatory Responses and Reponses to Request for Documents.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:    /s Stephen Carlton

STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: /s/   *Stephen Carlton*
Stephen Carlton
Assistant United States Attorney

11

## SERVICE LIST

**Daniel Troya v. United States**
**Case No. 16-80700-CV-BLOOM**
**United States District Court, Southern District of Florida**

**Stephen Carlton**
**Stephanie Evans**
Assistant U.S. Attorneys
Stephen.Carlton@usdoj.gov
Stephanie.D.Evans@usa.doj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
**Attorney for United States**
[Service via CM/ECF]


**Steven H. Malone**
1217 South Flagler Drive
Second Floor
West Palm Beach, FL 33401
Phone:   (561) 805-5805
stevenhmalone@bellsouth.net
[Service via CM/ECF]


**D. Todd Doss**
Federal Defender's Office, MDFL
201 South Orange Ave., Ste. 300
Orlando, FL 32801
Phone:   (407) 648-6338
stevenhmalone@bellsouth.net
[Service via CM/ECF]