# Appendix A

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| | | |
| Trial counsel ineffective for failing to challenge the process whereby grand juries in the West Palm Beach Division of the Southern District of Florida underrepresent racial and ethnic and minorities (including Hispanics and African Americans); never investigated or pursued | 72 | James Eisenberg and Ruben Garcia |
| Trial counsel ineffective for failing to raise a challenge to the grand and petit jury venires | 73 | James Eisenberg and Ruben Garcia |
| Trial counsel ineffective for failing to raise legal challenged that Troya was convicted and sentenced to death for using a firearm during and in relation to a federal crime of violence which resulted in a murder, in violation of 18 U.S.C. § 924 (c)(1) and (j); crime of violence Johnson challenge not preserved by trial or appellate counsel [carjacking not a crime of violence under residual clause or actual force clause] | 82-84 | James Eisenberg and Ruben Garcia |
| Trial and appellate counsel's failure to object and preserve following issue for appeal: jury erroneously instruction that it could return verdict of guilt on 18 USC 924(j) based on a legally insufficient predicate crime, either drug trafficking or car jacking [car jacking basis defective [should have asked ofor unanimity instruction for the drug trafficking basis] | 94-96 | James Eisenberg and Ruben Garcia; and Barry Fisher, Robert McGlasson |
| Trial counsel failed to challenge legal error in the indictment [deficient 924j charge & jury instruction] | 101 | James Eisenberg and Ruben Garcia |
| Appellate counsel failed to challenge legal error in the indictment; same issue as above | 101-102 | Barry Fisher, Robert McGlasson |
| Trial counsel failed to make duplicity objections to the indictment, charging both manslaughter and murder, and premeditated and felony murder | 106 | James Eisenberg and Ruben Garcia |
| Trial counsel failed to lodge duplicity objection for use of a firearm in relation to both drug trafficking and crime of violence | 107 | James Eisenberg and Ruben Garcia |
| Appellate counsel failed to raise issues on duplicity of counts on direct appeal | 108 | Barry Fisher, Robert McGlasson |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Trial counsel in effective because did not speak with any of the retained joint experts; unreasonably deferred to Sanchez counsel | 112 | James Eisenberg and Ruben Garcia; Sanchez trial counsel, Michael Cohen & Donnie Murrell |
| Trial counsel ineffective because failed to question any expert concerning Daubert admissibility issues | 112 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective because failed to object to impermissible substitution of forensic pathologist by USA based on *Crawford* grounds | 112 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective because failed to cross examine the substitute medical examiner, Dr. Roger Mittleman | 113 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective because failed to hire their own forensic pathologist, despite court approval for such a hiring | 114 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not seeking Daubert hearing on firearms/toolmark examiners | 123, 128 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not using an expert to move in limine to restrict terminology on "matches" of casings, cartridges, and firearms | 123 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not rebutting government's firearms experts with defense experts | 123 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective cross examination of government expert | 123 | James Eisenberg and Ruben Garcia; |
| Sanchez learned counsel Donnie Murrell ineffective for failing to timely move for Daubert hearing on firearms, and therefore implicitly Troya counsel ineffective for relying on Murrell to handle these experts126 | 126 | James Eisenberg and Ruben Garcia; Sanchez trial counsel Donnie Murrell |
| Troya's counsel ineffective themselves for not hiring their own expert, even though funds granted. | 126 | James Eisenberg and Ruben Garcia; |
| Troya trial counsel ineffective for delegating cross examination to Murrell on firearms' experts | 127 | James Eisenberg and Ruben Garcia; Sanchez trial counsel Donnie Murrell |
| Troya counsel ineffective for failing to conduct any cross of government firearms expert Mark Chapman | 128 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not conducting either adequate cross examination or rebuttal presentation on firearms evidence | 130 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not using a competent defense fingerprint expert | 143 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not challenging USA evidence on fingerprints | 143 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Troya counsel ineffective for not using its approved fingerprint expert for anything more than confirmation of the prosecution's expert | 143 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not conducting an adequate pre-trial investigation | 144 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not reviewing any significant scientific reports | 144 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not consulting at least one of the fingerprint experts suggested to him | 146 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not conducting cross examination of government's fingerprint expert on methodology and science issues | 148 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not filing motion in limine challenging reliability of fingerprint ID methodology | 154 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not conducting cross examination of government's fingerprint expert on quality of latent print and their ridge characteristics | 155 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not challenging non-testifying government print examiners | 156 | James Eisenberg and Ruben Garcia; |
