CASE NO. 16-80700-Civ-BLOOM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-80700-Civ-BLOOM**

DANIEL A. TROYA,
          Movant

v.

UNITED STATES OF AMERICA,
          Respondent

_____/

**ORDER ON MOTION TO SEAL**

THIS CAUSE is before the Court upon the Respondent's Motion to Seal. ("Motion") ECF No. [94]. On May 31, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ("Amended Motion") ECF No. [25-1].  The Respondent filed its Response on April 3, 2017. ("Response") ECF No. [96].  In support of its Response, the Respondent filed "six separate petit jury questionaires [sic] that contain personal information about prospective jurors in a quadruple capital murder trial relating to the underlying prosecution of Daniel Troya in Case No. 06-80171-Cr-Hurley in West Palm Beach." ECF No. [94 at 1].  The Respondent requests that those six questionnaires be filed under seal. *Id*.  The basis for Respondent's request to seal the questionnaires is that "[t]he exhibits identify jurors by name and contain personal information about them that although pertinent to the Court's consideration of this matter, contain information subject to redaction and should not be in the public record." *Id*. at 1.

The Court has reviewed the documents at issue and has determined that the six questionnaires shall not be sealed.  Proceedings in the United States District Court are public and

Court filings are matters of public record.  The Movant's Amended Motion and the Respondent's Response contain, in a different format, the same information which is the subject of the questionnaires. *See* ECF No. [25-1], ECF No. [209-224]. Further, the questionnaires do not contain the juror's name.  To identify a specific juror and correlate that juror to a questionnaire requires cross-referencing the trial court Courtroom Deputy's List with the identifying numbers on the questionnaire.  *See* ECF No. [212, n.57].  Moreover, Senior United States District Court Judge Daniel Hurley voir dired the jurors on the record about the relevant issues contained in the questionnaires.  The transcripts of the voir dire are already part of the Court's record.  As the information that the Respondent has filed under seal is information generally available in the public domain, the Court does not find that the juror questionnaires should be sealed from public view.

It is **ORDERED AND ADJUDGED** that:

1. The Respondent's Motion to Seal, ECF No. [94], is **DENIED**.

2. Pursuant to Local Rule 5.4(e), if the Court denies the motion to seal, the proposed sealed filing shall not be public and shall be deleted from the docket by the Clerk's Office.  The sealed documents should be returned to the Respondent.

3. The Respondent is instructed to re-file the questionnaires unsealed.

4.  Should the Respondent re-file the questionnaires in support of its Response, it is to redact **all** personally identifiable information which can be used to distinguish or trace an individual's identity, including but not limited to, dates of birth, places of birth, private health information, and social security numbers.

**CASE NO. 16-80700-Civ-BLOOM**

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 5th, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record