UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80700-Civ-BLOOM

DANIEL A. TROYA,
        Movant

v.

UNITED STATES OF AMERICA,
        Respondent

_____/

## ORDER

THIS CAUSE is before the Court upon a *sua sponte* review of the record. Pending before the Court is the Movant's Motion for Leave to Conduct Discovery, ECF No. [34], Movant's Motion to Interview Jurors, ECF No. [33], and Government's Renewed Motion for a Court Order Finding the Attorney Client Privilege was Waived, ECF No. [98]. The Court has scheduled a hearing on these motions for June 2, 2017. ECF No. [109]. At the time the Court scheduled the June 2nd hearing, it inquired if the Movant wanted to appear or if he would waive his presence. *Id*. On March 10, 2017, the Movant notified the Court that "he does not waive his right to be present at the June 2, 2017, 9:00 a.m. motion hearing. Movant further notice[d] the Court of his request to be present at all future hearings." ECF No. [91]. As the Movant has claimed a right to attend not only the June 2nd hearing but all hearings in this matter, the Court will address his entitlement to be present before the Court during his federal habeas proceedings.

To begin, the Movant does not have an absolute right to be present at a hearing.  The habeas corpus statute expressly provides that "[a] court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. §2255(c).  The Court has reviewed all the pleadings relevant to the June 2nd hearing.  The Court has determined that the presence of the Movant is not required.   "Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction. Whether the prisoner should be produced depends upon the issues raised by the particular case. " *United States v. Hayman*, 342 U.S. 205, 222-23 (1952).

At the June 2nd hearing, the Court will hear legal arguments on whether or not the Movant and the Government has established "good cause" to conduct discovery.  *See* Rule 6(a), Rules Governing Section 2255 Proceedings.  No testimony will be taken; no evidence will be admitted.  "A criminal defendant's right to be present at trial is based on the Confrontation Clause of Sixth Amendment, the Due Process Clause of the Fifth Amendment, and F.R.Cr.P. 43[1]."  *U.S. v. Novaton*, 271 F.3d 968, 997 (11th Cir.2001)(footnote in original).   None of these constitutional and statutory protections apply here nor do they provide a basis for the Movant's presence at the June 2nd hearing.  *See Machibroda v. United States*, 368 U.S. 487 (1962)("[i]ndeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner."); *see also Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997)("[t]here is nothing in §2255 which provides that defendant has either an absolute right to be present...").

---

[1] While Rule 43, Fed. R.Crim. P. is not applicable to the Movant's §2255 motion, even if it were, it would not change the result here.  Rule 43 does not require the defendant's presence when a "[p]roceeding involves only a conference or hearing on a question of law."

The Court recognizes that there may be a time when there are substantial issues of fact as to events in which the Movant participated that could necessitate his presence at a hearing. *Hayman*, 342 U.S. at 223.  In such a case, the Movant shall file a motion with the Court requesting that the Movant be transported and produced for the hearing.  The Movant shall provide the Court with sufficient advance notice such that the Court may timely issue the writ.

It is **ORDERED AND ADJUDGED** that:

The Movant's request to be present during the June 2, 2017 hearing, and all future hearings, ECF No. [91] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 10, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record