UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80700-Civ-BLOOM


DANIEL A. TROYA,
          Movant


v.


UNITED STATES OF AMERICA,
          Respondent

_____/


## SECOND REVISED SCHEDULING ORDER


THIS CAUSE is before the Court following a status conference and discovery hearing held on June 2, 2017.  At the status conference, the parties and the Court discussed the progression of the case and the scheduling of future deadlines.

It is **ORDERED AND ADJUDGED** that:

1.  The case remains assigned to the Complex track.

2.  Pending before the Court is the Movant's Motion for Leave to Conduct Discovery and Memorandum in Support, ECF No. [34], the Movant's Motion to Interview Jurors, ECF No. [33], and the United States' Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, ECF No. [98]. The Court has reviewed the motions and heard argument. When the Court issues its Order on the merits of these motions, it will set deadlines for the completion of discovery, if necessary.

3.  During the June 2nd discovery hearing, the Court *ore tenus* ordered that, within 100 days of the hearing, or **no later than September 11, 2017,** the Movant shall identify and produce documents in the files of his trial and appellate counsel that he will rely upon to support his pending ineffective assistance of counsel claims.  The parties agreed, and the Court so determines, that if the Movant relies on an otherwise attorney-client privileged document to support his federal habeas claims, he has expressly waived the attorney-client privilege as to such document. The Movant shall also review Appendix "A" of the United States' Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, ECF No.

[98-1]. The Movant shall provide any documents supporting his ineffective assistance of counsel claims not otherwise requested in the Respondent's initial discovery requests but specifically referenced in Appendix "A".  To the extent the documents produced by the Movant do not indicate an author; the Movant shall identify the attorney's file where the document was located when the document was provided to the Movant by his former counsel.

4. The Court further ordered, *ore tenus*, that within 30 days of the June 2nd discovery hearing the Respondent shall review its requests for production and interrogatories attached to its Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, ECF No. [98]. The Respondent shall determine if those discovery requests are comprehensive.  If not, the Respondent shall determine if additional documents are needed to defend or rebut Petitioner's claims. If so, the Respondent may file amended discovery requests.  Should the Respondent amend the discovery requests to seek additional documents or serve further interrogatories, it must show good cause as required by Rule 6, Rules of Governing Section 2255 Proceedings.

5. Thereafter, within 30 days of the amended discovery requests, the Movant shall assert any objections, other than attorney-client privilege, to the Respondent's amended request for production and interrogatories. Claims of privilege shall be accompanied by a privilege log and submission of the logged materials *ex parte* under seal to the Court.

6. Should the Court grant discovery, it will set forth a defined period during which discovery shall take place. The Petition may be amended within 90 days after the close of discovery; the Government shall file its response to the amended Petition 90 days thereafter, and the Movant shall then have 90 days thereafter to file any traverse or reply.

7. Following a review of all amended pleadings, the Court may schedule an evidentiary hearing.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5th, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record