UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80700-CV-BLOOM
(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))


DANIEL A. TROYA,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

**RESPONDENT'S PROPOSED FIRST AMENDED SET OF
INTERROGATORIES TO PETITIONER**

   Pursuant to Federal Rule of Civil Procedure 33 and Rule 26.1, Rule 6 of the Rules

Governing 2255 Proceedings, and Local Rules of the District Court for the Southern District of

Florida, Respondent, United States of America, by and through its undersigned counsel, serves

the following interrogatories on Daniel A. Troya, which is requested and required to answer

these interrogatories separately, fully, in writing, and under oath, and to serve a copy of said

answers upon the undersigned, within thirty (30) days after service hereof, or on such future date

as may be directed by the Court if a discovery order is entered herein.  The United States seeks

the submission of these Interrogatories individually to each of petitioner's prior attorneys, Ruben

Garcia, Esq. James Eisenberg, Esq. Barry Fisher, Esq., and Robert McGlasson, Esq.

**INTERROGATORIES**

1.  The words "you" and "your" mean the Movant, Daniel Troya, and all other persons,
including attorneys, experts, agents, and/or consultants, acting or purporting to act on behalf of
Daniel Troya prior to, during or after his criminal trial, or on direct appeal in Case No. 06-
780171-Cr-Hurley (S.D. Fla.)

2.       "Identify" means to provide the following information:

a.       When used with reference to a natural person, state his or her:

(1)      full name;

(2)      present or last known business and residence addresses and telephone numbers; and

(3)      business affiliation and position, including a description of his or her duties and responsibilities.

b.       When used with reference to any entity other than a natural person (e.g., federal or state, state:

(1)      its full name;

(2)      the address and telephone number of its principal place of business; and

(3)      its organizational form and primary business or activity.

c.       When used with reference to a document, state:

(1)      the date of its execution, or, if undated, the date it was prepared;

(2)      its author;

(3)      its addressee;

(4)      the type of document it is; and

(5)      any other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure.

d.       the term "indictment" refers to the Third Superseding Indictment filed in Case No. 06-80171-Cr-Hurley (S.D. Fl.)

If you are asked to identify a document which was, but is no longer, in your possession or subject to your control, state what disposition was made of the document and give the reason for its disposition.

In lieu of identifying any document, a true and correct copy thereof may be annexed to and incorporated in the answers to these interrogatories.

3.       The word "person" or "persons" includes all natural persons, as well as all entities,including, without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

4.       The term "communication" means the act or fact of communicating, either in writing or orally, and includes telephone conversations, letters, memoranda, or other written

communications; meetings or any occasion of joint or mutual presence; and the transfer of any document from one person to another.

5.      The term "document" means any writing of any kind, including, but not limited to, emails, letters; telegrams; memoranda; reports; studies; calendars; diaries; minutes; pamphlets; notes; charts; tabulations; press releases; legal documents; photographs; accounting entries; records of meetings, conferences, and telephone or other communications; and each draft and each non-identical copy thereof. The term "document" also includes every other means by which information is recorded or transmitted, including, but not limited to, electronic, tape recordings, microfilms, punch cards, and recordings used in data processing, together with the written information necessary to understand and use such films or recordings.

## GENERAL INSTRUCTIONS

1.      In answering these interrogatories, furnish all information that is available to you, including information which is in the possession of any of your agents, employees, or attorneys, or which is otherwise subject to your custody or control.

2.      If you cannot provide all the information called for by a particular interrogatory, so state. However, give the most complete information you can on the subject, and identify every person whom you believe has information on the subject.

3.      If you object to any part of any interrogatory, answer all parts of the interrogatory to which you do not object, and as to each part to which you do object, separately set forth the specific basis for your objection as provided in Rule 26.1, Local Rules of the District Court for the Southern District of Florida.

## INTERROGATORIES

1.      Please identify all persons whom have knowledge of any facts and/or issues relating to this action, including their name, address, telephone number, and a summary of the facts and/or issues upon which they have knowledge.

