**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**DANIEL A. TROYA,**

**Petitioner**

**v.**                                                                          **CASE NO. 16-80700-Civ-BLOOM**

**UNITED STATES OF AMERICA,**

**Respondent**

_____/

**PETITIONER'S RESPONSE TO RESPONDENT'S AMENDED MOTION TO SERVE**
**INTERROGATORIES AND MOTION FOR ENTRY OF PROTECTIVE ORDER**

## I.     Introduction

Pursuant to this Court's Order of June 5, 2017 [Doc 112], the Government has amended

its request to serve interrogatories, adding additional ones and replacing others.[1] In addition to

the attorney-client, work product privilege, and procedural objections previously raised, the

Petitioner states:

> **1.  The submission of the interrogatories to Petitioner, which ask questions of his**
> **former attorneys, is improper.**

The proposed amended interrogatories combine questions which appear to be directed to

Petitioner (see questions 1-3), with questions directed to former counsel. As previously argued,

under Civil Rule 33(a)(1), a party may serve interrogatories "on any other party" to the action.

Interrogatories, however, may not be served on a person who is not a party. *See* 7-33 Moore's

Federal Practice - Civil § 33.20 (2017) ("Interrogatories may not be served on a person who is

not a party[.]"). The same is true of Civil Rule 34, which governs requests for production. *See*

Rule 34(a) ("A party may serve *on any other party*…") (emphasis added); *Transamerican Ref.*

---

[1] Because the Government did not submit amended requests for production, counsel intends to respond to the items previously requested in Appendix A of the Government's initial motion no later than September 11, 2017 as ordered by this Court.

1

*Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tex. 1991) ("Rules 33 and 34 generally apply to parties"). Although the Government's proposed interrogatories are styled as "Respondent's Proposed First Set of Interrogatories to Petitioner," all of the interrogatories are not, in fact, directed to the Movant, Mr. Troya, but rather to his former counsel. His former counsel are not parties to the §2255 action. As such, the interrogatories are procedurally defective and must be rejected. *United States v. Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1397 (10th Cir. 1997) (stating that the district court properly refused to allow claimant's discovery requests, which consisted of many interrogatories directed to nonparties). Similarly, to the extent that the Government's requests for production are directed at former counsel, they too are defective under Civil Rule 34 and must be rejected.

This distinction is critical here, because Movant cannot be held responsible should former counsel fail to answer the "interrogatories." The Government suggests using Rule 31, deposition upon written questions, instead. Movant agrees a modified version of the procedure under that rule may be appropriate, and suggests the procedure below be followed.

**2.   Several specific interrogatories are objectionable.**

Movant objects to interrogatories set forth below as unduly burdensome and confusing. It appears the Government is seeking information from several sources in a combined set of interrogatories; that is, from trial and appellate counsel, and also from Petitioner personally.

The first three interrogatories seem to be directed to Petitioner and not to former counsel. They seek the following:

> 1. Please identify all persons whom have knowledge of any facts and/or issues relating to this action, including their name, address, telephone number, and a summary of the facts and/or issues upon which they have knowledge.

2

2. Please state the name, address, and the following information, for each lay person expected to be called as a witness or to testify at any evidentiary hearing of this matter, and state the following:
    A. The name and last known address;
    B. A brief statement of the facts and substance expected from this witness;

3. Please provide the name and address of each person you expect to call as an expert witness at any evidentiary hearing of this matter, and include the following information:
    A. Name and address;
    B. Field of expertise of said expert;
    C. Subject matter to which the expert is expected to testify;
    D. Substance of the facts and opinions to which the expert is expected to testify;
    E. Summary of the grounds for each opinion.

Petitioner objects to these three questions as a showing of good cause has not been made, and they are unduly burdensome considering an evidentiary hearing has not yet been set. Question 1 is additionally objectionable as overbroad.

