**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-80700-Civ-BLOOM**

DANIEL A. TROYA,                                )
           Movant                    )
                                      )
v.                                               )
                                      )
UNITED STATES OF AMERICA,          )
           Respondent              )

**OMNIBUS DISCOVERY ORDER ON WAIVER OF ATTORNEY-CLIENT PRIVILEGE**
**AND MOTION FOR PROTECTIVE ORDER**

**THIS CAUSE** is before the Court upon the Respondent's Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived ("Renewed Motion"), ECF No. [98], Respondent's Proposed First Amended Set of Interrogatories to Petitioner ("Amended Interrogatories"), ECF No. [118], and [Movant's] Response to Respondent's Amended Motion to Serve Interrogatories and Motion for Entry of Protective Order. ("Protective Order"),  ECF No. [122].  The Movant is in the custody of the United States Bureau of Prisons after having been sentenced to death for the October 13, 2006, murders of two young children: Luis Damian Escobedo (three years old) and Luis Julian Escobedo (four years old). (Case No. 06-CR-80171 (Hurley, J), ECF No. [796]). The Movant was also sentenced to life imprisonment for the murder of the children's parents, Jose Luis Escobedo and his wife Yessica Escobedo.  The Movant's convictions and sentences were affirmed on direct appeal. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013).  The United States Supreme Court has denied a writ of certiorari. *Sanchez v. United States*, 135 S.Ct. 2048 (2015).  On May 31, 2016, the Movant filed an Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255. ("Amended Motion") ECF No. [25].   On July 29, 2016, the Respondent sought an order from the Court finding that the Movant had waived his attorney-client privilege when he claimed ineffective assistance of counsel in his Amended Petition.  *See* ECF No. [30].  The Court denied the request as it appeared that the Respondent was clearly seeking discovery without complying with Rule 6, Rules Governing Section 2255 Proceedings.  ECF No. [31].   Thereafter, the Movant filed motions requesting approval to serve discovery; however, in the interim, the undersigned's predecessor had, pursuant to Rule 4, Rules Governing Section 2255 Proceedings, conducted an initial review of the Movant's claims and determined that certain, but not all, of his §2255 claims should be dismissed.  ECF No. [29]. Certain of the Movant's discovery requests were mooted by the dismissal.  On February 22, 2017, the undersigned vacated the dismissal. ECF No. [86]. At the same time, the Court ordered the parties to file amended responses to the pending discovery requests.  The Respondent filed the Renewed Motion.  The Court thereafter held a hearing on June 2, 2017, to discuss the merits of the parties' arguments. ("June Hearing") ECF No. [115]. On June 23, 2017, the Respondent filed a Proposed First Amended Set of Interrogatories to Petitioner. ECF No. [118].  On July 24, 2017, the Movant filed [Movant's] Response to Respondent's Amended Motion to Serve Interrogatories and Motion for Entry of Protective Order. ("Protective Order"), ECF No. [122]. On July 26, 2017, the Court granted in part and denied in part the Movant's discovery requests. ECF No. [124]. As such, the Movant's outstanding discovery requests have been resolved.

Here, the Court considers the merits of the Respondent's discovery requests, ECF No. [98] & [118], and the Movant's Motion for Protective Order. ECF No. [122].  After careful consideration of the parties' arguments, written submissions and the benefit of oral argument, the

Renewed Motion is **GRANTED IN PART AND DENIED IN PART**. The Amended Interrogatories is **DENIED**, without prejudice. The Protective Order is **GRANTED**, in part and **DENIED**, in part.

### *Standard of Review*

Unlike the usual civil litigant in federal court, the Movant is not entitled to discovery as a matter of course. *Wellons v. Hall*, 554 F.3d 923, 925 (11th Cir. 2009) (Rule 6(a) provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."). Movant shows such "good cause" for discovery by making specific allegations that establish reason to believe that, if the facts are fully developed, he will be able to demonstrate entitlement to habeas relief. *Id*. at 925. What constitutes "good cause" is expounded upon in the Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Proceedings[1] to include reasons that are based, not in fantasy, but in specific allegations that give the court reason to believe that the movant's allegations, if proven, show that the movant is illegally incarcerated. However, "good cause for discovery cannot arise from mere speculation." *Arthur v. Allen,* 459 F.3d 1310, 1311 (11th Cir. 2006). Therefore, when considering entitlement to discovery pursuant to Rule 6, the Court must consider the underlying §2255 claims as plead in the Amended Motion in conjunction with the proposed discovery requests. Without good cause, the discovery requests must be denied.

