**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**DANIEL TROYA,**

      **Movant,**

v.                                                                          **Case No. 16-80700-CIV-BLOOM**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

**UNOPPOSED MOTION FOR LEAVE TO ISSUE SUBPOENA *DUCES TECUM***
**AND MEMORANDUM IN SUPPORT**

Daniel A. Troya, through undersigned counsel, moves this Court to grant leave to issue a subpoena *duces tecum* to South Miami Neurology, LLC. This discovery request is pursuant to the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution and governed by Rule 6 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* (hereinafter Habeas Rule 6) and Fed.R.Civ.P. Rule 45. In support of this motion, Mr. Troya states the following:

1.     Mr. Troya previously filed his Motion for Leave to Conduct Discovery and Memorandum in Support. Doc. 34. After briefing and a hearing, this Court issued an Omnibus Discovery Order. Doc. 124. The Court granted in part and denied in part numerous discovery requests made by Mr. Troya. *Id.*

2.     Relevant to the motion here, the Court granted Mr. Troya's request for production in part stating in relevant part, "The Request for Production is limited to documents regarding mental health mitigation evidence reviewed or analyzed by a mental health expert which is contained in either the expert's file or the Assistant United States Attorney's (past, present, or firewalled) files." *Id*. at 37.

1

3.      In response to the Discovery Order, the Government informed Mr. Troya that there are certain documents and digital media that are in the possession of South Miami Neurology, LLC, 6200 Sunset Drive, Suite 305, South Miami, FL 33143. The Government also informed the undersigned that they do no object to the issuance of a Rule 45 subpoena *duces tecum* for the responsive documents in possession of South Miami Neurology.

4.      The Government provided a summary of the responsive material they viewed at South Miami Neurology and provided the following description:

> 8" x 11" double-pronged green medical file folder with name Troya at bottom.
> > Left side of file:
> >
> > 1. 3/24/09 bill from Lopez to AUSA John Kastrenakes
> >
> > > a. Typed notations: 3/24 3 hours; review of records & conference, $1,500
> >
> > 2. 3/13/09 fax cover sheet from John Kastrenakes, with note of 30 pp. of enclosures
> >
> > > a. Attachments:
> > >
> > > > i. 3/11/09 letter to James Eisenberg from Dr. Harry Krop (4 pp.);
> > > >
> > > > ii. 1/29/09 letter to James Eisenberg from Dr. Harry Krop;
> > > >
> > > > iii. Curriculum vitae of Dr. Harry Wu (23 pp.);
> > > >
> > > > iv. 1 page of PET scan narrative by Dr. Harry Wu;
> > > >
> > > > v. 3 color photocopies of PET scan from different angles:
> > > >
> > > > > 1. Coronal view;
> > > > >
> > > > > 2. Sagittal view;

2

3. Transaxial view

Right side of file:

1. Binder clip of AUSA Carlton letter to South Miami dated 2/22/2017;

    a. Attachments (not Carlton's sent to South Miami):

        i. Kastrenakes fax of 3/11/09 with same attachments described above;

2. 2nd binder clipped documents:

    a. Attachments:

        i. telephone note with handwritten notes of Kastrenakes tel. nos. 561-906-0823 and 561 655-1261;

        ii. 5/12/09 bill of Dr. Ray Lopez to AUSA Kastrenakes, listing 3/18/09 review of records, 2 hours, $1,000; and 3/20/09 conference 1 hour, $500;

        iii. 3/13/09 letter from USA() Miami, Kevin Santos, contract officer, enclosing contract for services:

            1. Form USA 47A Contract order #9W-USA-040149;

            2. Kastrenakes'-signed Request for Services with USA-47, dated 3/13/09 — 4/30/09, contract amount $15,000;

            3. Attachment 2: Statement for Work, . . . "expert needed to evaluate the defense medical reports, review the defendant's PET scan and other brain imaging data, assist the government in cross-examination of defense experts and be prepared to testify in rebuttal, if necessary" (4 pp.)

3

3. Green-binder clipped documents (inside the file folder):

a. Attachments:

i. "Chpt. 6: Criminal Behavior & Brain Imaging Techno-Science" (pp. 67-70; handwritten notation on back of last page: "hit. Library of Ethics, Law and the New Medicine 2004;

ii. 2 blank pages of pre-typed form for notes:

Typewritten form heading at top: "Neuroscience Consultants, LLC"

--Handwritten Note—

Bottom of form, typewritten language:

"Name _____: Date _____:"

Typewritten /s/ at bottom right, "Dr. Ray Lopez"

[*A USA note: the forms are blank with no handwriting*].

## MEMORANDUM OF LAW

**I.     Law Governing Discovery**

**A.     Introduction**

Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts gives this Court express authority to order discovery:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . .

Rule 6(a) incorporates the United States Supreme Court's directive that a federal habeas corpus petitioner is "'entitled to careful consideration and plenary processing of [his claims,] including full opportunity for presentation of the relevant facts.'" *Harris v. Nelson*, 394 U.S. 286, 298 (1969);

*see also Blackledge v. Allison*, 431 U.S. 63, 82-83 (1977); *Cf.* Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Note to Rule 6 ("Subdivision (a) is consistent with *Harris v. Nelson*").[1]

### B.      Good Cause

This Court may grant movants, such as Daniel Troya, leave to conduct discovery when "good cause" for doing so is shown. Under guiding principles of the United States Supreme Court, such "good cause" for discovery in habeas proceedings is established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997). *See also Holley v. Smith*, 792 F.2d 1046 (11th Cir.1986)(the rules governing discovery in ordinary civil cases are applicable to petitions for the writ of habeas corpus to the extent authorized by the court for good cause shown). Here, the Court has previously determined the requested documents are relevant and good cause exists to order their production. The requested subpoena *duces tecum* will serve to effectuate compliance with that order. Doc. 124 at 37.

### C.      Rule 45

Rule 45 allows issuance of subpoena duces tecum to command that, "documents, electronically stored information, or tangible things, or to permit the inspection of premises . . ." Mr. Troya specifically moves this Court to allow such a subpoena to issue.

**WHEREFORE**, for the foregoing reasons, Mr. Troya respectfully requests the Court grant his request for the issuance of a subpoena *duces tecum* for the above-described material and any and all related documents or digital media in the possession of South Miami Neurology, LLC.

---

[1] The Advisory Committee Notes to the Rules Governing Section 2254 Cases in the United States District Courts are "fully applicable to discovery under [the analogous Rule] for Section 2255 motions." Advisory Committee Notes to Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts.

**Respectfully Submitted**,

| | |
|---|---|
| */s/ Steven H. Malone* | */s/ D. Todd Doss* |
| STEVEN H. MALONE | D. TODD DOSS |
| Steven H. Malone, P.A. | Assistant Federal Defender |
| 1217 South Flagler Drive | Federal Defender's Office, MDFL |
| Second Floor | 201 South Orange Ave., Ste. 300 |
| West Palm Beach, FL 33401 | Orlando, FL 32801 |
| Tele: 561-805-5805 | Tele: 407-648-6338 |
| Email: stevenhmalone@bellsouth.net | Email: todd_doss@fd.org |
| Florida Bar No. 305545 | Florida Bar No. 0810384 |
| *Counsel for Daniel A. Troya* | *Counsel for Daniel A. Troya* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case, either via transmission of the Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ *Steven H. Malone*
STEVEN H. MALONE

/s/ *D. Todd Doss*
D. TODD DOSS

6