# APPENDIX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80700-CV-BLOOM
(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))

DANIEL A. TROYA,
       Movant,

vs.

UNITED STATES OF AMERICA,
       Respondent.
_____/

## RESPONDENT'S RESPONSES TO MOVANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Respondent, United States of America, by and through its undersigned Assistant United States Attorney, and hereby provides its responses to Movant's First Request for Production of Documents.

**Request for Production No. 1:** "Documents regarding mental health mitigation evidence reviewed or analyzed by a mental health expert which is contained in either the mental health expert's file or the Assitant United States Attorneys (past, present or firewalled) files."

**Response:** All documents known to exist regarding Troya mental health mitigation evidence are being produced. In general these documents include:

(a) notes of examination by Drs. Harry Krop and Michael Mahre produced to the government in reciprocal discovery antecedent to the penalty phase of the criminal trial;

(b) Notes of examination and testing, including reports, done by Dr. Michael Brannon in anticipation of a rebuttal penalty phase presentation during the criminal trial; no such

presentation was made during the trial however, because Troya trial counsel did not put on any mental health evidence through Drs. Krop, Maher, or Wu;

(c) Notes of cross examination consultation sent by Dr. Sherrie Bourg Carter in 2009, who was retained to assist in cross examination of defense mental health mitigation experts during the penalty phase only; some of these notes relate to Troya witnessing the school shooting of Jean Kamal;

(d) School shooting records from Palm Beach County School district (Jean Kamal incident);

(e) Medical records of State, local and federal law enforcement medical authorities while Troya was in custody;

(f) Prison incident reports pertaining to Troya from State, local and/or federal law enforcement detention facilities;

(g) Records produced in reciprocal discovery by defense expert Dr. Mark Cunningham.

(h) Additional documentary and digital records relating to Troya mental health evidence are in the custody of Dr. Ray Lopez, a better description of those records is contained in a letter to defense counsel sent under separate cover;

(i) These are all of the documentary records responsive to the request. Please note that the documentary records of former Assistant United States Attorney John S. Kastrenakes related to this criminal prosecution were retained and reside at the Office of the United States Attorney, 500 S. Australian Ave., West Palm Beach, FL; said records are interspersed with the files maintained by the undersigned. Both sets of records and file folders are contained within the boxes relating to the criminal prosecution in *USA v. Danny Varela, et al., [aka Daniel Troya & Ricardo Sanchez]* Case No. 06-80171-Cr-Hurley. Former Assistant United States Attorney Jaqueline Arango was assigned solely

to assist in matters relating to accessing the defendant while he was confined to solitary confinement in Miami under Special Administrative Measures imposed by the Attorney General. She maintained no records on this assignment which ended in 2009.

(j) Definitions: your production request seeks all "documents" in our possession, and your definitional preamble extends descriptor to "communications", including electronic mails. Other than the limited e-mails that were found printed out and contained within the Kastrenakes-created trial folders, we do not have any other electronic mails at this time. The United States Attorney's Office for the Southern District of Florida adheres to the U.S. Department of Justice's policy regarding the retention of records. The policy which was instituted in 2005 required that e-mails be archived for a period of 3 years. This policy applies equally to all Assistant United States Attorneys (AUSAs), regardless of whether they remain with the office or subsequently leave the employment of the United States. In either instance, an individual's sent and received e-mails are automatically archived for a period of three years, after which they are permanently deleted. The data pertaining to an AUSA, which is ordinarily retained on a server during the tenure of that AUSA's employment, including any e-mails manually saved, is deleted following separation from employment and kept in the form of back-ups for a period of six months, in the regular course of backing up the Office's servers. After such time, the data pertaining to the former AUSA is completely and irretrievably deleted. We have caused a review to be made for electronic mails in this case dating back to the period October 2016 through the trial completion, April, 2009, and have been advised that any previously existing e-mails during that time period no longer exist. Certain e-mails between DOJ Trial Attorney Richard Burns and AUSA Kastrenakes from 2009 were preserved in

Washington, D.C., but none of the content of those e-mails relate to mental health evidence "reviewed or analyzed by a mental health expert".   To the extent such documents exist, they would be protected by the attorney work product privilege inasmuch as they relate to preparation for anticipated cross examination of defense mental health experts.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:   /s Stephen Carlton
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Stephen Carlton*

Stephen Carlton
Assistant United States Attorney

## SERVICE LIST

**Daniel Troya v. United States**
**Case No. 16-80700-CV-SCOLA**
**United States District Court, Southern District of Florida**

**Stephen Carlton**
**Stephanie Evans**
Assistant U.S. Attorneys
Stephen.Carlton@usdoj.gov
Stephanie.D.Evans@usa.doj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
**Attorney for United States**
[Service via CM/ECF]


**Steven H. Malone**
1217 South Flagler Drive
Second Floor
West Palm Beach, FL 33401
Phone:  (561) 805-5805
stevenhmalone@bellsouth.net
[Service via CM/ECF]


**D. Todd Doss**
Federal Defender's Office, MDFL
201 South Orange Ave., Ste. 300
Orlando, FL 32801
Phone:  (407) 648-6338
stevenhmalone@bellsouth.net
[Service via CM/ECF]



**U.S. Department of Justice**

United States Attorney
Southern District of Florida

*500 S. Australian Avenue, Suite 400*
*West Palm Beach, FL 33401*
*(561) 820-8711 - Telephone*
*(561) 820-8777 - Facsimile*

August 11, 2017

STEVEN H. MALONE
Steven H. Malone, P.A.
1217 South Flagler Drive
West Palm Beach, FL 33401

D. TODD DOSS
Assistant Federal Defender
Federal Defender's Office,
Second Floor,
201 South Orange Ave., Ste. 300
Orlando, FL 32801

Re: Daniel Troya

Gentlemen:

Enclosed please find our Response to Movant's First Set of Requests for Production. In addition to this filed response, I reiterate a summary of my conversation with Mr. Doss from yesterday. Certain documents and digital media relating to the Troya PET scan are not in the government's possession.

The documents are located at South Miami Neurology, LLC, 6200 Sunset Drive, Suite 305, South Miami, FL 33143. My contact at that location has been Ms. Susan Mehle (Sue Mehle smehle@fcneurology.net). Her contact information is: 305-665-6501. She is the administrator. As discussed, the United States has no objection to the issuance of a Rule 45 subpoena compelling the production of these responsive records from that office. You are authorized to represent our consent to the Court. Attached behind this letter is a summary of the records that we believe are in the file at that office; we believe all of them would be responsive to the allowed discovery demand.

Should you have any questions please contact me to discuss. I affirm I will be out of the United States between August 15-29, 2017, and not available during that time period. Thank you.

Sincerely

By: */s Steve Carlton*

STEVE CARLTON
Assistant United States Attorney