**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**DANIEL TROYA,**

       **Movant,**

**v.**                                               **Case No. 16-80700-CIV-BLOOM**

**UNITED STATES OF AMERICA,**

       **Respondent.**

_____/

**PETITIONER'S UNOPPOSED REQUEST TO EXTEND THE TIME TO AMEND THE
2255 PETITION PENDING THE OUTCOME OF FREEDOM OF INFORMATION ACT
LITIGATION**

Daniel Troya, Petitioner herein, asks this Court to, extend the time to amend his Section

2255 petition until the resolution of a Freedom of Information Act ("FOIA") lawsuit for disclosure

from the Drug Enforcement Administration and the Department of Justice documents relevant to

this post-conviction proceeding. Mr. Troya seeks this extension  to ensure his ability to fully and

fairly litigate his Amended Motion to Vacate, Set Aside, or Correct Sentence, brought pursuant to

28 U.S.C. § 2255, and to promote judicial efficiency in these proceedings. Doc. 25. Without this

extension, his rights will be compromised. The Government, by contrast, will suffer no

irremediable prejudice as a result of such an extension being granted. Indeed, the undersigned have

conferred with counsel for the Government about this matter, and they have indicated they do not

oppose the requested extension, although in doing so, it does not endorse the particular

characterizations or arguments made in this motion and the supporting memorandum.

In a prior request for discovery, the defense sought this Court's order requiring the

Government to release the documents the agencies declined to release, or redacted, in response to

the FOIA requests made by the defense. Doc 34 at 19. The request was an attempt to expedite the

FOIA process and achieve a full and fair disclosure of documents. This Court denied Mr. Troya's

1

discovery request to convert his FOIA request into a subpoena *duces tecum* under Rule 6 finding that Mr. Troya had not yet provided enough information to demonstrate the requisite good cause. Doc. 124 at 46.

As a result, the defense has continued to appeal denials and redactions of FOIA requests as described in detail below. Mr. Troya has vigorously pursued documents from the Drug Enforcement Agency (DEA) in relation to his case. The following actions have been taken in that pursuit:

1.      On April 8, 2015, Judge Daniel T.K. Hurley, U.S. District Court Judge for the Southern District of Florida, appointed CJA counsel, Steven H. Malone, and Assistant Federal Defender D. Todd Doss from the Office of the Federal Defender for the Middle District of Florida (The undersigned's office) to represent Daniel Troya, an indigent capital defendant, in his federal post-conviction proceedings under 28 U.S.C. § 2255.

2.      An initial FOIA request for documents was sent via e-mail to the DEA on June 15, 2015, seeking disclosure of documents related to Mr. Troya's federal criminal case and prosecution. A hard copy of the amended request was mailed Federal Express Standard Overnight on June 22, 2015. The requested documents included:

> (1) all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924U), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(l I), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S . District Court for the Southern District of Florida;

(2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586 l(d) and 5871 , in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j)), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(l l), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

The undersigned requested expedited processing of the FOIA request.

3

3.      On July 1, 2015, the undersigned received a letter from the DEA stamped June 25, 2015, acknowledging receipt of the FOIA request by the DEA for processing, that a case number of 15-00465-P was assigned to the request, and that the case was determined to involve "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The letter further stated that DEA was searching for records responsive to the request and would inform the undersigned of the results.

4.      On June 30, 2015, the undersigned received a letter from the DEA stamped June 25, 2015.  On July 7, 2015, the undersigned received a letter from the DEA stamped June 29, 2015, and a letter stamped June 30, 2015. These letters stated that records responsive to the request appeared to be in Miami and that the request for expedited processing had been granted. Further correspondence would be provided once the records had been retrieved.