| Troya counsel ineffective for not consulting with a cellular phone expert, even though funded [Jeff Fischbach] | 163 | James Eisenberg and Ruben Garcia; and Sanchez trial counsel Michael Cohen |
| Troya counsel ineffective for delegating cellular phone expert cross examination to Sanchez counsel | 163 | James Eisenberg and Ruben Garcia; and Sanchez trial counsel Michael Cohen |
| Troya counsel ineffective for failing to speak with Fischbach for preparation purposes | 165 | James Eisenberg and Ruben Garcia; and Sanchez trial counsel Michael Cohen |
| Troya counsel ineffective for failing to investigate the government's cell site evidence and summaries | 166 | James Eisenberg and Ruben Garcia; and Sanchez trial counsel Michael Cohen |
| Troya counsel ineffective for failing to conduct effective cross examination of the government's cell site summaries | 166-167 | James Eisenberg and Ruben Garcia; and Sanchez trial counsel Michael Cohen |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Troya counsel ineffective for failing to consult with a GIS maping expert, even though they sought her appointment [Amy Nguyen] | 171 | James Eisenberg and Ruben Garcia; |
| **Guilt-phase trial ineffectiveness issues:** | | |
| Trial counsel ineffective for mistakenly stating that a transcript had not been provided in discovery when it had [implied unpreparedness] | 173 | James Eisenberg |
| Trial counsel failed to object to improper guilty phase closing arguments by AUSA Carlton; subpoints a. through e. below | 174 | James Eisenberg and Ruben Garcia; |
| a.        References to "thug mansion" T7101, and "pimp plaza," T7133 and throughout closing. These derogatory descriptions were highly improper for descriptions a prosecutor to make as they essentially labeled the men on trial for their lives as thugs and pimps. | 174 | James Eisenberg and Ruben Garcia; |
| b.   Description of government witness Doran as nervous and hesitant to testify; encouraging the jury to "to draw your common sense on why, as a close friend of Varela." T7144. This improper remark, telling the jurors how to assess the witness's demeanor, urged them to believe witnesses were in danger from the defendants. | 174 | James Eisenberg and Ruben Garcia; |
| c.  Calling Sanchez a liar numerous times when recounting his statement. T7154. | 174 | James Eisenberg and Ruben Garcia; |
| d.  Referring to a matching suitcase found in the van, which still had in it a hotel receipt from Yessica for October 11, T7159, and then arguing that, "the suitcase is Yessica's way of speaking from the grave and identifying her killers." | 174 | James Eisenberg and Ruben Garcia; |
| e.  Improper commentary on the right to counsel: | | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to object to government rebuttal closing in guilt phase of trial on following issues or arguments: | 175-180 | James Eisenberg and Ruben Garcia; |
| --juror service is like military service; | | James Eisenberg and Ruben Garcia; |
| --improper vouching for integrity and character of law enforcement witnesses; | | James Eisenberg and Ruben Garcia; |
| --attacking defense counsel; | | James Eisenberg and Ruben Garcia; |
| --improper use of 404b evidence to argue Troya propensity to violence | | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| **Penalty phase ineffectiveness issues:** | | |
| Trial counsel ineffective for failure to make *Crawford* hearsay objections during penalty phase | 181 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to make Crawford objection concerning Troya's prior state prison escape | 181-183 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to make *Crawford* objection concerning felony batter on Ms. Pawlowski | 184 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to make *Crawford* objection concerning Troya's fight with and striking of a girlfriend | 184 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to make constitutional and *Crawford* objection concerning incident of Troya's mother smuggling prison contraband into a correctional facility | 185-186 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to object to misleading and leading questions concerning Troya's role in the prison escape attempt | 186 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failure to object to misleading prosecution questions about Troya wearing civilian clothes | 189 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for calling a witness who claimed the Fifth Amendment (Karl Busch) | 191 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not objecting to government attorneys asking about teaching the defendant right from wrong | 195 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not moving for mistrial for improper government questions to Troya mitigation witness, or at least objecting | 195 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not objecting to allegedly improper government cross of witnesses concerning physical location of Uncle Title in summer of 1995 | 197 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not timely and accurately proffering testimony of Dr. Cunningham on future dangerousness issue | 198 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not objecting to government penalty closing that improperly claimed government would continue to investigate Varela, (non-record facts) | 201 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Trial counsel ineffective for not objecting to government penalty closing argument points: | 206 | James Eisenberg and Ruben Garcia; |