2.      Please state the name, address, and the following information, for each lay person expected to be called as a witness or to testify at any evidentiary hearing of this matter, and state the following:

A.      The name and last known address;

B.      A brief statement of the facts and substance expected from this witness;

3

3.      Please provide the name and address of each person you expect to call as an expert witness at any evidentiary hearing of this matter, and include the following information:

A.      Name and address;

B.      Field of expertise of said expert;

C.      Subject matter to which the expert is expected to testify;

D.      Substance of the facts and opinions to which the expert is expected to testify;

E.      Summary of the grounds for each opinion.

4.      Please provide the details of all steps taken by Troya to comply with Judge Hurley's oral order of March 10, 2009 directing James Eisenberg to ensure that an original copy of the PET scan performed by Dr. Wu on Daniel Troya in June 2008 was provided to the prosecution's rebuttal expert;

a. please identify every person with knowledge of the steps you took as asked in the main body of #4 above, and provide their contact information;

5.  Please state in detail the reasons underlying delegation of cross examination responsibility for toolmark or firearms' expert evidence to counsel for Ricardo Sanchez, and provide answers to the following related areas:

a.  was the delegation discussed between attorneys (Eisenberg and/or Garcia) with you;

b. was the delegation authorized or documented in any way?

c. did you receive any information from Sanchez's lawyer in advance as to what cross examination topics, subject areas or questions would be covered?

6.  Please state in detail the reasons underlying delegation of cross examination responsibility for cellular telephone evidence to counsel for Ricardo Sanchez, and provide answers to the following related areas:

a.  was the delegation discussed between attorneys (Eisenberg and/or Garcia) with you;

b. was the delegation authorized or documented in any way?

4

      c. did you receive any information from Sanchez's lawyer in advance as to what cross examination topics, subject areas or questions would be covered?

7. Please state in detail the reasons underlying the cross examination questions utilized to confront the following government witnesses:

      a. Kevin Vetere;

      b. Melvyn Fernandez; and

      c. Carlos Rodriguez

8.  Please state in detail whether or not prior to trial you received all of the discovery enumerated by the United States in its written response dated July 20, 2016, issued in response to Troya's 2255 counsel's letter seeking informal discovery dated June 22, 2016; if you claim you did not receive something, please identify the item by description and date that the government claimed it had provided it to you.


9.  Please state in detail the location of your trial files, and if you did not retain everything, identify the following:

      a. the name of any person to whom you transferred possession and the means of transfer;

      b. the date of transfer;

      c. a description of each item or file transferred, with reasonable particularity;

      d. whether or not you retained a copy of any item transferred.

10. **(Appellate counsel only):**  Please provide the reasons for selecting the issues actually contained within the direct appeal filed before the Eleventh Circuit.

11.  **(Appellate counsel only):**  Please provide the reasons for not selecting the following additional issues to be included in the direct appeal filed with the Eleventh Circuit:

      a. issues relating to challenging the selection of grand and petit jurors in the Southern District of Florida, West Palm Beach Division;

      b. issues relating to challenging the charging language of the indictment relating to all counts involving 18 USC Sec. 924(c);

      c.  issues relating to challenging the charging language of the indictment relating to all counts involving 18 USC Sec. 924(j);

      d. issues relating to asserting duplicity challenges on any counts of the indictment;

      e. issues relating to requesting any relief for manslaughter charges set out in the third superseding indictment;

12.  Please provide the names and of every person interviewed by mitigation specialist Kerry Sheehan and the dates of interview for all persons who were interviewed in connection with the following subject areas:

      a. Petitioner's family history on both father's and mother's sides;

      b. Petitioner's personal family history from birth through 2009;

      c. Petitioner's medical history from birth through 2009;

      d. Petitioner's school history from first grade through high school, including academic records, attendance records, truancy records, disciplinary records;

      e. Petitioner's records of mental health treatment of any type;

      f. Petitioner's criminal history, for every incident resulting in an incident report being created and file with Department of Children and Families, State of Florida, "DCF", any criminal law enforcement agency, including State Department of Corrections, and Probation Offices;

13.  Please provide the reasons for not hiring an independent forensic pathologist to testify at trial.

14.  Please provide the reasons for not filing any Daubert challenge or objection to the substitution of a second medical examiner in place of the pathologist who performed the four autopsies on the Escobedo family members.