Other questions improperly and confusingly combine questions addressed to former counsel with questions apparently directed to both Petitioner personally as well as his former trial attorneys. Question 5 (a) and (c) asks:

5. Please state in detail the reasons underlying delegation of cross examination responsibility for toolmark or firearms' expert evidence to counsel for Ricardo Sanchez, and provide answers to the following related areas:

a. was the delegation discussed between attorneys (Eisenberg and/or Garcia) **with you**;
b. was the delegation authorized or documented in any way?
c. **did you** receive any information from Sanchez's lawyer in advance as to what cross examination topics, subject areas or questions would be covered?

Are 5 (a) and (c) directed to petitioner? It appears so, but it is not possible to tell with certainty. The government should be required to identify which questions are propounded to Petitioner personally so objections, if any, and answers, if any, can be properly provided. There is a similar issue regarding question 6 (a) and (c), and question 16 (a) and 17 (a).

Question 7 is confusing and not answerable as framed. It states:

7. Please state in detail the reasons underlying the cross examination questions utilized to

3

confront the following government witnesses:
a. Kevin Vetere;
b. Melvyn Fernandez; and
c. Carlos Rodriguez

The question is vague and unable to be answered in its present form.

Question 8 refers to a response provided by Petitioner's present counsel but not to former counsel, so the Government needs to provide such information to trial counsel for them to answer:

> 8. Please state in detail whether or not prior to trial you received all of the discovery enumerated by the United States in its written response dated July 20, 2016, issued in response to Troya's 2255 counsel's letter seeking informal discovery dated June 22, 2016; if you claim you did not receive something, please identify the item by description and date that the government claimed it had provided it to you.

### 3.   There is no additional objection to most of the interrogatory questions.

Petitioner offers no additional objection to question 4 (relating to steps taken to disclose the PET scan), question 9 and its subparts regarding location of trial files, questions 10 & 11 relating to appellate counsel regarding issues selected or not selected for presentation on appeal, question 12 regarding the mitigation specialist interviews, question 13 regarding not hiring a forensic pathologist to testify at trial, question 14 regarding reasons for not filing a *Daubert* challenge or objecting to substitution of testifying medical examiner, question 15 regarding lack of cross examination of the medical examiner, question 16 regarding not conducting detailed cross examination of firearms expert and for what cross examination was conducted, as well as reasons for the delegation. As to subsection (a), it is unclear whether it is directed to Petitioner or his former attorneys, as described above:

> a. please provide the reason why any responsibility for this witness was delegated to another person, and if so why, and provide the nature of the information communicated to you by the delegate to inform you that your delegation had been reasonable

4

Similarly, there is no additional objection to question 17 regarding the cross examination of the toolmark expert and delegation of responsibility except to the extent subsection (a) should be clarified as to whom it is directed to, counsel or Petitioner.

There are no additional objections to 18 regarding the failure to file a *Daubert* challenge to firearms, toolmark and latent print expert testimony, to question 19, dates of communication with expert witnesses, including those just consulted, question 20, regarding experts identified in 19s opinions and reasons not called, question 21, regarding not calling a latent print examiner or conducting a cross of the government's latent print expert, question 22, regarding the reason for not calling Dr. Wu as an expert or introducing the PET scan, question 23, regarding the reasons for not calling Dr. Harry Krop as a witness at penalty phase, question 24, regarding not calling Dr. Michael Maher at penalty phase, question 25, regarding reasons for calling "school witnesses" and not calling additional ones, question 26, regarding reasons for not calling additional witnesses relating to a school shooting, question 27 regarding reasons for not calling additional family member to testify during penalty phase, question 28 regarding failure to object to prosecution arguments, question 29, regarding counsels' professional background, question 30 (a)-(s), regarding failure to object or other challenged actions, question 31 a-d, regarding the failure to object or otherwise challenge, or conceding to evidence or instructions, no objection, question 32, regarding not calling Melendez, Garcia, or Bonilla at guilt phase of trial, or question 33, regarding investigative or strategic steps related to Yessica Escobedo's cell phone travel from Florida to Texas.

### 4. Petitioner suggests procedures for judicial supervision to ensure that disclosure of privileged information does not exceed the narrowly tailored scope of any implied waiver.