### *Section 2255 Claims and Discovery Requests*

---

[1] The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2255 Proceedings state that the discussion in the Advisory Committee Notes for Rule 6 of the Rules Governing Section 2254 apply fully to both § 2254 and § 2255 proceedings.

The Amended Motion contains *twenty-three* claims for relief with multiple sub-claims: (V) juror misconduct, (VI) trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires, (VII) the statute that was used to convict and sentence the Movant to death is impermissibly vague, (VIII) denial of effective assistance of counsel when the Movant was charged with a non-existent crime of felony murder used to enhance his sentence - trial and appellate counsel, (IX) ineffective assistance of counsel for failing to move to dismiss the indictment - trial and appellate counsel, (X) ineffective assistance of counsel for failing to request a jury instruction on manslaughter, (XI) ineffective assistance of counsel for failing to retain competent experts, failure to consult with experts, failure to file motions to exclude govt. experts, and failure to object to Government expert testimony, (XII) ineffective assistance of counsel for failing to object to numerous trial errors, (XIII) ineffective assistance of counsel for failing to object to the use of juvenile convictions in aggravation, (XIV) ineffective assistance of counsel for failing to properly challenge the "three step process", (XV) ineffective assistance of counsel for failing to object to improper questioning of Government cooperating witness, (XVI) *Brady* and *Giglio* violations (promises made to certain cooperating witnesses), (XVII) *Brady* violations during sentencing, (XVIII) *Brady* violation for failure to provide evidence of defendant's brain damage, (XIX) ineffective assistance of counsel for failing to challenge battery conviction used in aggravation, (XX) ineffective assistance of counsel for failing to object to jury instructions and verdict forms, (XXI) ineffective assistance of counsel for conceding defendant's involvement in two uncharged shootings, (XXII) ineffective assistance of counsel for failing to challenge the Government's evidence regarding an escape, (XXIII) the death penalty violates the Eighth Amendment, (XXIV) ineffective assistance of counsel for failing to move for appropriate relief  when counsel could not adequately investigate due to "life-

4

threatening dangers", (XXV) ineffective assistance of counsel for failing to appropriately investigate mental health mitigation, (XXVI) ineffective assistance of counsel for failing to timely and effectively investigate the Movant's personal history and background, and (XXVII) cumulative effects of error. ECF No. [25]. At issue here are the Movant's *sixteen* claims of ineffective assistance of trial and appellate counsel.

### *Renewed Motion and Amended Interrogatories*

In the Renewed Motion, the Respondent requests that the Court make a finding regarding the waiver of attorney-client privilege and authorize the service of requests for production and interrogatories on both the Movant and all four of his trial and appellate attorneys. The Respondent attached an Appendix to the Renewed Motion which delineates the precise claim of ineffective assistance of counsel asserted by the Movant, the page number in the Amended Motion where the allegation was made, and the attorney or attorneys to whom the claim is directed. ECF No. [98-1]. Over a year ago, the Respondent attempted to obtain information from the Movant's former trial and appellate counsel regarding allegations made by the Movant in the Amended Motion. Former trial and appellate counsel objected to providing *any* information to the Respondent. ECF No. [98] at 2. The Renewed Motion has followed.

There are *sixteen* claims of ineffective assistance of counsel pending before the Court. There can be no doubt that it is the Section 2255 movant's burden to prove the factual allegations made in his claims of ineffective assistance of counsel. *See Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) ("In making [the] determination [whether the district court correctly denied the § 2255 motion], we note that [the movant] bears the burden to prove the claims in his § 2255 motion."); *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("[O]n a §

5

2255 [motion, the burden of proof] belongs to the [movant].").   Likewise, as the Movant attempts to prove his claims, the Respondent must have a fair opportunity to defend against those claims.  *See United States v. Sewell,* 2012 WL 5523234 at *3 (E.D. Cal. 2012)(citing *Bittaker v. Woodford*, 331 F.3d 715, 716-20 (9th Cir. 2003)("Where, as here, a movant impliedly waives the attorney-client privilege by asserting an ineffective assistance of counsel claim, the privilege is waived only to the extent necessary to allow the opposing party to rebut the claim.").  At the June Hearing, the Respondent clarified its position on the waiver of the attorney-client privilege as follows:

> MR. CARLTON: We certainly welcome that comment and the -- what we want to try to accomplish -- we, being the United States Attorney's Office -- is there have been many different allegations raised under the umbrella of ineffective assistance of counsel as to what trial or appellate counsel --either -- that they either did incompetently or they omitted to do, that they failed to do something.
>
> All we're asking for is a reasonable opportunity to interact with those attorneys and find out: Okay. You failed to cross-examine this witness. Do you recall either independently or looking at your files, as to why -- why you did not conduct cross-examination? Was it a strategic decision? If so, what was the basis for that? If it was an omission, oh, I just forgot, we're entitled to know that.
>
> What we're struggling with is a situation where I had attempted to speak with the lawyers to try to figure out what  their responses would be collectively -- well, I guess it's individually -- two trial lawyers, as well as appellate counsel, why were issues raised on appeal. Why were other issues not raised. I was shut down completely with the response across the board that: We will not speak with the Government on this issue, period, on anything, unless and until the Court issues a finding or an order that the attorney-client privilege has been waived.
>
> So starting with that very stark wall of no access, that Berlin Wall that I could not penetrate, I attempted, however inartfully it may have been done, to try to alert the Court that at least as to the issues that have been raised in the 2255, the Government should be afforded an opportunity to inquire of the lawyers as to: Were you ineffective on this? Why did you not call an expert on this? Why did you not cross-examine? Was it a conscious decision? Were you thinking three steps ahead or were you just dropping the ball?

We have not been allowed to do that. And the Defense -- my interpretation of what they want is that my discussions with them have resulted in a statement that: Well, it's got to be a judicially sanctioned or judicially supervised procedure. They didn't suggest how that can be done. We're open to suggestions. Perhaps -- I mean, usually depositions could be done. In this particular case, if they're concerned about narrowly construing the waiver to limit it just to a particular issue, perhaps a situation could be addressed or availed or offered that the Government send a proposed set of written questions, like written depositions, which would give advance notice to the Defense.

And we would see if those -- after they have an opportunity to object to any of those questions, we could submit those and then if there's additional need for follow-up, the Government would apprise the Court.

I'm at a loss as to what the Government has – and we're not seeking a wholesale review of their files.

ECF No. [115] at 45-47. At the June Hearing, the Court conferred with both parties to seek common ground and conduct an initial evaluation of the boundaries of any implied waiver of the attorney-client privilege.  In an effort to begin the discovery process, the Court sought to find areas where the parties had no dispute.  Constructively, the Movant agreed that if he "is going to be relying upon [attorney-client privileged] documents in support of [his] ineffective assistance of counsel claims, those documents would be discoverable and there would be no attorney-client privilege that would attach." *Id*.   Following the hearing, the Court entered the Second Revised Scheduling Order which summarized the Court's *ore tenus* orders from the June Hearing:

[W]ithin 100 days of the hearing, or **no later than September 11, 2017**, the Movant shall identify and produce documents in the files of his trial and appellate counsel that he will rely upon to support his pending ineffective assistance of counsel claims. The parties agreed that if the Movant relies on an otherwise attorney-client privileged document to support his federal habeas claims, he has expressly waived the attorney-client privilege as to such document. The Movant shall also review Appendix "A" of the United States' Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, ECF No. [98-1]. The Movant shall provide any documents supporting his ineffective assistance of counsel claims not otherwise requested in the

7

Respondent's initial discovery requests but specifically referenced in Appendix "A". To the extent the documents produced by the Movant do not indicate an author; the Movant shall identify the attorney's file where the document was located when the document was provided to the Movant by his former counsel.

The Court further ordered, *ore tenus*, that within 30 days of the June 2nd discovery hearing; the Respondent shall review the requests for production and interrogatories attached to his Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, ECF No. [98]. The Respondent shall determine if those discovery requests are comprehensive. If not, the Respondent shall determine if additional documents are needed to defend or rebut Petitioner's claims. If so, the Respondent may file amended discovery requests. Should the Respondent amend the discovery requests to seek additional documents or serve further interrogatories, it must show good cause as required by Rule 6, Rules of Governing Section 2255 Proceedings.

Thereafter, within 30 days of the amended discovery requests, the Movant shall assert any objections, other than attorney-client privilege, to the Respondent's amended request for production and interrogatories. Claims of privilege shall be accompanied by a privilege log and submission of the logged materials *ex parte* under seal to the Court.