5.      On October 6, 2015, the undersigned received a letter stamped September 30, 2015. The letter stated that DEA was denying the request for information as to Mr. Troya's co-defendants. Furthermore, the letter stated that five files related to Mr. Troya had been located and that two of the files had been processed, "G8-06-0002 and GFK7-07-8001 from the Miami Field Division (MFD) – West Palm Beach Resident Office (WPBRO) and Port St. Lucie Resident Office (PSLRO). To process the additional three files would require a fee of $480.00. Of the 329 pages that were reviewed, DEA withheld 256 pages in their entirety. When considered with the textual redactions that were contained within the released documents, over 75% was withheld. Bare citations were made in an appendix as to

4

code provisions allegedly applicable to the withheld and/or redacted documents. Id. The statutory provisions cited were:

(A)    § 552 (b)(7)(C) – Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy;

(B)    § 552 (b)(7)(D) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source;

(C)    § 552 (b)(7)(E) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law:

(D)    § 552 (b)(7)(F) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to endanger the life or physical safety of an individual.

(E)    § 552a(j)(2) – Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

6.    On November 24, 2015, the undersigned instituted an administrative appeal regarding the denial of documents.

7.    On December 10, 2015, the undersigned received a letter dated December 2, 2015, acknowledging receipt of the administrative appeal, assigning the appeal a case number of AP-2016-00786, and granting expedited processing of the appeal.

8.      On December 12, 2015, the undersigned received a letter stamped December 10, 2015, advising the June 15, 2015, FOIA request was processed, payment of $480.00 was received, three additional files were processed, 10 pages were withheld and three pages were released.

9.      On December 22, 2015, the undersigned received a letter stamped December 15, 2015, acknowledging receipt of payment for processing the FOIA request.

10.     On April 21, 2016, the undersigned received a letter stamped April 14, 2016, that stated the request was being remanded to DEA for processing of fourteen pages of records that had been withheld. The remaining actions of DEA regarding the FOIA request were affirmed. Id.  On remand, the fourteen pages released were simply copies of "buy" money that had been withheld from the initial document release.

11.     In total, the DEA reviewed 369 pages. Of those 369 pages that were reviewed, 16 pages were released in full and 71 pages were released in part with substantial redactions. 282 pages were withheld entirely on the basis of various claimed FOIA exemptions.

Having exhausted administrative avenues, the defense subsequently filed a lawsuit in the United States District Court for the District of Columbia to enforce Mr. Troya's right to obtain documents related to his prosecution. *See Kowal v. United States Department of Justice & United States Drug Enforcement Administration*, 1:18-cv-938. Given the weakness of the exemptions asserted by the agencies, the lawsuit is likely to be successful, leading to the release of a trove of documents not previously available to Mr. Troya.

Mr. Troya has also requested documents from the FBI and ATF, and the following actions have been taken in that pursuit:

1.      The undersigned submitted a FOIA request for documents via e-mail to the FBI on June 22, 2015, seeking disclosure of documents related to Mr. Troya's federal criminal case and prosecution. The requested documents included, in relevant part:

> ( 1) all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of (    3) Daniel Troya (a/k/a "Homer"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§    841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c),  and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§    3592(c)(5),   3592(c)(8),   3592(c)(9),   3592(c)(11),   and 3592(c)(16), in        criminal case number 9:06-Cr-80171 in the U.S . District Court for the     Southern District of Florida;

> (2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586l(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

> (3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(11), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

> (4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing,

7

incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

The undersigned requested expedited processing of the FOIA request.

2. On June 22, 2015, the undersigned received an email acknowledging receipt of the FOIA request by the FBI for processing.

3. The undersigned received a letter from the FBI dated June 30, 2015, and post marked July 2, 2015, acknowledging receipt of the FOIA request by the FBI for processing, and stating that a case number of 1331620-000 was assigned to the undersigned's request. The letter further stated that the undersigned would not be charged for any portion of FOIA processing fees.