|    a.  That Mr. Troya exhibited a lack of remorse | 206 | James Eisenberg and Ruben Garcia; |
|    b.  That the defense was engaged in a contest of how much mud can be thrown against a wall and how much it sticks. | 206 | James Eisenberg and Ruben Garcia; |
|    c.  The fact Mr. Troya's grandmother died was tragic, but there was not anyone on the jury who hadn't had that happen to. It was a fact of life, not a mitigator; | 206 | James Eisenberg and Ruben Garcia; |
|    d.  Prosecutor's question as to how many murders and attempted murders are required before you forfeit your right to exist in this society? | 207 | James Eisenberg and Ruben Garcia; |
|    e.  Prosecutor's statement that anything other than death would not be justice, | 207 | James Eisenberg and Ruben Garcia; |
|    f.  That the issue is the appropriate sentence for mass murderers, not whether Uncle Tito was in West Palm Beach for 30 or 60 days. | 207 | James Eisenberg and Ruben Garcia; |
|    g.  Comparing jury service to serving one's country in war | 207 | James Eisenberg and Ruben Garcia; |
|    h.  jurors act to impose death as the conscience of the community | 207 | James Eisenberg and Ruben Garcia; |
|    i.  That there was no evidence Mr. Troya had below-average intelligence or learning disorder | 208 | James Eisenberg and Ruben Garcia; |
|    j.  That Mr. Troya was "evil." | 208 | James Eisenberg and Ruben Garcia; |
| Penalty counsel ineffective for not seeking a curative instruction on improper prosecution comments on mitigation evidence | 208 | James Eisenberg and Ruben Garcia; |
| Penalty counsel ineffective for conceding Troya's involvement in two uncharged 404b shooting incidents | 208 | James Eisenberg and Ruben Garcia; |
| Penalty counsel ineffective for failing to object to use of juvenile convictions used in aggravation | 208 | James Eisenberg and Ruben Garcia; |
| Penalty counsel ineffective for failing to challenge the three-phase process of death eligibility; ineffective for not using recent case law on this issue | 212- 217; 221 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Penalty counsel ineffective for failing to challenge jury instructions on second step of death eligibility; requiring jury to make a legal determination | 218 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failing to object to improper questioning of government cooperating witnesses | 226 | James Eisenberg and Ruben Garcia; |
| Trial counsel Eisenberg ineffective for not making proffer for cross examination areas for Melvyn Fernandez; and ineffective cross of same witness | 227, 228 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not calling witness Alex Melendez to testify about Fernandez's drug dealing and usage | 228 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for poor cross examination of cooperator Kevin Vetere, opening door for re-direct, and failing to object to government comments about threat against Veer | 228, 229 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failing to object to repeated government witness and prosecutor reference to "Pimp Plaza" and "Thug Mansion" | 230 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for cross that resulted in reading Vetere transcript with Troya about the murders | 230, 231 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not moving to strike improper re-direct about Vetere's plea agreement and obligation to tell truth, or move for mistrial | 234, 235 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not calling Erasmo Garcia to testify about Kevin Vetere's drug usage | 235 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not calling Carlos Bonilla to testify about Kevin Vetere's drug usage | 236 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for not objecting to improper redacting of Bruton statement implicating Troya (Carlos Rodriguez) | 236 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective for failing to investigate and gather records to determine whether Yessica Escobedo's cell phone traveled from Florida to Texas on the evening of October 12, 2006 | 255 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Trial counsel ineffective in penalty phase for failing to pursue collateral relief in state court as to Troya's prior battery conviction; and failed to challenge its use to enhance Troya's sentence | 259,  260 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for permitting jury instructions to allow for finding nonstatutory aggravator without a special verdict defining the acts and a finding beyond a reasonable doubt that Troya actually committed those acts (uncharged shootings and girlfriend beating) | 263-  266 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call rebuttal witnesses on Troya's escape conviction, or in mitigation of it | 273, 275 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to file motion in limine to limit Inspector Glover's testimony about Troya escape | 274 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to object to improper questions posed to Inspector Glover | 275 | James Eisenberg and Ruben Garcia; |
| Trial counsel failed to contact an expert about dangers in Matamoros to qualify for some type of relief, continuance, etc., waiver of death penalty | 303,  308 | James Eisenberg and Ruben Garcia; |