15.  Please provide the reasons for not cross examining the medical examiner at trial.

16.  Please provide the reasons for not conducting your own detailed cross of the government's fireams' expert at trial; and also provide reasons for the action you conducted at trial with said witness.

      a. please provide the reason why any responsibility for this witness was delegated to another person, and if so why, and provide the nature of the information communicated to you by the delegate to inform you that your delegation had been reasonable

~~17.~~  Please provide the reasons for not conducting your own detailed cross of the government's toolmark expert at trial; and also provide reasons for the action you conducted at trial with said witness.  The United States notes that its original prior proposed Interrogatory #17 is duplicative of Interrogatory #18 due to a scrivener's error. *The government would withdraw proposed old Interrogatory #17.*

17.  (Old #18, restated)  Please provide the reasons for not conducting your own detailed cross of the government's toolmark expert at trial; and also provide reasons for the action you conducted at trial with said witness.

      a. please provide the reason why any responsibility for this witness was delegated to another person, and if so why, and provide the nature of the information communicated to you by the delegate to inform you that your delegation had been reasonable

18. (Old #19, restated)   Please provide the reasons underlying your decision to not file any Daubert challenge to any of the government's expert testimony in the following areas:

     a. firearms' examination and ballistics;

     b. toolmark identification;

     c. latent print analysis;

19. (Old #20, restated) Please provide the dates of communication, orally or in writing (e-mail or letter) with any of the following expert witnesses:

     a. Dr. Wu;

     b. Dr. Harry Krop;

     c. Dr. Michael Maher

     d. any other expert witness whom you retained or consulted.

20. (Old #21 restated).  As to any person identified in 19d (old #20d) above, please provide the following additional information:

     a. subject area of expertise;

     b. content of their opinion and basis of such;

     c. records reviewed or provided to render their opinion

     d. amount of compensation paid;

     e. reason you did not call this person as a witness at trial.

21. (Old #22 restated). Please provide the reason you did not call a latent print examiner, nor conduct cross examination of the government's latent print expert.

22. (old #23 restated) Please provide the reason(s) you did not call Dr. Wu as an expert or introduce a PET scan done of Troya's brain in June 2008.

23. (old #24 restated). Please provide the reason(s) you did not call Dr. Harry Krop as a witness despite the fact you told the penalty phase jury you would call him as an expert in the penalty trial.

24. (Old #25 restated).  Please provide the reason(s) you did not call Dr. Michael Maher as a witness despite the fact you told the penalty phase jury you would call him as an expert in the penalty trial, or had provided his report to the prosecution.

25. (Old #26 restated).  Please provide the reason(s) you called the school witnesses you did, and omitted to call any additional school witnesses.

26. (Old #27 restated).  Please provide the reasons you did not call additional witnesses relating to a school shooting.

27. (Old #28 restated). Please provide the reasons you did not call additional Troya family members to testify during the penalty phase?

28. (Old #29 restated). Please provide the reasons you did not object to any prosecution arguments during any of the following phases of the trial:

a. guilt phase, first closing;

b. guilt phase, rebuttal;

c. penalty phase, first closing;

d. penalty phase, rebuttal.

29. (Old #30 restated). (All counsel): Please provide the following information related to your professional practice of law:

a. degrees conferred and dates;

b. dates of admission to any bar, an any specialty section

c. number of criminal cases handled prior to January 2009, broken down by state vs. federal;

d. number of criminal cases tried to verdict prior to January 2009

e. **(Eisenberg only)**: number of prior homicide cases tried prior to January, 2009, state or federal, and detail total number of prior capital prosecutions, i.e., where death penalty sought by prosecution or defendant was death eligible.

f. **(Appellate counsel only)**: number of criminal appeals handled prior to 2009, broken down by state vs. federal;

g. **(Appellate counsel only)**: number of prior capital appeals handled prior to 2009.