Petitioner suggests the following procedure would be appropriate for former counsel's responses to interrogatory or similar out-of-court questions by the Government, and document production by former counsel. With respect to interrogatories, it cannot simply be left up to former counsel to decide the scope of the waiver and whether to divulge any potentially privileged information. There has to be some prophylactic measure put in place to guard against improper disclosure that exceeds the scope of the waiver. Petitioner suggests the Court require former counsel to provide their answers *ex parte* and permit current counsel to review them, raise objections, and permit the court to make appropriate redactions to the written responses to the interrogatories before they are disclosed to the government. Similarly, former counsel cannot be left to make their own decisions about which parts of the file are covered by the waiver and which parts are not; current counsel should be allowed to create a privilege log and raise objections about the former counsel's disclosure of relevant documents that exceed the scope of the waiver, which the court should rule on *in camera*, before any documents are disclosed to the government.

These procedures are consistent with those adopted by other Courts in similar circumstances. *See Jackson v. USA*, Civil Action No. 1:09-CV-1039 (E.D. Tex. Mar. 1, 2011)(requiring affidavits from trial counsel submitted *in camera* and *ex parte*, and providing petitioner's counsel opportunity to object before responses were provided to the Government); *Thomas v. United States*, 2017 U.S. Dist. LEXIS 13585, *2-*3 & n.1 (N.D. Iowa 2/1/17) (directing trial counsel to file with the court an affidavit "that responds only to the movant's specific allegation(s)" of IAC, but advising trial counsel to read ABA Formal Op. 10-456 and

that if "counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion."; also permitting movant's counsel to file objections).

**5. This Court should enter a protective order prohibiting use of any information disclosed by Petitioner in any other proceedings.**

Some courts, including the Eleventh Circuit, hold once an attorney discloses information in a proceeding challenging their conduct without a protective order, that information may be used in a subsequent criminal trial. *See*, e.g., *United States v. Suarez*, 820 F.2d 1158 (11th Cir. 1987). For that reason, this Court should enter a protective order preventing the use of any confidential information disclosed to the Government outside these proceedings, should the Court order such discovery. *See Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). In *Bittaker*, the Court ordered:

> All discovery granted to respondent pursuant to respondent's motion to discover trial counsels' files and conduct depositions of trial counsel, petitioner's defense team and petitioner, shall be deemed to be confidential. These documents and material (hereinafter "documents") may be used only by representatives from the Office of the California Attorney General and only for purposes of any proceedings incident to litigating the claims presented in the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.
>
> This Court recognizes that Respondent objects to entry of this protective order, and that Petitioner contends the required disclosures in this action do not constitute a waiver of his rights under the 5th and 6th Amendment in event of any retrial. The Court may vacate this order at any time. The parties will immediately advise the court of any future rulings in *Osband v. Woodford* [, 290 F.3d 1036 (9th Cir.2002)].

7

*Bittaker*, 331 F. 3d at n. 1. This Court should enter a similar order in this case.

**Respectfully Submitted**,

| | |
|---|---|
| */s/ Steven H. Malone* | */s/ D. Todd Doss* |
| STEVEN H. MALONE | D. TODD DOSS |
| Steven H. Malone, P.A. | Assistant Federal Defender |
| 1217 South Flagler Drive | Federal Defender's Office, MDFL |
| Second Floor | 201 South Orange Ave., Ste. 300 |
| West Palm Beach, FL 33401 | Orlando, FL 32801 |
| Tele: 561-805-5805 | Tele: 407-648-6338 |
| Email: stevenhmalone@bellsouth.net | Email: todd_doss@fd.org |
| Florida Bar No. 305545 | Florida Bar No. 0910384 |
| *Counsel for Daniel A. Troya* | *Counsel for Daniel A. Troya* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 24, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case, either via transmission of the Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ *Steven H. Malone*
STEVEN H. MALONE

/s/ *D. Todd Doss*
D. TODD DOSS

8