ECF No. [112] at 1-2. However, certain outstanding discovery issues remain which are not specifically addressed by the *ore tenus* ruling on the waiver of attorney-client privilege at the June Hearing. On June 23, 2017, the Respondent filed the Amended Interrogatories. ECF No. [118]. At the same time, the Respondent notified the Court that it had reviewed its outstanding Requests for Production, ECF No. [98-3], and "determined that no amendment is required." *Id*. at 12. These two discovery requests seek documents and information from the Movant *and* his former trial or appellate counsel which includes requests not covered by the agreed umbrella of documents that the Movant may "rely upon to support his pending ineffective assistance of counsel claims." *See* ECF No. [112] at 1-2. Indeed, the Movant has raised claims which are likely answered by evidence that resides within the memories, files, correspondence, documents, or answers under oath of the Movant's former counsel. Therefore, the waiver of the attorney-

8

client privilege to documents that the Movant will rely on to establish his claims is a good start to a comprehensive discovery plan. Below, the Court determines the scope of the implied waiver of the attorney-client privilege applicable in this case.

### *Attorney-Client Privilege*

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Proceedings 88–9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir.1990) (quoting *In re Grand Jury Subpoena of Slaughter*, 694 F.2d 1258, 1260 (11th Cir.1982)). Recognition of the attorney-client privilege is intended to encourage frank communication with an attorney. *See Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1998). The attorney-client privilege "belongs solely to the client," and the client may waive it, either expressly or by implication. *In re Von Bulow*, 828 F.2d 94, 100, 101 (2d Cir.1987). The doctrine of waiver by implication reflects the position that the attorney-client privilege "was intended as a shield, not a sword." *GAB Business Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir.1987) (applying Florida law) (*quoting Pitney–Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 446 (S.D.Fla.1980)). In other words, "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1997), *cert. denied* 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991); *accord United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982) ("Selective disclosure for tactical purposes waives the privilege.").

While the Movant has conceded that he has impliedly waived the attorney-client privilege as to certain communications, s*ee* ECF No. [115] at 23, this waiver does not address all relevant communications.

9

> Although the precise boundaries of the waiver will vary from case to case, and in many instances will require careful evaluation by the district court, there should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances.

*Johnson v. Alabama*, 256 F.3d 1156, 1179 (11th Cir. 2001).  The waiver of privilege goes further than simply the documents and testimony that the Movant intends to use to *prove* his claims but extends to documents and testimony that the Respondent can use to *disprove* those same claims. S*ee id*.  ("Simply put, when a habeas petitioner such as [Respondent] launches an attack on the reasonableness of his attorney's strategy in conjunction with a claim of ineffective assistance of counsel, he puts at issue his communications with counsel relating to those strategic choices.") Accordingly, the Court finds that the implied waiver of the attorney-client privilege "applies to testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." *Id*. at 1178.  The Court has reviewed Appendix A attached to the Renewed Motion and finds that the Respondent has demonstrated that it recognizes that any waiver of attorney-client privilege is limited to the claims of ineffective assistance of counsel claims as argued in the Movant's Amended Motion.  *See* ECF No. [98-1]. The Respondent's Renewed Motion as to a limited implied waiver of the attorney-client privilege is granted in part.  The Court will enter a Protective Order herein and by separate order which will further provide the parties and former trial and appellate counsel with guidance as to how to proceed.  Having established the parameters of the implied waiver, there are two issues remaining that need to be resolved: good cause pursuant to Rule 6, Rules Governing Section 2255 Proceedings and the proper procedure for discovery pursuant to the Federal Rules of Civil Procedure.

### *Good Cause*

10

Unlike the usual civil litigant in federal court, the Movant is not entitled to discovery as a matter of course.  *Wellons v. Hall*, 554 F.3d 923, 925 (11th Cir. 2009) (Rule 6(a) provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.").  A movant shows such "good cause" for discovery by making specific allegations that establish reason to believe that, if the facts are fully developed, he will be able to demonstrate entitlement to habeas relief. *Id*. at 925.  What constitutes "good cause" is expounded upon in the Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Proceedings  to include reasons that are based, not in fantasy, but in specific allegations that give the court reason to believe that the movant's allegations, if proven, show that the movant is illegally incarcerated. However, "good cause for discovery cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006).