4. On December 7, 2015, the undersigned received a letter from the FBI dated November 30, 2015. The letter stated that the FBI was denying the request for information as to Mr. Troya's co-defendants as well as withholding third party information, including the names of FBI employees and specific law

8

enforcement codes, techniques, and procedures. Of the 416 pages that were identified as responsive to the undersigned's FOIA requests and reviewed, the FBI released 134 pages in full, 83 pages were referred to another government agency (OGA), specifically to the DEA, 58 pages were withheld in part, and 141 pages were withheld in their entirety. When considered with the textual redactions that were contained within the released documents, approximately 68% of the documents that were identified by the FBI as responsive to the undersigned's FOIA requests were withheld in full or in part. Bare citations were made in an appendix as to code provisions allegedly applicable to the withheld and/or redacted documents. Id. The statutory provisions cited were:

> (A)    § 552 (b)(7)(C) – Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonable be expected to constitute an unwarranted invasion of personal privacy;
>
> (B)    § 552 (b)(7)(D) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source;
>
> (C)    § 552 (b)(7)(E) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law:
>
> (D)    § 552 (b)(7)(F) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information

could reasonable be expected to endanger the life or physical safety of an individual.

(E) § 552a(j)(2) – Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

5.     The undersigned received a letter post marked February 3, 2016, and date stamped February 2, 2016, from the DEA.  The letter advised that the DEA had completed its review of 83 referred pages pursuant to the FOIA request to the FBI. The letter further stated that out of the 83 reviewed pages, 68 pages had been previously processed and released to the undersigned.

6.     On November 22, 2016, the undersigned received a supplemental response dated November 17, 2016, from the FBI.  The letter stated that the FBI had consulted with another agency concerning the initial FOIA request, specifically the DEA. The letter stated that a portion of that information had been returned to the FBI. The letter further stated that 15 pages were reviewed and 15 pages were being released.  Out of the 15 pages released by the FBI, 12 pages were released in part, and 3 pages were withheld in their entirety based upon deletions were made by DEA.  The letter also advised that any appeal should be submitted directly to the DEA.

7.     The undersigned submitted a second FOIA request for documents to the FBI on August 17, 2017, seeking disclosure of documents related to Mr. Troya's federal criminal case and prosecution. The undersigned requested the following records:

(1) all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"),

DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586l(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c) and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

( 4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

The undersigned requested expedited processing of the FOIA request.

8.      The undersigned also submitted a FOIA request for documents via e-mail to the ATF on August 17, 2017, seeking disclosure of documents related to Mr. Troya's federal criminal case and prosecution. The requested documents included, in relevant part:

( 1) all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§ 3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S . District Court for the Southern District of Florida;

(2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586l(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j)), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and §§

3592(c)(5), 3592(c)(8), 3592(c)(9), 3592(c)(11), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

( 4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

The undersigned requested expedited processing of the FOIA request.

9.      On August 25, 2017, the undersigned received a letter from the ATF stamped August 17, 2017, acknowledging receipt of the FOIA request by the ATF for processing, and stating that a case number of 2017-1023 was assigned to the undersigned's request. The letter further stated that the undersigned would not be charged for any portion of FOIA processing fees.

10.      On August 29, 2017, the undersigned received a letter from the FBI dated August 23, 2017, acknowledging receipt of the undersigned's August 17th FOIA request  to the FBI, and stating that based on the information provided, the

13

undersigned's request was routed to the ATF for processing. The letter further stated that a case number of 1382881-0 was assigned to the undersigned's FOIA request.

11. On February 28, 2018, the undersigned submitted a follow up FOIA request inquiring as to when the ATF would be producing the records sought.

12. On March 1, 2018, the undersigned received a response from the ATF via email advising there was a serious backlog of FOIA requests. The email response further stated that the DEA specialist would try to get the request to the reviewer the following week.

13. On April 13, 2018, the undersigned sent an email to ATF inquiring as to the status of the undersigned's FOIA request. That same day the undersigned, received an email response from the ATF advising that the ATF was finishing up retrieving records and that the documents would be sent to another department for review. The email further stated that the undersigned would be contacted when the records were released.