| **Penalty counsel's failure to investigate and develop mental health evidence:** | 311 | |
| Trial counsel ineffective in penalty phase for failing to call witnesses to establish Troya's brain injuries | 311 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to put on any mental health testimony after promising jury in penalty opening he would do so | 312 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for hiring Drs. Krop and Maher before conducting any investigation | 314 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to screen mental health experts for their area of expertise and thus undermined his potential use of information he might discovery | 314 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to conduct adequate Troya life history investigation that would have disclosed his brain injuries | 314 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing top investigate Dr. Krop and his complaint or disciplinary history | 315 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to follow up with Dr. Wu after PET scan results reported in June 2008 | 315 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Trial counsel ineffective in penalty phase for failing to challenge or limit scope of government's mental health case against Troya | 315 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to get ruling on his motion to strike and for a *Daubert* hearing on 'psychopathy' | 316 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to employ strategies for "undermining government expert Brannon's "psychopathy" diagnosis | 317 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to adequately investigate and corroborate PET scan showing brain injury to Troya | 319 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to consult an expert in trauma, which prevented the jury from understanding a full picture of Mr. Troya's development and functioning. | 323 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to adequately supervise and direct his mental helath expert, Dr. Harry Krop on neuropsychological tests to administer | 330 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to timely provide Troya's social history evidence to his experts, because he failed to timely investigate it | 330 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for his litigation position on "psychopathy" | 331 | James Eisenberg and Ruben Garcia; |
| Trial counsel failed to fully investigate and develop evidence which would have undermined the assertion that Mr. Troya had Anti-Social Personality Disorder or Psychopathy. | 340 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call mental health witnesses he had named in penalty opening | 343 | Eisenberg, Garcia at p. 9150 |
| Trial counsel ineffective in penalty phase for failing to engage a neuropsychologist who specialized in traumatic brain injury | 347 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for presenting a false narrative that Troya came from a "good" family, and neglected to investigate or pursue a more accurate picture of his trouble background | 351 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Trial counsel ineffective in penalty phase for failing to present witnesses and evidence of family financial failings, untreated medical problems, chaotic childhood, head injuries | 352 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in preparing for penalty phase by stopping nearly all work on the case from Summer of 2008 until December 22, 2008 when a possible plea was rejected by the Department of Justice | 356, 357 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call teachers, and other witnesses who had favorable views of Troya | 363, 365 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call witnesses knowledgeable about the Troya family home | 372,  373 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call witnesses knowledgeable about the effect of a neighbor's suicide on Troya | 373,  374 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to interview former Conniston Middle School teachers about Troya and the effect of his witnessing a murder at the school | 378,  379 | James Eisenberg and Ruben Garcia; |
| Trial counsel and mitigation specialist ineffective in penalty phase for failing to interview additional Troya family members outside of south Florida area | 381 | James Eisenberg and Ruben Garcia; Kerry Sheehan mitigation specialist |
| Trial counsel and mitigation specialist ineffective in penalty phase for failing to develop multi-generational family history of mental & physical problems relating to Troya | 388 | James Eisenberg and Ruben Garcia; Kerry Sheehan mitigation specialist |
| Trial counsel ineffective in penalty phase for failing to call additional witnesses from Morse Geriatric Center to testify about Troya's volunteerism | 424 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call additional witnesses to attest about Troya's many head injuries during childhoold | 425 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to call additional witnesses to testify about the violence at Conniston Middle School, and problems with drugs and gangs | 425- 426 | James Eisenberg and Ruben Garcia; |

| ISSUE | ECF Pg. No. | Attorney |
|---|---|---|
| Trial counsel ineffective in penalty phase for failing to present evidence of Troya's time with juvenile justice and the negative effects it had on him | 440 | James Eisenberg and Ruben Garcia; |
| Trial counsel ineffective in penalty phase for failing to present evidence of Troya's problems in State of Florida Department of Corrections facilities | 443- 450 | James Eisenberg and Ruben Garcia; |