**Newly-added proposed interrogatories: (trial counsel only)**

30. (New proposed interrogatory) Please provide the reason(s) you failed to either make objection(s) or took certain allegedly improper action during the government's *penalty* phase of trial:

a. failure to make any *Crawford* hearsay objections during the penalty phase relating to the government's evidence of Troya's prior prison escape (DE 25 at ECF p. 181);

b. failure to make *Crawford* objection concerning felony battery on Ms. Pawlowski, (DE 25 at ECF p. 184);

c. failure to make *Crawford* objection concerning Troya's fight with and striking of a girlfriend (DE 25 at ECF p. 184);

d.  ineffective for failure to make constitutional and *Crawford* objection concerning incident of Troya's mother smuggling prison contraband into a correctional facility (DE 25 at ECF pp. 185-186);

e.  government's misleading and leading questions concerning Troya's role in the prison escape attempt (DE 25 at ECF pp. 186-187);

f.  failure to object to misleading prosecution questions about Troya wearing civilian clothes (DE 25 at ECF pp. 189);

g.  ineffective for not objecting to government attorneys asking about teaching the defendant right from wrong (DE 25 at ECF p. 195);

h.  ineffective for not moving for mistrial for improper government questions to Troya mitigation witness, (Officer Key on school shooting) or at least objecting (DE 25 at ECF pp. 195-197);

i.  ineffective for not objecting to allegedly improper government cross of witnesses concerning physical location of Uncle Tito in summer of 1995 (DE 25 at ECF p. 197);

j.  ineffective for not timely and accurately proffering testimony of Dr. Cunningham on future dangerousness issue (DE 25 at ECF pp. 198-201);

k. calling a witness who claimed the Fifth Amendment (Karl Busch) (DE 25 at ECF p. 191-195);

l.  failing to pursue collateral relief in state court as to Troya's prior battery conviction; and failing to challenge its use to enhance Troya's sentence (DE 25, ECF pp. 259-260);

m.  failing to object to penalty jury instructions that allowed jury to find non-statutory aggravator without a special verdict defining the acts and a finding beyond a reasonable doubt that Troya actually committed those acts (uncharged shootings and girlfriend beating) (DE 25, ECF  pp. 263-266);

n.  failing to call rebuttal witnesses on Troya's escape conviction, or in mitigation of it (DE 25, ECF pp. 273-275);

o.  failing to file motion in limine to limit Inspector Glover's testimony about Troya escape (DE 25, ECF p. 274);

p.  failing to object to improper questions posed to Inspector Glover (DE 25, ECF p. 275);

q. failing to get ruling on Troya's motion to strike and for a *Daubert* hearing on 'psychopathy' (DE 25, ECF p. 316);

r.  failing to employ strategies for "undermining government expert Brannon's "psychopathy" diagnosis (DE 25, ECF p. 323);

s. explaining or articulating your litigation position on "psychopathy" (DE 25, ECF p. 331);

31. (New proposed interrogatory)  Please provide the reason(s) underlying the following actions or inactions during the *penalty* phase of trial:

9

a. not seeking a curative instruction on allegedly improper prosecution comments on mitigation evidence (DE 25 at ECF p. 208);

b. conceding Troya's involvement in two uncharged 404(b) shooting incidents (DE 25, ECF p. 208);

c. for failing to challenge the three-phase process of death eligibility, and not citing then-recent case law on this issue (DE 25, ECF pp. 212-217, 221);

d. for failing to challenge jury instructions on second step of death eligibility which required the jury to make a legal determination (DE 25, ECF p. 218);

32. (New proposed interrogatory) Please provide the reason(s) for not calling the following possible defense witnesses during the *guilt* phase of the trial:

a. witness Alex Melendez to testify about governemt witness Melvyn Fernandez's drug dealing and usage (DE 25, ECF pp. 227-228);

b. witness Erasmo Garcia to testify about government witness Kevin Vetere's drug usage (DE 25, ECF p. 235);

c. witness Carlos Bonilla to testify about government witness Kevin Vetere's drug usage (DE 25, ECF p. 236);

33. (New proposed interrogatory) Please describe the investigative or strategic steps you took relating to the *guilt* phase of the government's case concerning investigating and gathering records to determine whether Yessica Escobedo's cell phone traveled from Florida to Texas on the evening of October 12, 2006 (DE 25, ECF p. 255), or describe your reasons for not investigating and gathering records relating to this same subject area.