Therefore, when considering entitlement to discovery pursuant to Rule 6, the Court must consider the underlying Section 2255 claims as plead in the Amended Motion in conjunction with the proposed discovery requests.  Typically, the good cause requirement is addressed in the context of a party needing to show good cause to establish an entitlement to relief.  Here, however, the good cause would be for the Respondent to defend against a claim of entitlement to relief.  At the June Hearing, the Court inquired whether or not this procedural posture, in and of itself, establishes good cause for discovery. ECF No. [115] at 25.  The Movant conceded that good cause existed for the Respondent to determine what information the Movant may have that would support his claims. *Id*. at 54.  Moreover, the Court has found that the Respondent's Appendix A, ECF No. [98-1] establishes good cause as the basis for the discovery is the

Movant's own claims for relief.  Where the Respondent is seeking discovery *directly related or responsive* to the Movant's Section 2255 claims, good cause has been established.

### *Discovery under the Federal Rules of Civil Procedure*

Having resolved the parameters of the implied waiver of the Movant's attorney-client privilege and the good cause standard, the remaining issue is how the Respondent should conduct the discovery which the Court has authorized.  The Respondent is seeking documents and answers to interrogatories from the Movant's former trial and appellate counsel pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure.  The Respondent cannot do so. Rule 33, Interrogatories to Parties and Rule 34, Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes are applicable only to "*parties.*"  Former attorneys are not "*parties*" pursuant to Rule 33 or Rule 34 of the Federal Rules of Civil Procedure.  *See Johnson v. United States,* 2010 WL 231790 (D. Del. Jan. 20, 2010).    Likewise, the Respondent cannot require the Movant to answer and respond to discovery on behalf of his former trial and appellate counsel.  Even if it were permissible, the Movant and his former trial and appellate counsel are now considered to be engaged in an adversarial relationship such that a conflict of interest may exist.  *See Christeson v. Roper*, 135 S.Ct. 891, 894 (2015); *Maples v. Thomas*, 132 S.Ct. 912, 925, n. 8 (2012) (a "significant conflict of interest" arises when an attorney's "interest in avoiding damage to [his] own reputation" is at odds with his client's "strongest argument…").  The Court cannot grant the

12

Respondent leave to serve Rule 33 or Rule 34 discovery upon non-parties even with a showing of good cause and a limited implied waiver of attorney-client privilege.[2]

Therefore, to the extent that the Respondent's discovery requests attached to the Renewed Motion or the Amended Motion are directed to the former trial and appellate attorneys, those requests must be drafted and addressed to each attorney *individually* and *separately*, in accordance with the Local Rules of the Southern District of Florida, and the Federal Rules of Civil Procedure. As to the interrogatories and request for production which were directed to the Movant's former trial and appellate counsel, the Court **DENIES,** without prejudice**,** the Respondent's Renewed Motion and Amended Interrogatories. The Respondent shall review the Protective Order entered herein prior to service of discovery on any of the former trial and appellate counsel.

As to the interrogatories and request for production which were directed to the Movant, the Court **DENIES,** without prejudice**,** the Respondent's Renewed Motion and Amended Interrogatories. As drafted, the definitions are vastly overbroad and lack clarity as to precisely who the requests for production and interrogatories are directed. The discovery is objectionable on its face. The Movant is not required to answer either ECF No. [98-3] or ECF No. [118].

However, having resolved the issues as to non-party discovery, the Respondent should be able to draft more concise discovery requests in accordance with Rule 33 and Rule 34, Fed. R. Civ. P. This discovery may be served upon the Movant and does not need to be filed with Court prior to service. The parties are ordered to use their best efforts and, in good faith, attempt to resolve any issues which arise during the discovery process. Should the parties have an

---

[2] Moreover, the Federal Rules of Civil Procedure provides alternate discovery mechanisms for non-parties. *See* Rule 30, Depositions by Oral Examinations and Rule 31, Depositions by Written Questions.

objection which they are unable to resolve, the party must first comply with the Local Rules for the Southern District of Florida before filing a discovery motion with the Court.  As Rule 33 and Rule 34 discovery is limited to parties, and only parties, the Court orders the Respondent to comply with the limitation on the amount of interrogatories as set forth in the Federal Rules of Civil Procedure.  Following the completion of preliminary discovery and, with a showing of good cause, the Respondent may file a motion requesting that the Court authorize the service of additional interrogatories.