14. On May 8, 2018, the undersigned received a letter from the ATF stamped May 4, 2018. The letter stated that the ATF was denying the request for information as to Mr. Troya's co-defendants as well as withholding third party information, including the names of ATF employees and specific law enforcement codes, techniques, and procedures. Of the 467 pages that were identified as responsive to the undersigned's FOIA requests and reviewed, the ATF released 61 pages in full, 212 pages in part, and withheld 194 pages in their entirety. When considered with the textual redactions that were contained within the released

documents, approximately 87% of the documents that were identified by the ATF as responsive to the undersigned's FOIA requests were withheld in full or in part. Bare citations were made in an appendix as to code provisions allegedly applicable to the withheld and/or redacted documents. Id. The statutory provisions cited were:

(A)   § 552 (b)(7)(C) – Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonable be expected to constitute an unwarranted invasion of personal privacy;

(B)   § 552 (b)(7)(D) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source;

(C)   § 552 (b)(7)(E) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law:

(D)   § 552 (b)(7)(F) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonable be expected to endanger the life or physical safety of an individual.

(E)   § 552a(j)(2) – Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

15.   On May 15, 2018, the undersigned instituted an administrative appeal regarding the denial of documents by ATF in FOIA case number 2017-1023.

16.     On May 22, 2018, the undersigned submitted a separate FOIA request to the ATF seeking disclosure of documents related to the FBI's FOIA referral. The ATF had never specifically responded to the FBI request that was re-routed. The requested documents included, in relevant part:

( 1) any and all files, records, etc., in the possession of the ATF, or in the possession of the Department of Justice related to FBI's referral to your agency related to FOIA request number 1382881-0.

17.     On May 23, 2018, the undersigned received an email from the ATF. The email stated that the letter from the FBI dated August 23, 2017, was not a referral – the FBI routed The undersigned's FOIA request to the ATF because the ATF was the agency most likely to have the records that were responsive to the undersigned's FOIA request. The email further stated that the records were provided (ATF FOIA case number 2017-1023) to the undersigned's office on May 4, 2018.

18.     On June 25, 2018, the undersigned received a letter post marked June 19, 2018, from the DOJ Office of Information Policy informing the undersigned that the appeal was considered and that, after discussions with ATF Personnel, one page was being released in part. The remaining actions of the ATF regarding the undersigned's FOIA request were affirmed.

19.     On July 27, 2018, the undersigned sent a follow-up request to the FBI for a final written determination regarding the FOIA request sent on August 17, 2017. See ¶7 *infra*. A final determination has not been received and is necessary to administratively appeal the denial of records.

16

20.     Once a final determination is provided Mr. Troya will file his administrative appeal and, if necessary, file a FOIA lawsuit in pursuit of those records.

In addition, by way of a belated pleading filed by the Government, Mr. Troya has only recently learned the United States Attorney's Office improperly destroyed potentially thousands of emails, documents and other communications relevant to this case. Docs 137 & 137-1. This month Mr. Troya has obtained separate, pro bono counsel to pursue against the appropriate agencies his rights and interests protected by the Federal Records Act, 44 U.S.C. §§ 2101 *et seq.*, §§ 2901 *et seq.*, §§ 3101 *et seq.*, 3301 *et seq.*, and, as needed, the Administrative Procedure Act, 5 U.S.C. chs. 5, 7; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

The Government has authorized the undersigned to indicate that it does not oppose the extension requested, although in doing so, it does not endorse the particular characterizations or arguments made in this motion and the supporting memorandum.