## **Good Cause Argument**

The proposed amended interrogatories introduce four newly added subjects not previously covered. These are covered in proposed Interrogatory 30, (including subparts (a) through (s)); proposed Interrogatory 31, (including subparts (a) through (d)); proposed Interrogatory 32, (including subparts (a) through (c)); and proposed Interrogatory 33.

Good cause exists underlying the government's need for interrogatories on these questions and their respective subparts. Each and every subpart directly addresses an issue of alleged ineffectiveness of prior counsel that has been raised in the amended petition DE 25; the United States has provided detail pinpoint page cites to the ECF page on which each of these amended

allegations have been raised.[1]  By virtue of former defense counsels' unanimous and total refusal to provide any information to the United States concerning the allegations raised in the amended § 2255 Petition, the United States presently is hamstrung in its ability to defend against the allegations raised. To the extent that the former defense counsel are not viewed as  a "party" to this action, and thus not  subject to the submission of interrogatories, the United States asks that the Court consider its proposed Interrogatories to be submitted as Depositions by Written Questions as provided by Rule 31, Fed. R. Civ. Pro.   If the Court determines that discovery is appropriate, and an Order issues, the United States may seek leave of court to propound these questions to the appropriate attorneys as made plain by the language of each respective interrogatory.

Troya's § 2255 petition alleges that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his trial or appellate attorneys failed to do something, or performed their duties in an incompetent fashion.   The   submitted interrogatories (or written deposition questions) seek to establish defense attorney factual responses that would refute the allegations and demonstrate that the petition should not be granted.   Since the proposed Interrogatories are limited to issues directly raised in the Petition they do not rest on mere speculation.   Rather, they are designed to obtain information from the maligned attorneys defending their strategic decisions, investigative and legal research efforts, trial preparation and trial and appellate performance.   Those responses, in the abstract, may demonstrate that certain issues are not well grounded factually and may be resolved without the resort to a contested evidentiary hearing.

---

[1]  The government earlier provided a detailed Appendix A (DE 98-1) identifying all of the issues raised by Troya. The Appendix consists of an eleven page document citing approximately 132 different issues covering 454 cited pages in the ECF system.  Newly-proposed Interrogatories are cited with specific ECF pinpoint cites. Previously submitted interrogatories rely on the Appendix-cited issues as the grounds for good cause.

The United States has reviewed its Requests for Production and determined that no amendment is required.  The United States further re-states its earlier submitted written argument that it contends that the case can be decided on the merits based on the parties' mutual prior written submissions to the Court; the proposed discovery submitted by the United States is sought as a prophylactic measure in the event that the Court determines that discovery should be ordered in this case.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:    */s Stephen Carlton*
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

12

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on June 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Stephen Carlton*
Stephen Carlton
Assistant United States Attorney

## SERVICE LIST

**Daniel Troya v. United States**
**Case No. 16-80700-CV-SCOLA**
**United States District Court, Southern District of Florida**

**Stephen Carlton**
**Stephanie Evans**
Assistant U.S. Attorneys
Stephen.Carlton@usdoj.gov
Stephanie.D.Evans@usa.doj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
**Attorney for United States**
[Service via CM/ECF]


**Steven H. Malone**
1217 South Flagler Drive
Second Floor
West Palm Beach, FL 33401
Phone:  (561) 805-5805
stevenhmalone@bellsouth.net
[Service via CM/ECF]


**D. Todd Doss**
Federal Defender's Office, MDFL
201 South Orange Ave., Ste. 300
Orlando, FL 32801
Phone:  (407) 648-6338
stevenhmalone@bellsouth.net
[Service via CM/ECF]