### *Motion for Protective Order*

On July 24, 2017, the Movant filed a Response to Respondent's Amended Motion to Serve Interrogatories and Motion for Entry of Protective Order.  ECF No. [122] at 6.  Aside from the Movant's objections to the Respondent's Amended Interrogatories, the Movant also seeks a Protective Order. *Id.*   The Movant seeks two forms of relief.  First, the Movant argues that "it cannot simply be left up to former counsel to decide the scope of the waiver and whether to divulge any potentially privileged information." *Id.* at 6.  Therefore, the Movant would like former counsel to provide their answers ex parte, permit current counsel to review them, raise objections, and permit *the [C]ourt to make appropriate redactions* to the written responses to the interrogatories before they are disclosed to the government." *Id.* (emphasis added).  Further, "former counsel cannot be left to make their own decisions about which parts of the file are covered by the waiver and which parts are not; current counsel should be allowed to create a privilege log and raise objections about the former counsel's disclosure of relevant documents that exceed the scope of the waiver, which the court should rule on *in camera*, before any documents are disclosed to the government." *Id.*

14

The Court finds both requests onerous and unnecessary. Within this Order, the Court elucidated the parameters of the implied waiver of the attorney-client privilege which is limited to the claims of ineffective assistance of counsel claims as argued in the Movant's Amended Motion. The Court orders the Respondent to attach a copy of this Order to any discovery served on former trial or appellate counsel so that former trial and appellate counsel will have a clear understanding of the limits of the waiver. The Movant was represented at both trial and on direct appeal by highly-skilled, well-trained, and capital-qualified counsel. The Court is confident that should they have a concern about whether or not a document or testamentary evidence is privileged, they will bring it to the Court's attention. Yet, the Court does find certain safeguards appropriate.

The Court Orders as follows: (1) should the Respondent issue subpoenas duces tecum for oral deposition and production of documents, pursuant to Rule 45, Fed. R. Civ. P., to former trial and appellate counsel, any documents that will be produced to the Respondent shall be produced *ex parte* to Section 2255 counsel thirty (30) days in advance of the deposition, (2) Section 2255 counsel shall review those documents and designate any privileged documents where the implied waiver of attorney-client privilege is not applicable, (3) Section 2255 shall create and submit a privilege log to the Court *in camera* fifteen (15) days prior to the deposition, (4) documents that the Movant deems *not* privileged, either simply by content or by implied waiver, shall be submitted directly to the Respondent at the same time the privileged documents and log are submitted to the Court, (5) the Court will rule on the applicability of the privilege designation prior to disclosure to the Respondent and in advance of the deposition.

Should Respondent take the oral deposition of former trial and appellate counsel, Section 2255 counsel could attend and assert contemporaneous objections to prevent attorney-client

privileged information from being disclosed to the Respondent prior to a judicial determination on applicability of the privilege.  Notwithstanding, the ability to timely object, the Court reminds counsel for both parties that the "attorney-client privilege attaches *only* to communications made in confidence to an attorney by that attorney's client for the purposes of securing legal advice or assistance." *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987) (emphasis added).  "The burden is on the party claiming the privilege to establish that each communication or document sought to be protected falls within the privilege protection." *Id*.

Second, the Movant seeks a protective order "preventing the use of any confidential information disclosed to the Government outside these proceedings, should the Court such discovery." *Id*. at 7.   The Court finds that such an order is warranted and Orders as follows: The communications between Movant and his former counsel shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding. The testimony given and documents supplied by Movant's former trial and appellate counsel shall be limited to use in this proceeding, and the United States is prohibited from otherwise using the privileged information disclosed by Movant's former trial and appellate counsel without further order of a court of competent jurisdiction or a written waiver by Movant.

It is **ORDERED AND ADJUDGED** that:

1. Respondent's Renewed Motion for the Court to Enter an Order Holding that the Attorney-Client Privilege has Been Waived, **ECF No. [98]**, is **GRANTED IN PART and DENIED IN PART,** consistent with this Order.

2. Respondent's request to serve Proposed First Amended Set of Interrogatories to Petitioner, ECF No. [118], is **DENIED** without prejudice.

3. Movant's Response to Respondent Amended Motion to Serve Interrogatories and Motion for Entry of Protective Order, ECF No. [122] is **GRANTED IN PART and DENIED IN PART.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 4th, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record