## MEMORANDUM OF LAW

### I.     AN EXTENSION IS NECESSARY TO ENSURE MR. TROYA'S ABILITY TO FULLY AND FAIRLY DEVELOP HIS CLAIMS.

As this Court is aware, capital § 2255 proceedings represent the first and usually only opportunity for a federal prisoner to assert postconviction challenges to the constitutionality of his or her conviction and sentence. Unlike 28 U.S.C. § 2254 capital cases that arise from state prosecutions, a § 2255 litigant has had no prior opportunity to develop or investigate the factual bases for his claims, a process which often is conducted over the course of several years in a state forum. In contrast, in cases brought pursuant to § 2255, all postconviction fact development occurs in the federal forum. Initial § 2255 motions must be filed within a strict one-year statute of

limitations that begins running as of the date *certiorari* from direct appeal is denied, a time period during which newly-appointed counsel for the movant must begin to learn the record and develop claims through preliminary investigation. Because of this shorter timeline, federal capital litigants must routinely still conduct investigation, pursue informal discovery, and develop the factual bases for claims well after the initial § 2255 motion has already been filed.

Undersigned counsel diligently pursued all potential grounds for relief prior to filing Mr. Troya's § 2255 motion. In addition to collecting public records and conducting wide-ranging investigation, undersigned counsel requested relevant Government documents pursuant to the Freedom of Information Act (FOIA) from agencies such as the United States Attorney's Office and DEA.  Counsel made these requests shortly after their appointment to the case and more than ten months before the § 2255 Motion was filed. Mr. Troya believed these documents were critical to his case.

The DOJ, DEA and other agencies heavily redacted or declined to produce many of the requested documents, however, and Mr. Troya has been engaged now for over two years in filing administrative appeals to obtain them. Although some of these were partially successful (including his effort to obtain the expedited review to which he was entitled) most of these records still have not been released. Of the thousands of documents initially deemed responsive to his request, well over half were withheld in their entirety on the basis of various claimed FOIA exemptions. Of the thousands of documents that have been released to Mr. Troya, nearly all have been redacted, some so heavily as to make them unintelligible and thus of no use in to him in these proceedings.

The defense only recently learned of the policy of the United States Attorney's Office to destroy documents within three years. This policy conflicts with the requirements of the National Archive, and counsel is preparing to challenge it in a separate lawsuit.

In his § 2255 motion Mr. Troya asserts a number of claims of constitutional error including, *inter alia*, claims of ineffective assistance of counsel, *Brady*, prosecutorial misconduct, juror misconduct, and other issues. Because he bears the burden of proof throughout these proceedings—to establish both the need for discovery and ultimately his right to habeas relief—Mr. Troya requires the opportunity to develop facts through both formal and informal processes. As this Court recognized in the discovery scheduling order entered after the § 2255 motion was filed, the most orderly process would be to conduct as much voluntary and informal discovery as possible before seeking renewed authority from this Court. Unfortunately, the Government's processing of Mr. Troya's FOIA requests has not been swift and has unnecessarily delayed this process.

In light of this, and of the highly questionable nature of the claimed exemptions and redactions,[1]   a FOIA lawsuit has been filed on behalf of Mr. Troya in the United States District Court for the District of Columbia, as described above. The complaint challenges the exemptions on which the DEA and Department of Justice has based its extensive redactions, requests reversal of the decision to withhold thousands of documents altogether, and alleges that the DEA and DOJ failed to undertake adequate efforts to locate documents relevant to his request. Other FOIA

---

[1] The exemption for law enforcement protects from disclosure only such records or information that, "(A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source … (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or(F) could reasonably be expected to endanger the life or physical safety of any individual." None of the exemptions apply in this case.

https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption7_0.pdf.

litigation is to be filed shortly, including challenges to the Government's destruction of documents in violation of the Federal Records Act, 44 U.S.C. §§ 2101 *et seq.*

Having access to the full array of records to which Mr. Troya is legally entitled pursuant to FOIA, before his § 2255 Motion proceeds further, is critical to the fair and efficient prosecution of this litigation. It is Mr. Troya who bears the burden of asserting all claims for relief and then proving them. He has reason to believe that the information the DEA and DOJ are withholding may support the allegations of error before this Court as well as potentially other bases for relief.

## II.     DENYING MR. TROYA'S REQUEST FOR AN EXTENSION WOULD FRUSTRATE THE AIM OF DISCOVERY AND THE PURPOSE OF THE FOIA STATUTE.

Mr. Troya has requested documents through FOIA which he believes will both support his requests for discovery and provide proof for his post-conviction claims. These documents are in the possession of the United States Department of Justice, Mr. Troya's party-opponent in his § 2255 litigation. Mr. Troya has filed a FOIA lawsuit because he believes that the Government, through the DOJ, is improperly refusing to disclose the requested information. At the same time, the Government is arguing before this Court that Mr. Troya has failed to meet the "good cause" standard Habeas Rule 6 requires for discovery and asserting that he is on a "fishing expedition" because he has not shown the likelihood that the information he seeks in discovery actually exists. *See United States' Response to Movant's Motion for Discovery*, Doc. 99 at 5

As the federal court in *Han v. Food & Nutrition Serv. of U.S. Dep't of Agric.*, 580 F. Supp. 1564, 1568 (D.N.J. 1984) held, such a contradictory position that essentially whipsaws a party in litigation is not tenable. In *Han*, the Government refused to disclose the names of potential witnesses in response to a FOIA request and contemporaneously moved for summary judgment arguing that the plaintiff could establish no genuine issue of material fact. The Court rejected the

Government's approach, calling it "singularly inappropriate" to refuse to disclose the relevant information and then use that refusal as support for denying factual development:

> This is particularly true in the present case where, instead of using the FOIA exemptions as a shield, defendant employs them as a sword by asking this Court to deem material facts admitted under its Requests for Admissions because of plaintiff's inability to respond to them due to the non-disclosure of the identities of those investigative witnesses. In this Court's view, defendant's insistence upon non-disclosure under the FOIA exemptions precludes the development of such a record as would permit this Court to consider this matter on summary judgment.

*Han v. Food & Nutrition Serv. of U.S. Dep't of Agric.,* 580 F. Supp. 1564, 1568 (D.N.J. 1984). Another federal court, in the context of a habeas proceeding, similarly refused to allow the Government to argue for dismissal based on the absence of information that the Government itself was failing to disclose via FOIA. In *Rice v. Black*, 112 F.R.D. 620, 626 (D. Neb. 1986), the court, in a § 2254 proceeding, approvingly cited the Han court's decision refusing to "allow the government to prevail on its motion by offensively employing a disclosure act to keep plaintiff unaware of the issues of material fact" and noting that "petitioner's case presents a similar situation in that the very evidence necessary to prove unconstitutional conduct on the part of the government is in the hands of the government."[2] The *Rice* Court subsequently granted the petitioner's requested discovery.

As in *Han* and *Rice*, Mr. Troya finds himself in an untenable position. The DOJ's and DEA's refusal to disclose relevant information to which Mr. Troya is entitled precludes him from

---

[2] The *Rice* court ultimately decided that a stay was unnecessary because should the petitioner receive further relevant information in his FOIA litigation "after his habeas action has been concluded…the petitioner would be able to return yet another time to this court for habeas relief." Id. at 627 (citations omitted). The *Rice* decision was prior to the enactment of the AEDPA with its timeliness provisions and successor bars: under current law Mr. Troya cannot simply file another § 2255 motion at a later date. This is another reason that a stay is the appropriate remedy in his case.

fully developing the record before this Court. Yet the same Government, through the United States Attorney, has urged this Court to reject his discovery requests because he has allegedly failed to marshal sufficient proof.

Staying the post-conviction litigation until the FOIA litigation is resolved will help ensure both fairness and judicial efficiency in these capital § 2255 proceedings. The Government would suffer no irreparable harm from such a stay; on the other hand, Mr. Troya's ability to establish the constitutional violations he has alleged would be frustrated if he is denied access to the full array of DOJ documents to which he is entitled under law and which have already proved relevant to his claims. Such a procedure has been endorsed by federal courts in post-conviction cases. *See e.g. Brown v. Rogers*, No. 1:99CV549, 2017 WL 1134374, at *1 (S.D. Ohio Mar. 27, 2017) ("On July 7, 2002, the Court granted Petitioner's motion to hold the proceedings in abeyance while she pursued, pursuant to the Freedom of Information Act (FOIA), documents and other evidence in the possession of the FBI that Petitioner argued contained exculpatory or other favorable evidence bearing upon this case. (Doc. # 30.)") Two federal courts, in capital § 2255 proceedings, have also endorsed this procedure. *See Lawrence v. United States*, No. 2:05-cv-00011 (S.D. Ohio July 14, 2017), Doc # 371 (ordering § 2255 proceedings stayed pending resolution of FOIA lawsuit, including exhaustion of all appeals); *United States v. Corley,* No. 3:02-cr-00116 (N.D. Ind.) (granting multiple consecutive extensions of time, primarily due to ongoing FOIA litigation).

Moreover, the Government will not be prejudiced should this Court impose a temporary stay, pending the outcome of the FOIA lawsuit. These FOIA lawsuits are almost always decided on the basis of summary judgment motions.[3] There is no reason to believe this lawsuit will proceed

---

[3] *See Department of Justice Guide to the Freedom of Information Act: Litigation Considerations* (Nov. 26, 2013) at 104-105 ("Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved, because in FOIA cases there is rarely any factual dispute . . . only dispute

any differently. Nor does a limited time delay unduly burden the Government, especially when the delay is to obtain information central to the case.[4]

It should also be noted that in capital cases, delay is regularly attributable to the need to send back or relitigate cases where a defendant was denied process during the initial proceedings. As noted earlier, unlike in § 2254 cases, this is Mr. Troya's initial post-conviction proceeding. By contrast, it could severely prejudice Mr. Troya were he forced to continue litigating his § 2255 Motion without access to this body of information which Congress has given him the right to obtain, which he has diligently pursued, and which may ultimately help prove his claims. Should the outcome of the FOIA lawsuit result in release of documents which would have further supported Mr. Troya's discovery requests, it would not only constrain his rights, but also result in avoidable inefficiencies in this Court, such as the need to re-open discovery, permit additional amendments to his § 2255 Motion, and potentially revisit other decisions about timing or the presentation of evidence.

Accordingly, Mr. Troya asks this Court to take the simpler, more efficient, and, most importantly, the appropriately fair route, and extend these § 2255 proceedings, pending the outcome of his FOIA lawsuit. Once the FOIA lawsuits are completed this Court will set a new date for submitting an amended § 2255 motion.

---

over how the law is to be applied to the documents at issue.") (internal quotation marks and footnotes omitted, ellipses in original'"") (Available online at: https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/litigationconsiderations. pdf#p104) (last visited May 21, 2018).

[4] As the Justice Department is the opposing party in the FOIA litigation it can of course help keep the case on a workable timetable.

Respectfully submitted,

/s/ Steven H. Malone                        /s/ D. Todd Doss
STEVEN H. MALONE                         D. TODD DOSS
Steven H. Malone, P.A.                    Assistant Federal Defender
707 North Flagler Drive                   Federal Defender's Office, MDFL
West Palm Beach, FL 33401                 201 South Orange Ave., Ste. 300
Tele: 561-805-5805                        Orlando, FL 32801
Email: stevenhmalone@bellsouth.net        Tele: 407-648-6338
Florida Bar No. 305545                    Email: todd_doss@fd.org
Counsel for Daniel A. Troya               Florida Bar No. 0910384
                                          Counsel for Daniel A. Troya

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case, either via transmission of the Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ Steven H. Malone
STEVEN H. MALONE


/s/ D. Todd Doss
D. TODD DOSS